UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

### Dallas Division

| | |
|---|---|
| ROBERT HOPKINS, III, | * |
| Plaintiff, | * |
| v. | *  Civil Action No. 3:22-cv-00706 (C) |
| DEPARTMENT OF DEFENSE, | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### PLAINTIFF'S MOTION TO STAY FUTURE DEADLINES

NOW COMES Plaintiff Robert Hopkins ("Hopkins") to move this Court to stay all future deadlines in this case pending resolution of his Motion for Status Conference, Dkt. #13 (filed May 9, 2023), and a forthcoming motion to compel Defendant to process his undersigned counsel for temporary access to classified information. Defendant opposes this Motion.

Hopkins has good cause to request this relief, The relevant factual history of this dispute was largely set forth in detail in Dkt. #13 and will not be repeated herein. Since filing that motion, the undersigned served Defendant with deposition notices on 12 May 2023, and Defendant filed a response to Hopkins's motion later that same day. That response contained Defendant's first formal objection to mediation, as well as Defendant's first definitive statement that it would not under any circumstances discuss the question of the undersigned's access to classified information during mediation. (Def.'s. Resp. Pl.'s Mot. Status Conf., ECF No. 13, Dkt. #14, at 4 (filed May 12, 2023) ("If Plaintiffs' counsel disagrees and believes that he should be granted a security clearance for access to classified information, then *that issue also is not appropriate for mediation*, as the granting of a security clearance for access to classified

information is within the discretion of the Executive Branch.") (emphasis added).) Now that Defendant has staked out the position that it will not negotiate this critical issue, which Hopkins expected to be a central part of the mediation, Hopkins is left with no choice but to formally move this Court to compel Defendant to begin the process, as he anticipated might be the case. (*See* Pl.'s Unopposed Mot. Stat. Conf., Dkt. #13, at 10 (filed May 9, 2023) ("Hopkins asks the Court to convene a status conference, in which he will ask not only for mediation to commence immediately, but also for an order directing Defendant to process the undersigned for an LSA to allow him to represent his client in both the mediation and the litigation (which, had Defendant agreed to enter into mediation earlier, would have been the first topic of discussion).").)

Because this briefing is expected to take some time and Defendant effectively delayed revealing its unwillingness to mediate the core issue of the Complaint until the eleventh hour, Hopkins respectfully maintains that it is infeasible to continue forward in this case without first resolving this key dispute. The undersigned needs to know if he can conduct classified discovery before the end of the discovery period. He needs to have access to all discoverable information, including any classified information if so authorized, before either party files a dispositive motion. He needs to participate in discussions regarding Defendant's censorship of Hopkins's manuscripts, which Defendant currently refuses to allow, before either party files a dispositive motion. And he needs to know the scope of mediation—and if Defendant will be required to participate—before the end of the mediation period. The Court should accordingly stay the following deadlines until it has resolved these two motions:

- 15 June 2023, 3:00 PM – Motions for summary judgment due
- 15 June 2023, 3:00 PM – Completion of mediation
- 11 September 2023, 3:00 PM – Completion of discovery

- 11 September 2023, 3:00 PM – Motions in limine due

- 2 October 2023, 9:00 AM – Trial

Defendant's counsel initially consented to this Motion, but only under the condition that it would stay the *beginning* of discovery as well, stating that "Defendants do not consent to a motion to stay if it does not include a stay of discovery." When the undersigned clarified that this Motion would only ask to stay *future* deadlines but not discovery or mediation itself, Defendant's counsel further stated, "Defendants do not agree to begin mediation while the motion to compel is pending, even if the deadline for completing mediation is stayed," which itself was yet another reversal of its position that "Defendants never stated, however, that they were unwilling to engage in mediation." (Dkt. #14 at 3.) Defendant's counsel then asked the undersigned to represent its position as follows: "Defendants oppose [the] motion and intend to file an opposition and combined cross motion to amend the scheduling order." In short, Defendant effectively agrees with Hopkins that the five deadlines listed above should be stayed, but it also wants to use this Motion to avoid its discovery and mediation obligations as well.

The Court should grant this Motion over Defendant's objection and deny its forthcoming cross-motion. It should stay the five deadlines identified above without affecting the parties respective abilities to engage in discovery and mediation.

Date:   May 18, 2023

                                               Respectfully submitted,

/s/ Kelly B. McClanahan
Kelly B. McClanahan, Esq.
N.D. Tex. Bar #984704DC
National Security Counselors
4702 Levada Terrace
Rockville, MD 20853
301-728-5908
240-681-2189 fax
Kel@NationalSecurityLaw.org

*Counsel for Plaintiff*

4