IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROBERT HOPKINS, III, <br><br> *Plaintiff*, <br><br> v. <br><br> DEPARTMENT OF DEFENSE, <br><br> *Defendant*. | No. 3:22-CV-00706-C <br><br> DECISION REQUESTED BY <br> JUNE 5, 2023 |

**DEFENDANT'S PARTIAL OPPOSITION TO PLAINTIFF'S MOTION TO STAY, OPPOSED CROSS-MOTION TO AMEND SCHEDULING ORDER, AND UNOPPOSED REQUEST FOR EXPEDITED CONSIDERATION**

**CROSS-MOTION**

Defendant opposes, in part, Plaintiff's Motion to Stay Future Deadlines (ECF No. 15) and hereby cross-moves to amend the Court's June 13, 2022 Scheduling Order (ECF No. 12). Plaintiff has moved to stay all future deadlines in the case pending a forthcoming motion to compel Defendant to process Plaintiff's counsel for access to classified information. Defendant respectfully requests that the Court stay all discovery, mediation, and other deadlines, including Defendant's deadline to respond to any motion to compel filed by Plaintiff, pending a decision by the Court on Defendant's forthcoming motion for summary judgment. As set forth below, Defendant's approach would be in accord with the usual process for resolving prepublication review challenges such as this.

In addition, because of the volume of material submitted by Plaintiff that has undergone prepublication review, and because that process is not complete in light of new materials submitted by the Plaintiff after the Complaint was filed, Defendant further requests that the Court extend the deadline for motions for summary judgment to 3:00 p.m. on Friday, August 11,

1

2023. The grounds for this motion to amend the scheduling order are set forth further below. A proposed order is submitted herewith.

Finally, because several of the deadlines in the Court's original scheduling order are impending, Defendant respectfully requests that the Court resolve this cross-motion, Plaintiff's Motion to Stay Future Deadlines (ECF No. 15), and Plaintiff's Unopposed Motion for Status Conference (ECF No. 13) by Monday, June 5. Defendant conferred with Plaintiff regarding this request, and counsel for Plaintiff represented that Plaintiff would file his opposition to Defendant's cross-motion by next Wednesday, May 31, and that Plaintiff does not oppose the request for expedited consideration. Expedited consideration of these motions is appropriate to provide clarity on the governing schedule for further proceedings.

## DISCUSSION

Defendant agrees in part to Plaintiff's request that the deadlines for the end of discovery and mediation should be stayed until the Court has decided whether Plaintiff's counsel is entitled to receive access to classified material for this case. Rather than litigate this case piecemeal, however, Defendant believes that this case should proceed along the lines of similar prepublication review matters: Defendant will file a motion for summary judgment accompanied by a classified *ex parte*, *in camera* affidavit from the agency explaining the basis for any contested redactions in the materials at issue. That orderly process, routinely adopted by courts considering a challenge to the prepublication review process, provides Plaintiff with an adequate opportunity to seek judicial review of Defendant's prepublication review decisions while also protecting the Government's interest and the public interest in maintaining the secrecy of classified materials. And, as explained below, Plaintiff's request for access to classified information is properly addressed in that summary judgment process.

The Government's prepublication review processes allow agencies to review "certain materials that [current and former employees] intend to publish" so that the agencies can "redact information that is classified or otherwise sensitive to the national security." *Edgar v. Haines*, 2 F.4th 298, 303 (4th Cir. 2021); *see generally Snepp v. United States*, 444 U.S. 507, 507 (1980) (per curiam). These processes seek to accommodate the interests of former employees while ensuring that they do not improperly reveal classified or sensitive information. "[I]t is well settled that a person's First Amendment right to freedom of speech yields to the government's 'compelling interest' in preventing the publication or dissemination of classified information." *Wilson v. McConnell*, 501 F. Supp. 2d 545, 551-52 (S.D.N.Y. 2007), *aff'd*, *Wilson v. CIA*, 586 F.3d 171, 178 (2d Cir. 2009) (citing *Snepp*, 444 U.S. at 509 n.3). Thus, "once a government employee signs an agreement not to disclose information properly classified pursuant to executive order, that employee 'simply has no first amendment right to publish' such information." *Wilson*, 586 F.3d at 183. Indeed, "even in the absence of an express agreement," the Government may protect its compelling interests "by imposing reasonable restrictions on employee activities that in other contexts might be protected by the First Amendment." *Snepp*, 444 U.S. at 510 n.3 & 511 n.6.

As a former Air Force Captain who held a Top Secret security clearance with access to Sensitive Compartmented Information ("TS/SCI clearance"), Plaintiff signed a non-disclosure agreement requiring him to participate in the prepublication process managed by the Defense Office of Prepublication and Security Review ("DOPSR"). Such former employees may seek judicial review of the Government's prepublication review decisions, challenging any redactions or revisions required by the Government before publication.

In prepublication review cases, courts have generally followed an established process for resolving disputes concerning the Government's redactions, under which the court first addresses whether the redactions at issue are properly classified based solely on summary judgment briefing and, as needed, classified, *ex parte*, *in camera* affidavits submitted by the Government. This Court should follow that process and stay all other deadlines pending summary judgment proceedings. In addition, given that this case involves seven different publications, some materials for which are still in the process of being reviewed, the Government requests that the Court extend the deadline for summary judgment to August 11, 2023.

I.  **The Court Should Stay All Deadlines in this Case Pending Summary Judgment Proceedings.**

    A.  **The Court Should Stay Consideration of Any Motion to Compel Access to Classified Information by Plaintiff's Counsel Until Summary Judgment Proceedings.**

In *Stillman v. CIA*, the D.C. Circuit set forth a framework, followed by many other courts, for judicial review of the Government's classification decisions in prepublication review cases:

> The district court should first inspect the manuscript and consider any pleadings and declarations filed by the Government, as well as any materials filed by [the plaintiff] …. The court should then determine whether it can, consistent with the protection of [the plaintiff's] first amendment rights to speak and to publish, and with the appropriate degree of deference owed to the Executive Branch concerning classification decisions, resolve the classification issue without the assistance of plaintiff's counsel.

319 F.3d 546, 548-49 (D.C. Cir. 2003). If the Court cannot assess the Government's redactions based solely on the Government's pleadings, then the Court must "consider whether its need for such assistance outweighs the concomitant intrusion upon the Government's interest in national security." *Id.* at 549. "Only then should it decide whether to enter an order granting [plaintiff's

4

counsel] access to the manuscript and, if similarly necessary, to the Government's classified pleadings and affidavits." *Id.*

Moreover, the *Stillman* framework contemplates the possibility of an immediate appeal should a court order the significant step of granting the Plaintiff's counsel access to classified information. The granting of a security clearance for access to classified information is within the discretion of the Executive Branch. *See Dep't of Navy v. Egan*, 484 U.S. 518, 528 (1988) ("It should be obvious that no one has a 'right' to a security clearance. The grant of a clearance requires an affirmative act of discretion on the part of the granting official."). The court in *Stillman* observed that "[i]f the court enters such an order, then Government may appeal," and the court of appeals would then "have to resolve the constitutional question" of whether counsel has a First Amendment right of access to classified materials. *Id*.

This approach to judicial review has been uniformly applied in prepublication review challenges. *See, e.g.*, *McGehee v. Casey*, 718 F.2d 1137, 1149 (D.C. Cir. 1983) ("We anticipate that *in camera* review of affidavits, followed if necessary by further judicial inquiry, will be the norm."); *Shaffer v. Def. Intel. Agency*, 102 F. Supp. 3d 1, 10 (D.D.C. 2015) ("a district court must first attempt to resolve a classification challenge ex parte"); *Berntsen v. CIA*, 618 F. Supp. 2d 27, 28 (D.D.C. 2009); *Boening v. CIA*, 579 F. Supp. 2d 166, 174-75 (D.D.C. 2008) ("prepublication review cases can and should begin with *ex parte* and *in camera* consideration."); *see also Wilson*, 586 F.3d at 195 ("We have reviewed defendants' unclassified submissions as well as—without objection by the parties—the classified materials provided to the court *ex parte*…."). This approach avoids the need for the Court to unnecessarily address constitutional questions concerning granting counsel access to classified information, including the potential need for an interlocutory appeal. *See Lyng v. Northwest Indian Cemetery Protective*

5

*Ass'n*, 485 U.S. 439, 445 (1988) ("A fundamental and longstanding principle of judicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them.").

In contrast, Plaintiff's proposed approach would put the cart before the horse and ask the Court to resolve the significant question of whether Plaintiff's counsel should be granted access to classified information over the Government's objection before there is any demonstrated need to even consider that issue. According to Plaintiff's counsel, he intends to "conduct classified discovery" and "participate in discussions" regarding Defendant's redactions before dispositive motions are ever filed. Motion to Stay at 2, ECF No. 15. But that is not how prepublication review cases have proceeded. Before taking the extraordinary step of deciding whether Plaintiff's counsel should be able to access classified information, which risks "intrusion upon the Government's interest in national security" and would raise significant constitutional issues subject to appeal, the Court should first attempt to assess the Government's redactions on their own terms, as in *Stillman* and similar cases.

### B.     The Court Should Also Stay Discovery Pending Summary Judgment Proceedings.

For similar reasons, Plaintiff should not be permitted to seek discovery before the Court has addressed the threshold question of whether such discovery is necessary or appropriate. Again, as explained above, prepublication review challenges typically involve review of the Government's explanation of why information at issue is classified—an issue that is not appropriate for discovery. And where the Court may be able to resolve this matter on the basis of the Government's *ex parte* submissions, Plaintiff's manuscripts, and the parties' summary judgment briefing, then discovery would be inappropriate and unnecessary.

6

Moreover, under Federal Rule of Civil Procedure 26(b)(1), parties cannot obtain discovery into "privileged" matters, and even discovery into "nonprivileged" matters is limited to subjects "relevant to any party's claim or defense and proportional to the needs of the case," considering, among other things, "the importance of the discovery in resolving the issues" and "whether the burden or the expense of the proposed discovery outweighs its likely benefit." In this case, Plaintiff would have the burden to show that discovery into classified matters is even relevant, given the "appropriate degree of deference owed to the Executive Branch concerning classification decisions" and the established process for resolving his claims. *Stillman*, 319 F.3d at 549. In addition, demands for discovery of classified matters could implicate the need to assert privilege over such information. *See United States v. Reynolds*, 345 U.S. 1 (1953). Accordingly, where there is a set framework for resolving the claims at issue here, the potentially complex and significant issues raised by Plaintiff's discovery demands should be avoided.[1]

In particular, Defendant notes that Plaintiff recently purported to notice depositions of four identified witnesses, as well as additional witnesses for DOPSR and each component or agency that reviewed each of Plaintiff's manuscripts, and a 30(b)(6) witness. *See* Motion to Stay at 1, ECF No. 15. For the reasons stated above, these depositions should be stayed until at least after the Court has determined whether it can resolve this case on summary judgment—without discovery or consideration of whether Plaintiff's counsel is entitled to a security clearance. Plaintiff's proposed deponents cannot reveal classified information to Plaintiff's counsel and

---

[1] Such an approach is also consistent with the Court's original scheduling order. By setting the deadline for motions for summary judgment before the deadline for completing discovery, the Court's order appears to contemplate deciding the motions for summary judgment before the parties engage in discovery. *See* Scheduling Order, ECF No. 12, ¶ 1.

7

questioning that may call for such information itself poses a risk of disclosure. The Court should not permit discovery until after it is presented with and considers a summary judgment motion.[2]

C.   **The Court Should Also Defer Mediation at this Time.**

While Defendant is willing to participate in mediation if the Court deems it necessary, Defendant continues to believe that mediation would not be fruitful or appropriate at this time. *See* Def.'s Resp. to Pl.'s Mot. for Status Conf. at 3-5, ECF No. 14. The central issue in this case is whether particular information in Plaintiff's draft publications is properly classified, which is one for the Court's consideration, through *ex parte* submissions as needed. Such an issue is not appropriate for discussion in a mediation setting. Nor is the question of whether Plaintiff's counsel is entitled to a security clearance suitable for mediation. *See Egan*, 484 U.S. at 528 (recognizing the Executive Branch's discretion to grant security clearances).

For all these reasons, the Court should waive or stay any mediation requirement in this case pending the resolution of Defendant's forthcoming motion for summary judgment.

II.   **The Court Should Also Extend the Deadline for Motions for Summary Judgment.**

Defendant also requests that the Court extend the deadline for motions for summary judgment to August 11, 2023. Such an extension is appropriate for two reasons.

*First*, the Complaint in this case puts at issue seven publications in all—two books and five articles (one of which has been cleared with no redactions). While Defendant has completed review of these manuscripts, Plaintiff submitted photos and captions for the two books in February 2023—nine months after the Complaint was filed. Defendant is still processing the

---

[2]   Defendant has not yet moved for a protective order with respect to the depositions sought because Plaintiff's notices are facially defective. Among other things, the notices do not list a time and place for the taking of those depositions, and the number of proposed deponents is unclear but may well exceed the presumptive ten-deposition limit provided by Rule 30. Should Plaintiff cure these defects and evince his intent to proceed with these depositions, Defendant would promptly so move. However, rather than present the Court with motions practice concerning discovery, Defendant believes that it would be more efficient to postpone these questions until the Court has reviewed summary judgment.

photo materials, including by working with other agencies to determine the extent of classified information. Such a process requires review of the specific context in the manuscript where the photos would appear. An extension of the summary judgment deadline will allow Defendant to complete the review process for those later submissions, as well as additional time to attempt to discuss any redactions with Plaintiff in order to resolve or narrow the redactions in dispute for summary judgment. The additional time requested is also necessary to complete summary judgment submissions, including to prepare an *ex parte*, *in camera* affidavit(s) explaining the basis for any outstanding redactions in dispute, which will itself require significant consultations between DOPSR and the relevant subcomponents of the Department of Defense.

*Second*, lead counsel for Defendant in this case will be going on parental leave in the middle of June. The Department of Justice has already assigned additional attorneys to this matter, but the additional time requested will allow these attorneys to familiarize themselves with the issues in this case and work with the agency to prepare its classified submission for summary judgment.

## CONCLUSION

Defendant therefore respectfully requests that the Court stay all deadlines pending decision on Defendant's forthcoming motion for summary judgment, and respectfully requests that the deadline for motions for summary judgment be extended to August 11, 2023. Defendant further respectfully requests that the Court resolve these scheduling motions by June 5, 2023.

Dated: May 24, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ANTHONY J. COPPOLINO
Deputy Branch Director

*/s/ John T. Lewis*

        JOHN T. LEWIS (TX Bar No. 24095074)
        RACHAEL WESTMORELAND (GA Bar No. 539498)
        Trial Attorneys
        U.S. Department of Justice
        Civil Division, Federal Programs Branch
        1100 L Street NW, Rm. 12002
        Washington, D.C. 20530
        Tel: (202) 353-0533
        E-mail: john.t.lewis.iii@usdoj.gov

        *Attorneys for Defendant*

## CERTIFICATE OF CONFERENCE

I hereby certify that on May 22 and 24, 2023, I conferred by email with counsel for Plaintiff concerning the relief requested in this filing. Counsel for Plaintiff indicated that he opposed the cross-motion and would file an opposition brief by next Wednesday, May 31, but that Plaintiff does not oppose the request for expedited consideration of these scheduling motions.

*/s/ John T. Lewis*
John T. Lewis

## CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2023, a copy of the foregoing was filed electronically via the Court's ECF system, which effects service upon counsel of record.

*/s/ John T. Lewis*
John T. Lewis