vea
JH

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - - x
DANNY STILLMAN,                  :
          Plaintiff,             :
     v.                          :   C.A. 01-1342
DEPARTMENT OF DEFENSE, ET AL,    :
          Defendant.             :
- - - - - - - - - - - - - - - - x

FILED
MAY - 9 2002
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Washington, D.C.
April 26, 2002
10:27 a.m.

Transcript of Motion Hearing
Before the Honorable Emmet G. Sullivan
United States District Judge

APPEARANCES:

For the Plaintiff:      MARK S. ZAID, ESQ.
                        MARK H. LYNCH, ACLU

For the Defendants:     GAIL WALKER, ESQ.
                        VINCENT M. GARVEY, ESQ.

Court Reporter:         JON HUNDLEY
                        Miller Reporting Company
                        735 Eighth Street, S.E.
                        Washington, D.C. 20003
                        (202) 546-6666

Ex. B

```
 1   And he relied on his Article II powers.  He relied
 2   on his authority as commander in chief, and
 3   President Truman was in a very tight spot in those
 4   days.
 5            But the Supreme Court said you can't do
 6   that.  Article II doesn't give you that kind of
 7   unreviewable authority.  Article II
 8   responsibilities are exercised in subordination to
 9   constitutional commands, to congressional
10   restraints.  The government here is propounding a
11   theory of separation of powers that assumes that
12   the three branches of government are separate
13   silos:  one, two, three, and they never interact.
14   If something comes with an Article II under the
15   government's submission, the court can't review it.
16   That is, with all respect, nonsense.
17            The court, in reviewing one of these
18   national security determinations, of course, gives
19   deference to the government.  I think Judge--the
20   court's opinion in McGehee explains how that
21   process works very well.
22            THE COURT:  Were you the attorney in
23   McGehee?
24            MR. LYNCH:  I wasn't the attorney in
25   McGehee, and, by the way, in McGehee the way that
```

1  worked I had access to the manuscript that was in
2  dispute. I went out to the CIA with my client, I
3  read the affidavits that the CIA filed. My client
4  and I drafted counter-affidavits. A secretary at
5  the CIA typed them up. I delivered them to
6  somebody in the General Counsel's office, and after
7  that, the lawyer got them filed with the court.
8  Our notes and everything were kept out there.
9           Another piece of history that the court
10 may be interested in, in the Progressive case, the
11 second major pre-public- --the second prior
12 restraint case after the Pentagon case, Pentagon
13 Papers case, the government there was a fellow who
14 was going to publish an article in the Progressive
15 magazine that explained how the hydrogen bomb
16 worked. At that time, that was considered to be
17 just colossally secret, and the government brought
18 an action to enjoin it.
19          The lawyers who worked on that case--I was
20 one of them-- had access to all of the affidavits
21 that were in the file by the government to support
22 the position that the
23 article should be enjoined. We certainly had
24 access to the article itself. And, interestingly,
25 the government went to enormous effort. It was the