PLAINTIFF'S EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DANNY B. STILLMAN,

    Plaintiff,

v.

DEPARTMENT OF ENERGY et al.,

    Defendants.

Civil Action No. 01-01342 (EGS)

\* \* \* \* \* \* \* \* \* \* \* \* \*

## PLAINTIFFS' FIRST REQUEST UPON DEFENDANTS' CENTRAL INTELLIGENCE AGENCY, DEFENSE INTELLIGENCE AGENCY AND DEPARTMENT OF DEFENSE FOR PRODUCTION OF DOCUMENTS

Plaintiff Danny B. Stillman, pursuant to Rule 34 of the Federal Rules of Civil Procedure, request defendants' Central Intelligence Agency, Defense Intelligence Agency and Department of Defense (collectively referred to as "defendants") to file within thirty (30) days a written response to each request listed herein in the document schedule and to produce these documents for inspection and copying at the Law Offices of Mark S. Zaid, P.C., 1275 K Street, N.W., Suite 770, Washington, D.C. 20005.

### DEFINITIONS AND INSTRUCTIONS

As used herein, the following terms shall have the meanings indicated below.

The pronoun "you" shall mean and refer to the party to whom these requests are addressed, and any and all agents, representatives, employees, and attorneys of the party to whom these requests are addressed and any businesses partially or fully owned or operated.

The term "person" shall mean and refer to any individual, partnership, joint stock company, unincorporated association or society, municipal or other corporation, the State, its agencies or political subdivisions, any court, or any other governmental entity.

The term "document" or "documents" shall mean the same as the words "writings and recordings" as defined in Rule 1001 of the Federal Rules of Evidence which provides:

Ex. C

'writings' and 'recordings' consist of letters, words, or numbers, or their equivalent, set down by handwriting, typewriting, printing, Photostatting, photographing, magnetic impulse. mechanical or electronic recording, or other form of data compilation."

"Documents" therefore includes, but is not limited to, any and all sound recordings, tape recordings, video or film recordings, electronic mail ("e-mail"), photographs, notes, note-books, indexes, memoranda, jottings, message slips, letters, telexes, telegrams, facsimile transmissions, statements, policies, manuals or binders, books, handbooks, business records, personnel records, ledgers, notices, warnings, affidavits, declarations under penalty of perjury, unsworn statements, reports, diaries or calendars, regardless of whether they are hand-written, printed, typed, mechanically or electronically recorded or reproduced on any medium capable of conveying an image, such as paper, computer discs or diskettes.

The term "document" or "documents" means the originals, or if the originals are no available, copies of the originals and all drafts and altered copies of the originals, of all notations, writings, and recordings, whether handwritten or mechanically made including, but not limited to, correspondence, communications, memoranda, records, files, summaries, agendas, minutes of meetings, telephone messages, notices, diaries, advertisements, books, articles, videotapes, financial statements, loan applications, calendars, microfilm, microfiche, and all data and information that is recorded and retained or can be read, played or displayed by computer or by any other mechanical or electrical device.

The terms "and" and "or" should be read conjunctively to bring within the scope of these requests any documents which might otherwise be outside its scope.

The term "communications" mean communications made by any means, including, but not limited to, written and oral communications.

The term "statement" means a statement made by any means, including, but not limited to, written and oral statements.

The term "defendants" refers to the Central Intelligence Agency, Defense Intelligence Agency, and the Department of Defense.

"Relating to" or" pertaining to" means having any relationship or connection to, concerning, being connected to, commenting on, responding to, containing, evidencing, showing, memorializing, describing, analyzing, reflecting, comprising, constituting, or otherwise establishing any reasonable, logical or causal connection.

If any document requested herein is withheld under a claim of privilege, for each such document withheld provide: (a) a description of the document, i.e., whether it is a letter, memorandum, report, etc.; (b) the name(s) of the author(s); (c) the name(s) of the addressee(s) and all recipients; (d) a brief description of the subject of the document; and (e) the privilege upon which you are relying on in withholding the document and a statement as to the reason why you contend that privilege is applicable to the particular document.

## DOCUMENT SCHEDULE

DOCUMENT REQUEST NO. 1.

Copies of all documents including, but not limited to, regulations, statutes, guidance or policies that govern the defendants' prepublication review requirements, process or procedures.

DOCUMENT REQUEST NO. 2.

Copies of all documents including, but not limited to, regulations, statutes, guidance or policies that pertain to the defendants' granting attorneys access to classified information.

DOCUMENT REQUEST NO. 3.

Copies of all documents including, but not limited to, regulations, statutes, guidance or policies that describe or identify the defendants' procedures or guidelines for

determining an individual's "need to know" as that term pertains to access to classified information.

Date: November 27, 2001

Respectfully submitted,

/s/

Mark S. Zaid, Esq.
Lobel, Novins & Lamont
D.C. Bar #440532
1275 K Street, N.W.
Suite 770
Washington, D.C. 20005
(202) 371-6626

Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of November 2001, a copy of the foregoing Plaintiff's First Request Upon Defendants Central Intelligence Agency, Defense Intelligence Agency and Department of Defense for Production of Documents was mailed first class, postage pre-paid, to:

> Gail Walker
> U.S. Department of Justice
> Civil Division
> 901 E Street, N.W.
> Room 1086
> Washington, D.C.  20530

Attorney For Defendants

/s/

Mark S. Zaid, Esq.

4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DANNY B. STILLMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:01CV01342 |
| ) | |
| DEPARTMENT OF ENERGY, et al., ) | Judge Emmet G. Sullivan |
| ) | |
| Defendants. ) | |

FILED
FEB 2 2 2002
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Defendants Department of Defense (DOD), Defense Intelligence Agency (DIA) and Central Intelligence Agency (CIA) hereby respond to Plaintiff's First Request for Production of Documents (served Nov. 27, 2001).

As an initial matter, defendants object to plaintiff's request to the extent it exceeds the requirements of the Federal Rules of Civil Procedure. Defendants specifically object to the request to "file" their response to plaintiff's document request; to produce documents for inspection and copying at the offices of plaintiff's attorney; and to identify and describe with the specificity requested every document withheld under a claim of privilege. All of these requests exceed the requirements of Fed.R.Civ.P. 34.

Without waiving this general objection, defendants respond to plaintiff's individual requests as follows:

### DOCUMENT REQUEST NO. 1
Copies of all documents including, but not limited to, regulations, statutes, guidance or policies that govern the defendants' prepublication review requirements, process or procedures.

### DEFENDANTS' RESPONSE

Defendants object to this request to the extent it seeks copies of published materials on

the ground that this is unduly burdensome, given that such materials are as readily available to plaintiff as defendants. Without waiving this objection, defendants hereby produce the following documents (or document excerpts) that are responsive to this request:

| Doc. No. | Description |
|---|---|
| 00001 | DoD 5105.21-M-1 ("Sensitive Compartmented Information Administrative Security Manual," Aug. 1998). See Chapter 2, Para. Q. |
| 00002 | DoD Directive 5230.9 ("Clearance of DoD Information for Public Release," Apr. 8, 1996) |
| 00003 | DoD Instruction 5230.29 ("Security and Policy Review of DoD Information for Public Release," Aug. 6, 1999) |
| 00004 | DIA Regulation 50-2 ("Information Security Program," July 15, 1993), Chapter 10 |
| 00005 | DIA Regulation 12-2 ("Coordination of DIA Information for Public Release," Sept. 12, 1997) |
| 00006 | DCI Directive 1/19 ("Security Policy for Sensitive Compartmented Information and Security Policy Manual," Mar. 1, 1995). See Section 2, Para. 2.8.2. |
| 00007 | CIA Regulation ("Agency Review of Material Intended for Nonofficial Publication," Mar. 14, 1995) *(non-responsive information and information protected from disclosure by the CIA Act of 1949 has been redacted)* |

**DOCUMENT REQUEST NO. 2**
Copies of all documents including, but not limited to, regulations, statutes, guidance or policies that pertain to the defendants' granting attorneys access to classified information.

**DEFENDANTS' RESPONSE**

Defendants object to this request to the extent it seeks copies of published materials on the ground that this is unduly burdensome, given that such materials are as readily available to plaintiff as defendants. To the extent plaintiff seeks materials that are not published, defendants object to this request on the ground that it is unduly burdensome because it contains no time

-2-

limits and implicates voluminous amounts of material (encompassing, among other things, all administrative appeals of security clearance determinations made by employees represented by counsel). Defendants further object on the ground that this request implicates documents that are protected from disclosure under the deliberative process privilege and the attorney-client privilege. Defendants further object that this request is overbroad and seeks documents that are not relevant to the issues before the Court, including, but not limited to, documents pertaining to access by attorneys in their capacity as government employees; documents pertaining to attorney access to classified information in criminal cases; and documents pertaining to security clearance determinations for attorneys (separate and apart from "need to know" determinations).

Defendants also object on relevance grounds to the extent this request seeks all documents which pertain to specific, individual attorneys who have been granted or denied access to classified information in other cases or pre-publication review matters. Such documents are not relevant to the instant case because the risk of disclosure of classified information must be made on a case-by-case basis taking into account the unique circumstances of each case. Moreover, as stated in Defendants' Opposition to Plaintiff's Motion to Compel (filed Nov. 16, 2001), discretionary determinations made as to who may have access to classified information are not subject to judicial review so what may have been done in other instances is immaterial.

Without waiving these objections, defendants hereby produce the following documents (or document excerpts) which set forth general guidance or policies relating to access to classified information by attorneys outside the Executive Branch:

| Doc. No. | Description |
|---|---|
| 00001 | DoD 5105.21-M-1 ("Sensitive Compartmented Information Administrative Security Manual," Aug. 1998). See Chapter 9, Para. C.3. |

| | |
|---|---|
| 00008 | DoD 5200.1-R ("Information Security Program Regulation," Jan. 1997). See Para. 6-201.f. |
| 00009 | DoD 5200.2-R ("Personnel Security Program Regulation," through Change 3, Feb. 23, 1996). See Para. C.3.4.4.6. |
| 00010 | DoD Directive 5405.2 ("Release of Official Information in Litigation and Testimony by DoD Personnel as Witnesses," July 23, 1985) |
| 00006 | DCI Directive 1/19 ("Security Policy for Sensitive Compartmented Information and Security Policy Manual," Mar. 1, 1995). See Section 9, Para. 9.1.1. |
| 00011 | CIA Regulation ("Access to Agency Facilities, Information and Personnel by Private Attorneys and Other Personal Representatives," Sept. 4, 1998) *(non-responsive information and information protected from disclosure by the CIA Act of 1949 has been redacted)* |
| 00012 | CIA Regulation ("Security Clearances, Accesses, and Approvals," July 30, 1998) *(non-responsive information and information protected from disclosure by the CIA Act of 1949 has been redacted)* |
| 00013 | CIA Regulation ("Access to and Release of Official Information," Apr. 19, 1988) *(non-responsive information and information protected from disclosure by the CIA Act of 1949 has been redacted)* |

**DOCUMENT REQUEST NO. 3**
Copies of all documents including, but not limited to, regulations, statutes, guidance or policies that describe or identify the defendants' procedures or guidelines for determining an individual's "need to know" as that term pertains to access to classified information.

**DEFENDANTS' RESPONSE**

Defendants object to this request to the extent it seeks copies of published materials on the ground that this is unduly burdensome, given that such materials are as readily available to plaintiff as defendants. Defendants further object to this request on the ground that it is overbroad and unduly burdensome in that the definition of "need to know," which constitutes the principal "guideline[ ]" for determining an individual's 'need to know,'" is repeated in a multitude of "documents," as that term is broadly defined by plaintiff, some of which are privileged and not

-4-

subject to disclosure.

Without waiving these objections, defendants respond that there are no documents that describe or identify "procedures . . . for determining an individual's 'need to know'" and that "guidelines for determining an individual's 'need to know'" are set forth in the following documents (or document excerpts), which defendants hereby produce:

| Doc. No. | Description |
| --- | --- |
| 00014 | Executive Order 12958 ("Classified National Security Information," Apr. 17, 1995). See Part 4, Section 4.1(c). |
| 00015 | Executive Order 12968 ("Access to Classified Information," Aug. 2, 1995). See Part 1, Section 1.1(h). |
| 00001 | DoD 5105.21-M-1 ("Sensitive Compartmented Information Administrative Security Manual," Aug. 1998). See Chapter 2, Para. E. |
| 00008 | DoD 5200.1-R ("Information Security Program Regulation," Jan. 1997). See Paras. 6-200, 6-201; Appendix B, para. 45. |
| 00009 | DoD 5200.2-R ("Personnel Security Program Regulation," through Change 3, Feb. 23, 1996). See Para. DL1.1.17. |
| 00006 | DCI Directive 1/19 ("Security Policy for Sensitive Compartmented Information and Security Policy Manual," Mar. 1, 1995). See Section 1, Para. 1.1.12. |
| 00016 | DIA Pamphlet "Understanding Need-to-Know" (Apr. 1998) |
| 00017 | DIA "Security Orientation Handbook" (May 1998) |

Respectfully submitted,

ROBERT D. McCALLUM, JR.
Assistant Attorney General, Civil Division

ROSCOE C. HOWARD, JR.
United States Attorney

VINCENT M. GARVEY
Deputy Branch Director

-5-

_Gail Walker_
GAIL WALKER
United States Department of Justice
Federal Programs Branch
Civil Division, Room 1086
901 E Street, N.W.
Washington, D.C. 20530
Telephone: (202) 514-4020

Dated: December 27, 2001

Attorneys for Defendants.