UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

Dallas Division

| | | |
|---|---|---|
| ROBERT HOPKINS, III, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 3:22-cv-00706 (E) |
| | * | |
| DEPARTMENT OF DEFENSE, | * | |
| | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S MOTION FOR LEAVE TO FILE AN INITIAL MOTION FOR PARTIAL SUMMARY JUDGMENT AND FOR EXPEDITED CONSIDERATION**

**SUMMARY**

Plaintiff Robert Hopkins, III ("Hopkins") commenced this litigation against the Defense Office of Prepublication and Security Review ("DOPSR")[1] in 2022 in part to challenge the unconstitutional prior restraint imposed upon him with respect to documents that he properly submitted for prepublication review. Per this Court's Scheduling Order dated 13 June 2023, DOPSR shall file a comprehensive motion for summary judgment on all counts no later than 11 August 2023. However, due to the extreme time-sensitivity of one count and the small amount of information in controversy, Hopkins accordingly requests leave to file an initial motion for partial summary judgment regarding the two pages' worth of information redacted from the manuscript entitled *Crowded Skies: Cold War Reconnaissance Over the Baltic* ("*Crowded Skies*") on the grounds that the information has been previously officially disclosed and is not

---

[1] DOPSR is treated herein as the "Defendant" to avoid confusion because this Motion pertains solely to redactions made by that office, even though the Department of Defense is the proper party Defendant as a matter of law.

properly classified. Hopkins requests that the Court authorize him to file this motion in addition to the one summary judgment motion he is allowed by Local Rule 56.2(b) so that he will retain the right to file a cross-motion for summary judgment on the remainder of the matters in controversy after Defendant files its initial motion in August. Hopkins also requests that the Court expedite the briefing and adjudication of his proposed motion—and, to the extent necessary, *this* Motion—out of recognition of the fact that he only has until the end of July to submit any modifications to his manuscript to his publisher.

The proposed motion, brief in support, and appendix have been submitted to the Department of Defense for prepublication review, given that Defendant alleges that some of the information Hopkins seeks to publish is classified.

## **FACTUAL AND PROCEDURAL HISTORY**

1. On 6 October 2021, pursuant to his NDAs, Hopkins submitted, through undersigned counsel, the manuscript for his book, *Crowded Skies: Cold War Reconnaissance Over the Baltic* ("*Crowded Skies*"), to the Defense Office of Prepublication and Security Review ("DOPSR") for prepublication review, even though it was exclusively sourced from publicly released and declassified records.

2. On 22 March 2022, Hopkins filed the complaint in this litigation, alleging in Count 6 that DOPSR's refusal to conduct a prepublication review of *Crowded Skies* violated his First Amendment rights to publish unclassified information.

3. On 20 July 2022, DOPSR agreed to begin a prepublication review of *Crowded Skies*.

4. On 29 March 2023, DOPSR approved *Crowded Skies* for publication with certain redactions and conditions.

5. DOPSR redacted a moderate amount of text from pages 16-17. These are the only redactions from *Crowded Skies* being challenged by Hopkins.

6. On 26 April 2023, Hopkins submitted, through undersigned counsel, a detailed response to DOPSR's determination, in which he demonstrated that all of the redacted information was taken from the 2006 article "In the Right Place at the Right Time: US Signals Intelligence Relations with Scandinavia, 1945-1960" ("'In the Right Place'") published in the *Journal of Strategic Studies* by well-respected military intelligence historian Matthew Aid.

7. Hopkins directly identified and provided each passage from "In the Right Place" which served as the source of each piece of redacted information.

8. Hopkins also provided a list of all of the declassified and unclassified documents cited in "In the Right Place" for this information. These included numerous official foreign government publications, U.S. Government publications, and scholarly works.

9. On 14 June 2023, DOPSR declined to retract any redactions from pages 16-17 of *Crowded Skies*.

10. On 16 June 2023, Hopkins submitted the final approved manuscript of *Crowded Skies* to his publisher, retaining the black redaction marks.

11. The scheduled publication date of *Crowded Skies* is 11 November 2023.

12. Hopkins expects to be able to submit any final modifications to *Crowded Skies* until the end of July 2023 as long as they do not significantly alter the page layout.

13. Hopkins intends to submit new versions of pages 16-17 to his publisher which include any information this Court determines to have been improperly redacted.

## ARGUMENT

Under Local Rule 56.2(b), a party may not file more than one motion for summary judgment "[u]nless otherwise directed by the presiding judge, or permitted by law." One purpose of the rule is to "enable[] the court to regulate successive motions that are filed after the court has devoted time and effort to deciding an initial motion and has identified issues that are not subject to summary disposition, but as to which the movant seeks a second bite at the apple." *Home Depot U.S.A., Inc. v. Nat'l Fire Ins. Co. of Hartford*, No. 06- 73, 2007 U.S. Dist. LEXIS 46922, at *5 (N.D. Tex. June 27, 2007). That said, this Court "retains ultimate control," and may allow a party to file a second summary judgment motion. *Id.*; *see also Hudson v. Cleco Corp.*, 539 F. App'x 615, 617-18 (5th Cir. 2013) (affirming district court's decision to permit a successive motion for summary judgment).

"[Q]uestions of the timing and sequence of motions in the district court . . . best lie[] at the district court's discretion." *Enlow v. Tishomingo Cnty., Miss.*, 962 F.2d 501, 507 (5th Cir. 1992). The Court's discretion to permit successive summary judgment motions "may be exercised whether or not new evidence is submitted with [a] subsequent motion." *Johnson v. PPI Tech. Servs., L.P.*, 605 F. App'x 366, 367-68 (5th Cir. 2015).

Here, Hopkins moves for partial summary judgment under Rule 56 to address one count involving a small amount of redacted information that he needs to be able to provide to his publisher within six weeks or lose the opportunity to publish it at all. He will therefore suffer a concrete and irreparable harm if this dispute is not resolved in an expedited fashion. Since this motion involves only a factual dispute regarding one count, there will be little to no impact to future disputes in this case. and Hopkins therefore requests that the Court allow him to preserve his right to file a second motion for summary judgment that would address issues not covered in

this initial motion. Adjudicating a second summary judgment motion would "not unduly burden the court and the parties" but "may in fact save the time and expense of an unnecessary trial." *See Home Depot*, 2007 U.S. Dist. LEXIS 46922, at *6-7. Hopkins should not have to forfeit the opportunity to dispose of the case with a merits-based summary-judgment motion simply because he needs some information in controversy more urgently than the rest.

Additionally, for the good cause shown above, Hopkins requests that the Court expedite the briefing and adjudication of both his proposed motion for partial summary judgment, as follows:

1. Order DOPSR to complete its prepublication review of Hopkins's proposed motion, brief, and appendix, and return all three filings to Hopkins's undersigned counsel no later than 30 June;

2. If DOPSR makes any redactions to any of Hopkins's filings, order it to provide unredacted copies of the filings to the Court for its *in camera* review no later than 3 July;

3. Order Hopkins to file the cleared versions of Hopkins's filings within one business day of receipt from DOPSR;

4. Order DOPSR to file any opposition to Hopkins's motion for partial summary judgment within four business days of the filing of Hopkins's motion;

5. Order Hopkins to file any reply within four business days of the filing of Defendant's opposition; and

6. Issue a final order regarding Hopkins's motion for partial summary judgment as soon as practicable, but no later than 24 July.

Defendant maintains that the Court precluded the filing of either this Motion or a partial summary judgment motion in its 13 June 2023 Scheduling Order, and that Hopkins must first request reconsideration of that Order. Hopkins respectfully disagrees with this reading and maintains that the 13 June Order speaks only to the filing of a summary judgment motion *by Defendant* and cannot be read to silently prevent Hopkins from filing a summary judgment motion of his own at the time of his choosing, as is his right under the Federal Rules of Civil Procedure and this Court's Local Rules.

Defendant opposes this Motion. A proposed Order has been included with this Motion.

Date:   June 24, 2023

                Respectfully submitted,

                /s/ Kelly B. McClanahan
                Kelly B. McClanahan, Esq.
                N.D. Tex. Bar #984704DC
                National Security Counselors
                4702 Levada Terrace
                Rockville, MD 20853
                301-728-5908
                240-681-2189 fax
                Kel@NationalSecurityLaw.org

                *Counsel for Plaintiff*