**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| ROBERT HOPKINS, III, | |
| *Plaintiff*, | |
| v. | No. 3:22-CV-00706-E |
| DEPARTMENT OF DEFENSE, | |
| *Defendant*. | |

**OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AN INITIAL
MOTION FOR PARTIAL SUMMARY JUDGMENT AND FOR EXPEDITED
CONSIDERATION**

Just eleven days after the Court entered an Order, ECF No. 24, directing that this litigation would proceed with Defendant first filing, by August 11, a comprehensive motion for summary judgment, as is typical in prepublication review matters, Plaintiff now seeks leave to file a partial motion for summary judgment concerning the redactions to one of his manuscripts. ECF No. 25 (hereinafter "Mot."). Aside from being procedurally improper, Plaintiff's request would require the Court to resolve the issues in this case piecemeal, and on an unreasonably truncated basis: it would force Defendant to review Plaintiff's proposed filings for classified information in five business days and then to oppose his motion—which will itself require a classified affidavit explaining the basis for those redactions—in an additional four days, before requiring the Court to review the classified materials *in camera* on an expedited basis and issue an order no later than July 24. Plaintiff's purported publication date, to which Plaintiff voluntarily and unilaterally agreed, provides no basis for granting his extraordinary request. The Court should therefore deny Plaintiff's motion for leave.

1.      As an initial matter, Plaintiff's motion effectively seeks reconsideration, under Rule 54(b), and/or modification, under Rule 16(b)(4), of the Court's June 13 scheduling order. ECF No. 24. That Order addressed motions from both sides to stay and/or amend the existing briefing deadlines, *see* ECF Nos. 13, 15, 17, and concluded that the most efficient method of resolving this case would involve staying all other deadlines "pending the Court's adjudication of Defendant's forthcoming motion for summary judgment." ECF No. 24; *see Stillman v. CIA*, 319 F.3d 546, 548-49 (D.C. Cir. 2003).

To the extent Plaintiff's motion seeks reconsideration of that Order under Rule 54(b), he seeks to "rehash [his] previously made arguments or … to raise an argument for the first time without justification," and his motion is therefore improper. *Dos Santos v. Bell Helicopter Textron, Inc. Dist.*, 651 F. Supp. 2d 550, 553 (N.D. Tex. 2009). Likewise, to the extent Plaintiff seeks to modify the Court's scheduling order under Rule 16(b)(4), he must show "good cause," which he cannot given his failure to exercise "diligence" in alerting the Court to his impending publication deadline when the Court was considering the parties' scheduling proposals. *Ciena Corp. v. Nortel Networks Inc.*, 233 F.R.D. 493, 494 (E.D. Tex. 2006). However construed, Plaintiff's motion is an inappropriate attempt to relitigate the Court's June 13 Order.

2.      Plaintiff's proposal for piecemeal summary judgment briefing also fails on its own terms. Local Rule 56.2 bars a party from filing "more than one motion for summary judgment" unless permitted by the Court or the law. The rule aims to "prevent piecemeal litigation" and instead "resolve all dispositive claims and defenses at once." *Int'l Ins. Co. v. RSR Corp.*, No. CIV.A. 3:00-CV-0250-, 2007 WL 437651, at *6 (N.D. Tex. Feb. 8, 2007). As Plaintiff notes, it also "enables the court to regulate successive motions that are filed after the court has devoted time and effort to deciding an initial motion." *Harrison v. Wells Fargo Bank,*

*N.A.*, No. 3:13-CV-4682-D, 2015 WL 5547495, at *2 (N.D. Tex. Sept. 21, 2015) (quotation omitted). For these reasons, although the Court has discretion to structure summary judgment proceedings, it "generally discourages and does not allow parties to file successive motions for summary judgment." *KTAQ of Dallas, LLC v. Simons*, No. 3:12-CV-4102-L, 2013 WL 5567146, at *7 (N.D. Tex. Oct. 8, 2013).

Litigating this case through successive summary judgment filings would be particularly inappropriate. All of the claims in this matter relate to the nature of the government's prepublication procedures and the propriety of the government's redactions to Plaintiff's manuscripts. Briefing these issues once with respect to *Crowded Skies* and then again with respect to Plaintiff's other manuscripts would be unnecessarily duplicative and wasteful. In contrast, "resolving the issues in the context of Defendant['s] comprehensive summary judgment motion[] is preferable, as it will avoid the risk of piecemeal litigation … , conserve judicial and party resources, and facilitate resolution of this lawsuit." *Dallas Cnty., Tex. v. MERSCORP, Inc.*, No. 3:11-CV-2733-O, 2013 WL 5903300, at *11 n.7 (N.D. Tex. Nov. 4, 2013); *see also Trea Senior Citizens League v. U.S. Dep't of State*, 923 F. Supp. 2d 55, 60 (D.D.C. 2013) (noting that the Court "directed that the State Department file a summary judgment motion that addressed all of the documents at issue to avoid piecemeal litigation in this case"). That is precisely the conclusion that the Court already reached in its June 13 scheduling order.

Plaintiff's proposed briefing schedule is also unworkable. It would require Defendant to review Plaintiff's proposed summary judgment filings in five business days from the filing of Plaintiff's motion for leave, imposing significant and unforeseen burdens on prepublication review staff. It would then require Defendant to oppose that motion, and to prepare the necessary classified affidavit with the assistance of the same prepublication review staff, in another four

business days. And then, assuming everything goes according to schedule, Plaintiff would give the Court only seven business days to review these *in camera* submissions and issue a decision. That is simply not a reasonable schedule for judicial review in a case involving sensitive classified information.

      **3.**      Nor does "the fact that [Plaintiff] only has until the end of July to submit any modifications to his manuscript to his publisher," ECF No. 25, establish good cause for his motion. As DOPSR's website makes clear, "[d]ue to an increased number of submissions, book-length manuscript reviews are currently taking several months." *DOPSR*, Wash. Headquarters Services, https://perma.cc/XT4W-EWLR (last visited June 26, 2023). Authors should therefore "ensure adequate time for a prepublication security and policy review *prior to committing to any publishing deadlines* or sending the manuscript to a person or organization for endorsement." *Id.* (emphasis added). And for good reason: authors cannot force DOPSR into allowing them to cut the line or rush the review process, thereby risking the inadvertent release of classified information, by voluntarily committing themselves to publication deadlines. To the extent Plaintiff's purported publication deadline conflicts with the timeline for prepublication review and/or judicial review, he could work with his publisher on a revised date.

      Nevertheless, Defendant has strived to accommodate Plaintiff's repeated submissions and ever-shifting deadlines. In addition to the text of *Crowded Skies*, Plaintiff submitted photographs and captions for the manuscript in February 2023, eleven months after filing suit. After DOPSR provided Plaintiff with its required amendments to the text of *Crowded Skies* on March 29, 2023, Plaintiff sent a document rebutting the redactions on April 26, 2023, and informed Defendant that his "publisher had insisted that the final *Crowded Skies* manuscript be delivered no later than 1 May." Pl.'s Mot. for Status Conf. at 7-9, ECF No. 13. Then, on June 9, Plaintiff's counsel

informed Defendant that the publisher of *Crowded Skies* had pushed back its deadline to "16 June," and threatened to file a motion for a preliminary injunction if Defendant could not commit to completing its review of Plaintiff's rebuttal and the photographs and captions for *Crowded Skies* by June 14. In the interest of avoiding unnecessary emergency litigation that would burden both Defendant and the Court, Defendant did so, and completed its review on June 14.

That same day, Plaintiff's counsel informed Defendant that Plaintiff still had "about 6 weeks to make any changes if they are small," and that he intended to file a motion for partial summary judgment challenging the remaining redactions to *Crowded Skies*. Defendant informed Plaintiff's counsel that it would oppose his motion for leave to file a motion for partial summary judgment as inconsistent with the existing briefing schedule. Plaintiff then waited another *ten days* to file his motion for leave, in which he requests this Court conduct briefing and judicial review on an extraordinarily expedited timeframe. Plaintiff's assertion that he now needs a decision "within six weeks," Mot. at 4, should not be credited.  And to the extent such a decision is necessary by then, Plaintiff should have informed the Court of any timing concerns before it entered the present schedule just two weeks ago.

4.      Finally, although a full defense of Defendant's redactions is beyond the scope of this filing, Plaintiff suggests that his motion will focus on the assertion "that the information has been previously officially disclosed and is not properly classified." Mot. at 1-2. But, among other things, the information "must already have been made public through an official and documented disclosure." *Fitzgibbon v. CIA*, 911 F.2d 755, 765 (D.C. Cir. 1990). "Merely pointing to public sources," as Plaintiff apparently intends to do, *see* Mot. at 3, "is insufficient because 'the fact that information resides in the public domain does not eliminate the possibility that further disclosures can cause harm to intelligence sources, methods and operations.'" *Shaffer v. DIA*,

5

102 F. Supp. 3d 1, 9 (D.D.C. 2015) (quoting *Fitzgibbon*, 911 F.2d at 766) (applying standard in prepublication review matter). Defendant will address all of these issues and others, as to all of Plaintiff's manuscripts, in a single, comprehensive summary judgment filing, as the Court ordered it to do, rather than in a piecemeal and rushed fashion, as Plaintiff's motion for leave demands.

For these reasons, the Court should deny Plaintiff's motion for leave to file a motion for partial summary judgment on an expedited basis.

Dated: June 27, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ANTHONY J. COPPOLINO
Deputy Branch Director

*/s/ John T. Lewis*
JOHN T. LEWIS (TX Bar No. 24095074)
LISA NEWMAN (TX Bar No. 24107878)
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW, Rm. 12002
Washington, D.C. 20530
Tel: (202) 353-0533
E-mail: john.t.lewis.iii@usdoj.gov

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 27, 2023, a copy of the foregoing was filed electronically via the Court's ECF system, which effects service upon counsel of record.

*/s/ John T. Lewis*
John T. Lewis