UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

**Dallas Division**

| | | |
|---|---|---|
| ROBERT HOPKINS, III, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 3:22-cv-00706 (E) |
| | * | |
| DEPARTMENT OF DEFENSE, | * | |
| | * | |
| Defendant. | * | |
| | * | |
| *   *   *   *   *   *   * | *   *   *   *   *   * | |

**PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION FOR LEAVE
TO FILE AN INITIAL MOTION FOR PARTIAL SUMMARY
<u>JUDGMENT AND FOR EXPEDITED CONSIDERATION</u>**

Because Defendant raises no meritorious objections to Plaintiff's Motion, Plaintiff will only very briefly address the handful of assertions made in Defendant's opposition which warrant any discussion. Plaintiff limits this reply in this fashion for the simple fact that the undersigned is reluctant to burden the Court with a significant amount of paper while at the same time asking the Court to expedite its consideration of something. Plaintiff will address these points in the order in which they are made:

First, Defendant argues that granting this Motion would "force Defendant to review Plaintiff's proposed filings for classified information in five business days and then to oppose his motion—which will itself require a classified affidavit explaining the basis for those redactions—in an additional four days." (Def.'s Opp'n Pl.'s Mot. Leave File Init. Mot. Summ. J. & Exp. Consideration, Dkt. #26, at 1 (filed June 27, 2023).) In making this assertion, Defendant seeks to significantly mislead the Court by taking advantage of the fact that the Court is new to this case. Simply put, Defendant will not face *any* difficulty in reviewing Plaintiff's proposed

filings in five business days because it *already reviewed everything relevant*. There is nothing in Plaintiff's proposed filings which was not in either the initial manuscript—which Defendant completed reviewing on 29 March 2023—or Plaintiff's response—which Defendant completed reviewing on 14 June 2023. In fact, the proposed brief only speaks in the most general terms about the substance of the manuscript, and the only documents in the appendix which have not already been cleared for release are Plaintiff's response itself and a two-page declaration explaining the situation with Plaintiff's publisher.[1]

By the same token, since Defendant made the decision to redact this information at least three months ago, it cannot now be heard to complain about needing to justify its decision; it allegedly already justified it internally, so justifying it to the Court should be relatively easy, especially since it will be submitting its justification *in camera* and *ex parte* and will not need to be concerned with how to phrase it for public consumption. Simply put, if Defendant cannot write a classified declaration to justify the redaction of a relative handful of lines from two pages in four days, then the Court should be concerned that Defendant is attempting to devise a *post hoc* rationalization for a decision it initially made without serious consideration.

Defendant then complains that Plaintiff "voluntarily and unilaterally agreed" to the publication date of his book (*id.*), which is transparently untrue, as later admitted in Defendant's brief, when it discusses how Plaintiff informed Defendant first that his "publisher had insisted

---

[1] However, there is an alternative which would lessen Defendant's burden, to which Plaintiff will gladly agree. The Court can simply order Defendant to provide the filings in question immediately to the Court Security Officer to be filed *in camera* with the Court in the same fashion as any classified document Defendant would file on its own. This would obviate the need to conduct an expedited prepublication review of the filings and thereby spare the reviewers any additional work. Defendant would then be free to take as long as it likes to conduct the prepublication review of the filings. The undersigned has done this in other cases where he needed to provide classified information to a court, and it is a process which generally takes less than a day for Defendant's counsel to carry out.

that the final *Crowded Skies* manuscript be delivered no later than 1 May" and then that "the publisher of *Crowded Skies* had pushed back its deadline to '16 June.'" (*Id.* at 4-5.) This is clearly not a situation of an author "voluntarily committing to [a] publication deadline[]" (*id.* at 4), but rather an author desperately attempting to prevent his publisher from cancelling his entire book contract while dealing with a recalcitrant and obdurate prepublication review office.

> On that note, Defendant makes one very salient point:
>
> > As DOPSR's website makes clear, "[d]ue to an increased number of submissions, book-length manuscript reviews are currently taking several months." Authors should therefore "ensure adequate time for a prepublication security and policy review *prior to committing to any publishing deadlines* or sending the manuscript to a person or organization for endorsement."

(*Id.* (citations omitted).) The Court should take note of the fact that Plaintiff submitted *Crowded Skies* to Defendant in *October 2021*, and Defendant *refused to process it until July 2022*. Plaintiff has done everything Defendant has asked; he gave Defendant *years*—not "several months"—of "adequate time for a prepublication security and policy review prior to committing to any publishing deadline," and he only finally committed to a deadline after he was caught between the Scylla of a publisher whose patience had run out and the Charybdis of a recalcitrant and obdurate prepublication review office.

After several paragraphs complaining without any serious cause about how "duplicative" adjudicating this one small motion will be—while paying no heed to the harm it would cause Plaintiff *not* to litigate this now—Defendant makes its final pair of complaints, focusing on the fact that the undersigned waited ten days after informing Defendant's counsel that this Motion would be forthcoming and "should have informed the Court of any timing concerns before it entered the present schedule just two weeks ago." (*Id.* at 5.) Defendant's counsel carefully omits the fact that, as he knows, the undersigned is on a family vacation and has been since the close of

business on 16 June. Defendant's counsel also carefully elides over the fact that Defendant did not make a final decision regarding the two pages in question until the day *after* the Court issued the Scheduling Order, raising the question of why Plaintiff would have any reason to "inform[] the Court of any timing concerns" at a time when he had every reason to expect that Defendant would reverse its position as part of the ongoing negotiation after he provided it with all the documentation it requested demonstrating that the information is not properly classified.

In short, Defendant's Opposition is long on complaints and short on substance, and the Court should recognize both Plaintiff's need for a prompt resolution of the dispute regarding *Crowded Skies* and the tremendous forbearance he has exhibited in the face of Defendant's vicissitudes over the last twenty months.

Date:   June 29, 2023

Respectfully submitted,

/s/ Kelly B. McClanahan
Kelly B. McClanahan, Esq.
N.D. Tex. Bar #984704DC
National Security Counselors
4702 Levada Terrace
Rockville, MD 20853
301-728-5908
240-681-2189 fax
Kel@NationalSecurityLaw.org

*Counsel for Plaintiff*