## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

|  |  |
|---|---|
| ROBERT HOPKINS, III, | |
| *Plaintiff,* | |
| v. | No. 3:22-CV-00706-E |
| DEPARTMENT OF DEFENSE, | |
| *Defendant.* | |

## EMERGENCY MOTION FOR EXTENSION OF TIME

Defendant the Department of Defense hereby respectfully requests that the Court extend the deadline for its motion for summary judgment by 54 days, until October 4, 2023. This motion is supported by a Classified Declaration that has been submitted to the Court for *ex parte*, *in camera* review. Because the deadline for the Department's motion is on August 11, 2023, the Department further requests that the Court decide this motion on an expedited basis.[1]

This case involves a challenge by a former Air Force Captain, who seeks to publish several manuscripts, to the prepublication review process administered by the Department. *See* Complaint, ECF No. 1. One of the manuscripts at issue is a

---

[1] The Department reached out to Plaintiff regarding the relief requested in this motion, and was informed that Plaintiff consents to a 21 day extension, but not 54 days. The Department nonetheless seeks 54 days given the difficulty of re-reviewing Plaintiff's manuscript and preparing the requisite summary judgment materials within 21 days.

book titled *Crowded Skies: Cold War Reconnaissance Over the Baltic*. *See id.*
¶¶ 60-74. The Defense Office of Prepublication and Security Review ("DOPSR")
cleared the book for release, as amended, on March 29, 2023. Dr. Hopkins has
contested several of the required amendments, and the agency that required those
amendments has been preparing a classified declaration justifying them for
submission with the Department's motion for summary judgment.

In the course of preparing that declaration and reviewing the underlying
manuscript, agency counsel became aware that the agency's reviewer had
inadvertently failed to redact several passages that appear to contain classified or
otherwise protected information. The agency has since determined that those
passages do contain classified or otherwise protected information that, if released,
would cause significant harm to national security and foreign relations. The
Department is limited in what it can say on the public record about this discovery
but is providing more explanation in the Classified Declaration that has been
submitted to the Court in conjunction with this motion.

Given the significance of this error, the agency has decided that it needs to
review the entire book again to ensure that no other classified or otherwise
protected material is contained in the book. The agency is committed to doing this
re-review on an expedited basis—specifically, within 45 days. The Department

will then issue a revised determination to Dr. Hopkins, and requests permission  to move for summary judgment 9 days later, for a total of 54 days.

The Department sincerely apologizes for this error and for the disruption to the existing schedule, which is unfortunately necessary to ensure that classified or otherwise protected information that could harm national security is not improperly disclosed. The Department is not filing this motion for the purposes of delay, and brought this matter to the attention of Dr. Hopkins and the Court as soon as practicable. Agency counsel noticed the apparent error on Friday, July 28, and immediately commenced discussions within the agency to determine what steps should be taken. The Agency's Original Classification Authority with purview over the prepublication review process was apprised of the error on Monday, July 31. At that time, a Classification Advisory Officer with relevant subject matter expertise was instructed to conduct a new review of an excerpt of the manuscript. That review was completed on Wednesday, August 2, and the Agency began to work with counsel to have the prepublication review clearance retracted as soon as practicable. The Department decided to retract its determination on August 4, and notified Dr. Hopkins on August 7. The Department approached counsel for Dr. Hopkins regarding the relief requested in this motion immediately thereafter and filed the motion the same day.

3

There is therefore good cause for the requested extension. Extending the Department's summary judgment deadline by 54 days will enable the agency to complete its review of *Crowded Skies* and determine whether the manuscript contains additional classified or otherwise protected information. The Department will then move for summary judgment on all of Dr. Hopkins's manuscripts at the same time.

In contrast, proceeding with briefing piecemeal would be inefficient, as this Court has repeatedly recognized in its scheduling orders. *See, e.g.*, ECF Nos. 12, 24, 28. By barring a party from filing "more than one motion for summary judgment," Local Rule 56.2 aims to "prevent piecemeal litigation" and instead "resolve all dispositive claims and defenses at once." *Int'l Ins. Co. v. RSR Corp.*, No. CIV.A. 3:00-CV-0250-, 2007 WL 437651, at *6 (N.D. Tex. Feb. 8, 2007). It also "enables the court to regulate successive motions that are filed after the court has devoted time and effort to deciding an initial motion." *Harrison v. Wells Fargo Bank, N.A.*, No. 3:13-CV-4682-D, 2015 WL 5547495, at *2 (N.D. Tex. Sept. 21, 2015) (quotation omitted). Thus, although the Court has discretion to structure summary judgment proceedings, it "generally discourages and does not allow parties to file successive motions for summary judgment." *KTAQ of Dallas, LLC v. Simons*, No. 3:12-CV-4102-L, 2013 WL 5567146, at *7 (N.D. Tex. Oct. 8, 2013).

4

Litigating this prepublication review case through successive summary judgment filings would be particularly inefficient. All of the claims in this matter relate to the nature of the government's prepublication procedures and the propriety of the government's redactions to Dr. Hopkins's manuscripts. Briefing these issues multiple times would be unnecessarily duplicative and wasteful. In contrast, "resolving the issues in the context of Defendant['s] comprehensive summary judgment motion[] is preferable, as it will avoid the risk of piecemeal litigation … , conserve judicial and party resources, and facilitate resolution of this lawsuit." *Dallas Cnty., Tex. v. MERSCORP, Inc.*, No. 3:11-CV-2733-O, 2013 WL 5903300, at *11 n.7 (N.D. Tex. Nov. 4, 2013); *see also Trea Senior Citizens League v. U.S. Dep't of State*, 923 F. Supp. 2d 55, 60 (D.D.C. 2013) (noting that the Court "directed that the State Department file a summary judgment motion that addressed all of the documents at issue to avoid piecemeal litigation in this case").

The only urgency that the Department is aware of with respect to Dr. Hopkins manuscripts relates to the publication of *Crowded Skies*. However, the Department understands that the publication deadline for *Crowded Skies* has moved multiple times, from May 1, to June 16, and then purportedly the end of August. *See* Opp. to Pl.'s Mot. for Leave to File at 4-5, ECF No. 26. The requested extension should not prejudice Dr. Hopkins with respect to the other manuscripts

5

as issue in this case, and it will allow for the more efficient briefing of all issues in the case at the same time.

For these reasons, the Department respectfully requests that the Court extend its deadline to file a motion for summary judgment by 54 days, to October 4, 2023.

Dated: August 7, 2023                     Respectfully submitted,

                                          BRIAN M. BOYNTON
                                          Principal Deputy Assistant Attorney General

                                          MARCIA BERMAN
                                          Assistant Branch Director

                                          */s/ John T. Lewis*
                                          JOHN T. LEWIS (TX Bar No. 24095074)
                                          LISA NEWMAN (TX Bar. No. 24107878)
                                          Trial Attorneys
                                          U.S. Department of Justice
                                          Civil Division, Federal Programs Branch
                                          1100 L Street NW, Rm. 12002
                                          Washington, D.C. 20530
                                          Tel: (202) 353-0533
                                          E-mail: john.t.lewis.iii@usdoj.gov

                                          *Attorneys for Defendant*

**CERTIFICATE OF CONFERENCE**

I hereby certify that on August 7, 2023, I conferred by email with counsel for Plaintiff concerning the relief requested in this filing. Counsel for Plaintiff indicated that Plaintiff consented to a 21 day extension, but not a 54 day extension.

*/s/ John T. Lewis*
John T. Lewis

**CERTIFICATE OF SERVICE**

I hereby certify that on August 7, 2023, a copy of the foregoing was filed electronically via the Court's ECF system, which effects service upon counsel of record.

*/s/ John T. Lewis*
John T. Lewis