UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

**Dallas Division**

| | | |
|---|---|---|
| ROBERT HOPKINS, III, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 3:22-cv-00706 (E) |
| DEPARTMENT OF DEFENSE, | * | |
| Defendant. | * | |

* * * * * * * * * * * * *

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S
EMERGENCY MOTION FOR EXTENSION OF TIME**

Given the time constraints and the probability that the Court may act on Defendant's Motion without realizing that it is both procedurally improper and factually misleading, Plaintiff is filing this extraordinarily brief opposition to flag the relevant issues for the Court's attention. Plaintiff accordingly asks the Court to deny Defendant's Motion without prejudice and direct Defendant to refile it after following the appropriate process so that Plaintiff can intelligently respond to it in a reasonable amount of time.

First, Defendant merely states that the undersigned stated that Plaintiff consents to a 21-day extension without explaining *why*, which is relevant to this dispute. The undersigned informed Defendant's counsel that the purpose of this shorter consent period was so that Defendant would be required to inform the Court of the progress of its "expedited" review and seek a further extension if necessary, rather than giving Defendant approximately two additional months to proceed at its own speed without any guarantee that steady progress would be made. This is especially appropriate since Defendant has repeatedly insisted to the Court that *no*

*briefing should occur* until it files its motion for summary judgment, even to the point of prompting the Court to deprive Plaintiff of the opportunity to brief an extremely time-sensitive matter before he is irreparably harmed by his book being printed with redactions. For Defendant to now turn around and insist that it should be afforded an additional eight weeks to conduct an *additional* review of an entire book it already cleared for release after reviewing it for *eight months* without having to provide *any* status updates to the Court flies directly against all of its protestations and exposes this Motion as yet another example of Defendant's belief that it should only have to justify itself to the Court on *its* terms.

    The second issue serves as yet another reminder of this outlook: It is well-established that government agencies *may* utilize *ex parte*, *in camera* declarations in certain cases. However, when an agency seeks to take this extraordinary measure, it must first seek the Court's *permission* by filing a motion and provide the non-moving parties a chance to meaningfully oppose the motion. It may not simply *do* it and blithely "notify" the Court and the opposing parties of the *ex parte*, *in camera* filing. Defendant did not seek the Court's leave to file an *ex parte*, *in camera* declaration in support of a motion for extension; it simply lodged the declaration and expected the Court to accept it without any discussion. The Court should accordingly strike the improperly filed declaration and direct Defendant to formally seek leave to file it *ex parte* and *in camera*, and subsequently allow Plaintiff an opportunity to meaningfully oppose it. While Plaintiff will not go into detail here regarding the legal arguments against accepting this filing because of the urgent need for filing this opposition, he will point out that there is a significant chance that the ostensibly classified declaration includes unclassified information, as evidenced by Defendant's statement that "[t]he agency has since determined that

2

those passages do contain classified *or otherwise protected* information." (Def.'s Emerg. Mot. Extension of Time, Dkt. #29, at 2 (filed Aug. 7, 2023) (emphasis added).)

Simply put, the Court cannot allow a declaration to be filed *ex parte* and *in camera* in its entirety based on the assertion that it is classified when it discusses unclassified information. In any case, it cannot allow Defendant to file an entire declaration *in camera* without first requiring the filing of a redacted version on the public record or requiring Defendant to explain why the entire declaration must be sealed. *See*, *e.g.*, *Lion Raisins, Inc. v. Dep't of Agric.*, 354 F.3d 1072, 1083 (9th Cir. 2004) ("[A] district court may rely solely on *ex parte* affidavits 'only in the exceptional case' and only after 'the government has submitted as detailed public affidavits and testimony as possible.'") (quoting *Doyle v. FBI*, 722 F.2d 554, 556 (9th Cir. 1983)); *see also Wiener v. FBI*, 943 F.2d 972, 979 (9th Cir. 1991) (reversing district court's order granting summary judgment for the agency after *in camera* review of *ex parte* affidavits, where the district court did not first require the agency to submit public affidavits setting forth as much detail as possible). This emphasis on *public* affidavits is because the purpose of the affidavits "is not merely to inform the [opposing party] of the agency's conclusion that . . . particular [information] is exempt from disclosure . . . , but to afford the [opposing party] an opportunity to intelligently advocate release of the withheld [information] and to afford the court an opportunity to intelligently judge the contest." *Wiener*, 943 F.2d at 979.

It is additionally problematic that Defendant has made no effort to actually justify this filing other than making a conclusory statement that the information must be provided *ex parte* and *in camera*. While Plaintiff acknowledges that Defendant may need to circumlocute around any information which is properly kept secret, it must do more than it has here. Defendant's motion consists of nothing more than a conclusory statement that the information is sensitive and

a notice of its filing *ex parte* and *in camera*. Plaintiff agrees that the Court has the authority to allow Defendant to submit an *ex parte* and *in camera* declaration; the problem is that Defendant has totally failed to demonstrate that the Court *should*.

      A proposed Order has been included with this opposition.

Date:   August 7, 2023

                                                  Respectfully submitted,

                                                  /s/ Kelly B. McClanahan
Kelly B. McClanahan, Esq.
N.D. Tex. Bar #984704DC
National Security Counselors
4702 Levada Terrace
Rockville, MD 20853
301-728-5908
240-681-2189 fax
Kel@NationalSecurityLaw.org

*Counsel for Plaintiff*