UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

**Dallas Division**

| | | |
|---|---|---|
| ROBERT HOPKINS, III, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 3:22-cv-00706 (E) |
| DEPARTMENT OF DEFENSE, | * | |
| Defendant. | * | |

**PLAINTIFF'S UNOPPOSED MOTION FOR ENLARGEMENT OF
TIME WITHIN WHICH TO FILE OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS AND FOR SUMMARY JUDGMENT**

Plaintiff Robert Hopkins, III ("Hopkins") commenced this litigation against the Department of Defense ("DOD") in March 2022 to challenge the unconstitutional prior restraint imposed upon him with respect to manuscripts that he properly submitted for prepublication review between December 2020 and January 2022. After DOD spent over a year ostensibly reviewing Hopkins's manuscripts and extensive motion practice in which DOD heavily lobbied the Court to prohibit any mediation or discovery, allow DOD to file virtually all of its substantive evidence *in camera* and *ex parte*, and prohibit Hopkins from discussing the merits of DOD's redactions with his undersigned counsel, the Court ultimately directed DOD to file a motion for summary judgment, which it did on 4 October 2023. Meanwhile, on 24 July 2023, Hopkins submitted to DOD for prepublication review a mostly comprehensive response addressing almost all of DOD's redactions, which he intended to provide to his undersigned counsel to assist with the drafting of his opposition to DOD's motion, once DOD had cleared it for release. DOD informed Hopkins today, 23 October, that it would not clear *any* of his

response for release. Hopkins accordingly requests an appproximately ten-week extension of his deadline, until 5 January 2024, for filing his opposition to allow him to seek the Court's assistance with this matter, as well as to address other preliminary matters related to DOD's motion. This filing is currently due 25 October 2023.

As shown above, Hopkins has good cause to request this relief. As it stands, only Hopkins and DOD know what information has been redacted from his manuscripts, and due to this Court's orders the undersigned is unable to effectively communicate with his client about any of the redactions, even the ones which have been previously officially disclosed and are therefore not properly redacted, solely because *the defendant* unilaterally claims that they are properly redacted. It would cause manifest injustice to then require Hopkins to file two separate filings—one *in camera* document which his counsel cannot read and one legal brief written without access to most of the relevant evidence—without at least giving Hopkins an opportunity to advocate for the release of his evidence—largely consisting of screenshots and related documentation of previously officially disclosed records—to his undersigned counsel. This delay will also afford the parties—and the Court if necessary—time to resolve some other preliminary matters, such as certain information that Hopkins maintains was improperly filed *in camera* and *ex parte* by DOD, and it will also address the logistical issues raised by one of Hopkins's intended witnesses, who must also submit *his* intended declaration to DOD for prepublication review due to his own non-disclosure agreement.

DOD does not oppose this Motion. A proposed Order has been included with this Motion.

Date:   October 23, 2023

                                                                 Respectfully submitted,

/s/ Kelly B. McClanahan  
Kelly B. McClanahan, Esq.  
N.D. Tex. Bar #984704DC  
National Security Counselors  
4702 Levada Terrace  
Rockville, MD 20853  
301-728-5908  
240-681-2189 fax  
Kel@NationalSecurityLaw.org

*Counsel for Plaintiff*

3