UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

Dallas Division

| | | |
|---|---|---|
| ROBERT HOPKINS, III, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 3:22-cv-00706 (E) |
| DEPARTMENT OF DEFENSE, | * | |
| Defendant. | * | |

## PLAINTIFF'S MOTION TO PARTIALLY UNSEAL CLASSIFIED APPENDIX

Plaintiff Robert Hopkins, III ("Hopkins") commenced this litigation against Defendant Department of Defense ("DOD") in 2022 in part to challenge the unconstitutional prior restraint imposed upon him with respect to documents that he properly submitted for prepublication review. In support of its motion to dismiss and for summary judgment, Dkt. #32, DOD filed a Classified Appendix *ex parte* and *in camera*. (Not. of Lodging of *Ex Parte*, *In Camera* Class. App'x, Dkt. #32-4, at 1 (filed Oct. 4, 2023) [hereinafter Not. of Lodging].) Hopkins now respectfully asks the Court to unseal the following two categories of information and direct DOD to file redacted copies including this information in the Unclassified Appendix:

- portion marks and other classification markings for all three declarations; and

- the "table identifying which components applied which redactions."

(*Id.*)

As explained in the following memorandum, which has been included in this Motion due to its short length, the presumption of access to judicial records outweighs any interest DOD may have in the nondisclosure of this unclassified information.

A district court's decision to seal or unseal a judicial record is reviewed on appeal for abuse of discretion. *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 418 (5th Cir. 2021). DOD opposes this Motion. A proposed Order accompanies this Motion.

## **Memorandum of Points and Authorities**

### I. THE PRESUMPTION OF ACCESS APPLIES

The fact that both of these categories of information are being offered as material evidence to support summary judgment heavily supports the unsealing of this information. *See*, *e.g.*, *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995) (identifying "role of the material at issue in the exercise of Article III judicial power" as a key consideration). This presumption in favor of disclosure can be found in both common law and First Amendment jurisprudence. *See Nixon*

*v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978) ("It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents."). The Third Circuit summarized the existing case law thusly:

> The public's exercise of its common law access right in civil cases promotes public confidence in the judicial system . . . . As with other branches of government, the bright light cast upon the judicial process by public observation diminishes the possibilities for injustice, incompetence, perjury, and fraud. Furthermore, the very openness of the process should provide the public with a more complete understanding of the judicial system and a better perception of its fairness. Access to civil proceedings and records promotes public respect for the judicial process and helps to assure that judges perform their duties in an honest and informed manner. Accordingly, we have applied the presumption of public access to a variety of civil hearings and records, including the transcript of a civil trial and exhibits admitted at trial; settlement documents filed with the district court as well as post-settlement motions; and a civil hearing for a preliminary injunction and transcripts of that hearing.

*Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 660 (3d Cir. 1991) (internal quotations and citations omitted). *See also Richmond Newspapers v. Virginia*, 448 U.S. 555, 580 n.17 (1980) ("historically both civil and criminal trials have been presumptively open"); *Brown & Williamson Tobacco v. FTC*, 710 F.2d 1165, 1178 (6th Cir. 1983) ("The Supreme Court's analysis of the justifications for access to the criminal courtroom apply as well to the civil trial . . . . The concern of Justice Brennan that secrecy eliminates one of the important checks on the integrity of the system applies no differently in a civil setting.").

3

By the same token, the Court should not be swayed by the fact that parts of this case involved classified information, because there is no reason to believe that *this information* is properly classified. Accordingly, without any evidence to the contrary, the presumption in favor of disclosure cannot be rebutted, since "[t]he government has no legitimate interest in censoring unclassified materials." *McGehee v. Casey*, 718 F.2d 1137, 1141 (D.C. Cir. 1983).

Just three months ago, the Fifth Circuit explained, "We recently instructed that 'courts should be ungenerous with their discretion to seal judicial records' and warned that 'we heavily disfavor sealing information placed in the judicial record.'" *IFG Port Holdings, LLC v. Lake Charles Harbor & Terminal Dist.*, 82 F.4th 402, 411 (5th Cir. 2023) (citations omitted) (quoting *Binh Hoa Le* at 418 and *June Med. Servs., LLC v. Phillips*, 22 F.4th 512, 519-20 (5th Cir. 2022)). DOD cannot overcome this presumption with respect to the information at issue in this Motion.

## II.     INTRODUCTION TO PORTION MARKING

To clarify, portion marks are the codes placed at the beginning of each paragraph of a classified document specifying the level of classification of the information *in that paragraph*. According to the governing Executive Order, "[w]ith respect to each classified document, the agency originating the document shall, by marking or other means, indicate which portions are classified, with the

applicable classification level, and which portions are unclassified." Exec. Order 13,526 § 1.6(c). "Portions of documents shall be marked, at the beginning of each portion, in a manner that clearly identifies the classification and applicable control markings for that portion." Office of the Director of National Intelligence, *Intelligence Community Directive 710: Classification Management and Control Markings System* § D(1)(g) (June 21, 2013) [hereinafter ICD 710], *available at* https://www.dni.gov/files/documents/ICD/ICD-710.pdf (last accessed Jan. 5, 2024). For example, the Classified Declaration of Andrew T. Walter begins:

> 1   (U) This declaration is in support of the Department of Defense's (DoD) motion for summary judgment in this proceeding. The statements contained in this declaration are based upon my personal knowledge or information provided to me through the exercise of my official duties.

App. 306; Walter Decl. ¶ 1. In this paragraph, the portion mark (U) indicates that the entire paragraph is unclassified. If the portion mark was instead (TS//NF), this would indicate that the highest level of classification of information in that paragraph is Top Secret (TS) and that the classified information is not releasable to foreign nationals (NF). Controlled Access Program Coordination Office, *Intelligence Community Authorized Classification and Control Markings Register and Manual Volume 5, Edition 1* 28 (Mar. 30, 2012), *available at* https://www.dni.gov/files/documents/FOIA/Public_CAPCO_Register%20and%20Manual%20v5.1.pdf (last accessed Jan. 5, 2024).

5

"Portion marks must be used on all classified information regardless of format or medium, unless a waiver has been obtained in accordance with guidance from the [Information Security Oversight Office]. . . . Portion marks must always be placed at the beginning of the portions, immediately preceding the text to which it applies. This position affords maximum visibility to the reader. . . . If a classified document that is not portion marked is transmitted outside a unit that routinely deals with the subject information, the document must be portion marked." *Id*. at 16-17. In short, all classified documents must be portion marked, and all information *in* classified documents must be portion marked.

## III.   THE LACK OF AN OVERRIDING GOVERNMENT INTEREST

Simply put, there is no legitimate government interest sufficient to overcome the strong presumption of access to court records. As shown above, portion marks are simply standardized marks which are required to be placed in documents containing classified information. For unknown reasons, when DOD redacted language from the classified declarations, it redacted the portion marks as well. *E.g.,* App. 308-12; Walter Decl. ¶¶ 8-12. Except in rare circumstances, none of which are present here, the classification level of redacted information cannot be considered a piece of classified information in its own right. Instead, DOD is abusing the redactions simply to obtain a litigation advantage, ignoring the fact that

it can only redact *properly classified information* from its evidentiary filings.[1] This is true for the two declarations for which it has already filed redacted copies on the public record, and it is equally true for the declaration it has filed *ex parte* and *in camera* in its entirety (Not. of Lodging at 1).

Similarly, absent some currently undisclosed government interest, "a table identifying which components applied which redactions" (*id.*) is also not properly classified information, when one considers that the information to which it relates remains redacted. As a hypothetical example, releasing a piece of this information would effectively inform a reader that the first line of page 26 was redacted by the National Security Agency ("NSA"), which is meaningless if the reader does not know what the first line of page 26 actually says. In contrast, *Hopkins* can potentially use this information to refute DOD's claim that the first line of page 26 was properly censored, perhaps by demonstrating that his source was a declassified NSA publication (as opposed to a publication from another agency), or perhaps by demonstrating that NSA had no equities in the information in that line and so could not legitimately censor it. Meanwhile, according to the Court's prior ruling, Hopkins's declaration explaining this analysis will also be filed *ex parte* and *in camera*, and so the connection between the agency and the redacted information

---

[1] By the same token, DOD should be required to remove the redactions of the banners at the top of each redacted page which provide the classification markings for the entire document.

remains hidden from public view, even if it might otherwise be properly classified in its own right (which Hopkins contests). In other words, unless DOD can convince this Court that the DOD components who censored Hopkins's manuscript—the identities of which are already public—must not be accountable for their specific acts of censorship because *their respective responsibilities for specific redactions* is properly classified, the Court should find that DOD has not met its high burden to conceal this information from Hopkins and the public.

## IV.   CERTIFICATE OF CONFERENCE

The undersigned conferred with DOD's counsel John Lewis and Lisa Newman conferred regarding the relief requested in this Motion on 23 October 2024. DOD's counsel responded, in pertinent part, "We . . . see no need to disclose the portion-markings for the redacted paragraphs in the declarations or in the fully classified declaration to you at this time. Revealing that information could also reveal information about the substance of the redacted paragraphs. . . . Similarly, the Department of Defense, as a matter of policy, does not disclose which component made which redaction to uncleared persons, as doing so could also provide information about the substance of the redactions." In a followup discussion, DOD's counsel advised the undersigned that "all of the paragraphs that have been redacted from the two declarations in the unclassified appendix, as well as the entire fully sealed declaration, are marked classified." However, this does

not resolve the issue, since there is no question that the sealed declaration *as a whole* is marked classified; that only means that it contains classified information, not that it *only* contains classified information, and in any case it does not shed any light on the *level* of the classified information allegedly present in the withheld portions. Accordingly, the parties were unable to reach agreement.

V.   **CONCLUSION**

The Court should grant this Motion and order DOD to file redacted copies of all three declarations on the public record with all classification markings intact, as well as a fully unredacted copy of the table identifying which components applied which redactions. A proposed Order has been included with this Motion.

Date:  January 5, 2024

                                          Respectfully submitted,

                                          /s/ Kelly B. McClanahan
                                          Kelly B. McClanahan, Esq.
                                          N.D. Tex. Bar #984704DC
                                          National Security Counselors
                                          4702 Levada Terrace
                                          Rockville, MD 20853
                                          301-728-5908
                                          240-681-2189 fax
                                          Kel@NationalSecurityLaw.org

                                          *Counsel for Plaintiff*

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing filing contains 1894 words.

                                        /s/ Kelly B. McClanahan
                                        Kelly B. McClanahan, Esq.