# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| ROBERT HOPKINS, III, *Plaintiff*, v. DEPARTMENT OF DEFENSE, *Defendant*. | No. 3:22-CV-00706-E |

## DEFENDANT'S COMBINED OPPOSITION TO PLAINTIFF'S MOTION TO STAY SUMMARY JUDGMENT BRIEFING AND MOTION TO PARTIALLY UNSEAL CLASSIFIED APPENDIX

### INTRODUCTION

Plaintiff Robert Hopkins has now moved on three separate occasions to stay this litigation to upend the well-established process for litigating and ultimately resolving a prepublication review case. Hopkins previously requested—and the Court denied—stays to resolve claims that his counsel be granted access to classified information submitted to DoD or the Court, and a claim that information DoD redacted from Hopkins's manuscript is not classified. This latest request is no different. Hopkins now moves to stay summary judgment briefing, which is underway, until the Court resolves requests by Hopkins for his counsel to have access to a classified document and to unseal portions of the classified appendix

1

submitted with Defendant's motion for summary judgment. Dkt. 37 (Motion to Stay).

The Court should deny this latest stay request, as it did the past requests. Aside from disrupting the typical process for litigating a prepublication review case, staying the briefing would require the Court to prematurely consider, in the middle of summary judgment briefing, whether the information sought by Hopkins is classified. The Court will be best suited to resolve that question when the briefing is complete. The Court correctly denied Hopkins's requests in the past "pending the Court's adjudication of Defendant's [] motion for summary judgment," and should do so again. Dkt. 24. Defendant's summary judgment motion has not been "adjudicated," and in its reply brief and accompanying classified declarations, Defendant will address the classified nature of both the document Hopkins seeks to share with his counsel and the appendix. Accordingly, Defendant requests that the Court deny Hopkins's motion to stay summary judgment briefing, Dkt. 37, and deny his motion to partially the unseal classified appendix, Dkt. 38.

## BACKGROUND

Hopkins first moved to stay this case in May 2023 to adjudicate a forthcoming motion to compel Defendant to grant Hopkins's counsel access to classified information. Dkt. 15. The government opposed that motion, Dkt. 17, explaining that resolving counsel's access to classified information claim prior to summary

2

judgment would be contrary to the well-established process for adjudicating prepublication review cases. *Id.* at 2-6. The Court denied Hopkins's motion and stayed all other case deadlines "pending the Court's adjudication of Defendant's forthcoming motion for summary judgment." Dkt. 24.

In June 2023, Hopkins then moved for leave to file a partial motion for summary judgment to advance an argument that certain information redacted from one of Hopkins' manuscripts "has been previously officially disclosed and is not properly classified." Dkt. 25 at 1-2. Defendant opposed that motion, noting that this issue would be addressed in its summary judgment briefing and classified appendices. Dkt. 26. The Court denied Hopkins's motion "having already concluded that the Court will consider Defendant's motion for summary judgment before determining how to proceed with this case." Dkt. 28.

On October 4, 2023, Defendant filed its motion for summary judgment. This motion was accompanied by a classified appendix that included *ex parte*, *in camera* declarations from Defendant explaining the basis for the contested redactions in Hopkins's manuscripts.

On October 23, 2023, DOPSR notified Hopkins that a document he submitted for prepublication review regarding alleged public sourcing of information in his manuscripts was not cleared for publication and was unsuitable for public release. That document was intended to demonstrate that information that DOPSR redacted

in Hopkins's manuscripts "was previously officially declassified and/or disclosed." Dkt. 37 at 1.

Hopkins's opposition to Defendant's summary judgment motion was due on January 5, 2023. On January 3, Hopkins moved again to stay summary judgment briefing pending the Court's resolution of two motions Hopkins planned to file: (1) a motion to unseal part of the government's classified appendix that it submitted with summary judgment, and (2) a motion to authorize Hopkins's counsel to have access to the alleged public sourcing document that DOPSR determined cannot be publicly released. Dkt. 37.

In the first motion, which Hopkins filed on January 5, Hopkins asked the Court to unseal the portion markings and other classification markings, as well as a table identifying which components applied which redactions, in the government's classified declarations. Dkt. 38. Hopkins's rationale is his presumption that such information cannot possibly be classified. *Id*. at 6-7. Hopkins has not yet filed the second motion but claims it will argue that Hopkins's attorney should receive access to the alleged public sourcing document so that he can use it to prove to the Court that information that DOPSR redacted from the manuscripts has been officially acknowledged. Dkt. 37 at 2. Defendant consented only to a stay of the summary judgment briefing schedule pending the Court's resolution of the first motion, but

4

since that filed motion is broader than how it was described during the parties' conferral, Defendant now opposes Hopkins's stay motion in its entirety.[1]

## ARGUMENT

The Court should reject Hopkins's latest attempt to stay the Court's adjudication of Defendant's motion for summary judgment, which would upend the established judicial review process for prepublication review cases set forth in *Stillman v. CIA*, 319 F.3d 546, 548-49 (D.C. Cir. 2003). Under this framework, the Court should first attempt to assess the government's withholdings based on the government's classified declarations and resolve these issues without the assistance of Hopkins's counsel. When it submits its summary judgment reply brief, the government will explain in classified declarations why the information that Hopkins moves to unseal is classified, an explanation that cannot be provided on the public record.[2] It will also explain in classified declarations why the sources in Hopkins's alleged public sourcing document do not constitute an official acknowledgment. At that point in time, the Court can consider the briefing and declarations together to determine whether the government has justified its withholdings.

---

[1] Defendant does not oppose a reasonable extension, *nunc pro tunc*, of Hopkins's deadline to respond to Defendant's summary judgment motion, in light of Defendant's changed position on the stay motion.

[2] If the government determines in the course of preparing its classified submission that any information withheld in the government's classified declarations can be released, it will do so at that time.

I.  **The Court Should not Delay Summary Judgment Briefing to Adjudicate Hopkins's Motion to Unseal Certain Information From the Classified Appendix or the Forthcoming Motion to Grant His Counsel Access to the Alleged Public Sourcing Document.**

In *Stillman*, the D.C. Circuit set forth the framework for judicial review of the government's classification decisions in prepublication review cases:

> The district court should first inspect the manuscript and consider any pleadings and declarations filed by the Government, as well as any materials filed by [the plaintiff] …. The court should then determine whether it can, consistent with the protection of [the plaintiff's] first amendment rights to speak and to publish, and with the appropriate degree of deference owed to the Executive Branch concerning classification decisions, resolve the classification issue without the assistance of plaintiff's counsel.

319 F.3d at 548-49.  If the Court cannot assess the government's redactions based solely on the government's filings, then the Court must "consider whether its need for such assistance outweighs the concomitant intrusion upon the Government's interest in national security." *Id.* at 549.  "Only then should it decide whether to enter an order granting [plaintiff's counsel] access to the manuscript and, if similarly necessary, to the Government's classified pleadings and affidavits." *Id.*

Moreover, the *Stillman* framework contemplates the possibility of an immediate appeal should a court order the significant step of granting Hopkins's counsel access to classified information.  The granting of a security clearance for access to classified information is within the discretion of the Executive Branch.  *See Dep't of Navy v. Egan*, 484 U.S. 518, 528 (1988) ("It should be obvious that no one

6

has a 'right' to a security clearance. The grant of a clearance requires an affirmative act of discretion on the part of the granting official."). The court in *Stillman* observed that "[i]f the court enters such an order, then Government may appeal," and the court of appeals would then "have to resolve the constitutional question" of whether counsel has a First Amendment right of access to classified materials. *Id.*

This approach to judicial review has been uniformly applied in prepublication review cases. *See, e.g.*, *McGehee v. Casey*, 718 F.2d 1137, 1149 (D.C. Cir. 1983) ("We anticipate that *in camera* review of affidavits, followed if necessary by further judicial inquiry, will be the norm."); *Shaffer v. Def. Intel. Agency*, 102 F. Supp. 3d 1, 10 (D.D.C. 2015) ("a district court must first attempt to resolve a classification challenge *ex parte*"); *Berntsen v. CIA*, 618 F. Supp. 2d 27, 28 (D.D.C. 2009); *Boening v. CIA*, 579 F. Supp. 2d 166, 174-75 (D.D.C. 2008) ("prepublication review cases can and should begin with *ex parte* and *in camera* consideration."); *Wilson v. CIA*, 586 F.3d 171, 195 (2d Cir. 2009) ("We have reviewed defendants' unclassified submissions as well as—without objection by the parties—the classified materials provided to the court *ex parte*…."). This approach avoids the need for the court to unnecessarily address constitutional questions concerning granting counsel access to classified information, including the potential need for an interlocutory appeal. *See Lyng v. Northwest Indian Cemetery Protective Ass'n*, 485 U.S. 439, 445 (1988) ("A fundamental and longstanding principle of judicial restraint requires that courts

avoid reaching constitutional questions in advance of the necessity of deciding them.").

Consistent with *Stillman*, the Court denied Hopkins's previous motions to stay the case to allow Hopkins to argue that his counsel should be granted access to classified information or that information redacted from one of Hopkins' manuscripts is not properly classified. *See* Dkts. 15, 24, 25, 28. Hopkins's instant stay motion asks the Court to stay summary judgment briefing, already underway, for the same reasons, and should be similarly denied. Hopkins argues that his counsel is "entitled to see the evidence he has provided to Defendant proving that the information being censored in this case has been officially declassified or was not classified in the first place, so that his undersigned attorney can accordingly use that evidence to prove as much to the Court." Dkt. 37 at 2. But Hopkins's counsel has no entitlement to view classified information. As *McGehee* explains, courts look *to the government* to justify its redactions and withholding of classified information. 718 F.2d at 1148.

The plaintiff in a prepublication review case may attempt to show that the government has officially acknowledged the information deemed classified, meaning that equally specific information exactly matching the information at issue "was made public through an official and documented disclosure." *See Fitzgibbon v. CIA*, 911 F.2d 755, 765 (D.C. Cir. 1990); *see also Shaffer*, 102 F. Supp. 3d at 9

(noting the important difference between an official and unofficial disclosure for purposes of determining whether information remains classified). Hopkins has attempted to do so in the alleged public sourcing document that he submitted to DOPSR and that he seeks, in a forthcoming motion, to share with his counsel. Defendant will provide the alleged public sourcing document to the Court in a classified appendix accompanying Defendant's summary judgment reply brief and will explain to the Court in its classified declarations why sources Hopkins identified do not constitute official disclosures or why the redacted information in the manuscripts has not been declassified. Because the Court will have access to the alleged public sourcing document *in camera*, there is no need for Hopkins's counsel to "use that evidence to prove as much to the Court." Dkt. 37 at 2. Instead, following *Stillman* and its progeny, the Court should first attempt to assess the government's redactions based on the government's declarations, without the assistance of Hopkins's counsel. *See Lawless v. Department of Defense*, 1:21-cv-2859-TJK, Dkt. 28 (D.D.C. Mar. 6, 2023) (in prepublication review case, denying the plaintiff's motion to compel the government to provide access to classified information in the middle of summary judgment briefing).

For the same reason, the Court should not stay the summary judgment briefing to resolve Hopkins's motion to partially unseal the classified appendix. Hopkins baldly asserts that the information from the classified appendix that he seeks is

"unclassified information," Dkt. 38 at 2, that "the classification level of redacted information cannot be considered a piece of classified information," *id.* at 6, and that "DOD is abusing the redactions simply to obtain a litigation advantage," *id*. Importantly, is it clear how portion markings and other classification markings are relevant to Hopkins' opposition to summary judgment. In any event, the government will explain why the information Hopkins moves to unseal is properly classified in the classified declarations it submits with its summary judgment reply brief. The Court can consider all of the briefing and declarations together and determine whether the government has justified the redactions that it made to Hopkins's manuscripts; withholding the alleged public sourcing document; and withholding the portion markings, overall classification, and components involved in redacting Hopkins's manuscripts. These questions will require the Court to answer the same fundamental question: has the government met its burden in justifying its withholdings? The Court will be well-positioned to resolve that question when summary judgment briefing is completed, consistent with *Stillman*.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court deny Hopkins's motion to stay summary judgment briefing and deny Hopkins's motion to partially unseal classified appendix.

Dated: January 24, 2024

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director

*/s/ Lisa Newman*
LISA NEWMAN (TX Bar No. 24107878)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW, Rm. 12002
Washington, D.C. 20530
Tel: (202) 514-5578
E-mail: lisa.n.newman@usdoj.gov

*Attorney for Defendant*

**CERTIFICATE OF WORD COUNT**

I hereby certify that the foregoing brief contains 2,373 words, exclusive of the case caption, signature block, and certificates, but inclusive of footnotes, according to Microsoft Word's word-count register.

*/s/ Lisa Newman*
Lisa Newman

**CERTIFICATE OF SERVICE**

I hereby certify that on January 24, 2024, a copy of the foregoing was filed electronically via the Court's ECF system, which effects service upon counsel of record.

*/s/ Lisa Newman*
Lisa Newman