UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

Dallas Division

| | | |
|---|---|---|
| ROBERT HOPKINS, III, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 3:22-cv-00706 (E) |
| DEPARTMENT OF DEFENSE, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S REPLY IN SUPPORT OF HIS PARTIALLY UNOPPOSED MOTION TO STAY BRIEFING OF DEFENDANT'S MOTION TO DISMISS AND FOR SUMMARY JUDGMENT**

After advising Plaintiff's undersigned counsel that "Defendant does not oppose this Motion insofar as it asks the Court to stay the briefing while the Court resolves the forthcoming motion to unseal but does oppose this Motion insofar as it asks the Court to stay the briefing while the Court resolves the forthcoming motion for access" (Pl.'s Corr. Part. Unopposed Mot. Stay Briefing Def.'s Mot. Dismiss & Summ. J., Dkt. #37, at 3 (filed Jan. 3, 2024)), Defendant now opposes Plaintiff's motion "in its entirety" based solely on the unsupported claim that "that filed motion is broader than how it was described during the parties' conferral." (Def.'s Comb. Opp'n Pl.'s Mot. Stay Summ. J. Briefing & Mot. Part. Unseal Class. App'x, Dkt. #39, at 4-5 (filed Jan. 24, 2024) [hereinafter Def.'s Opp'n].) This Court

should overrule Defendant's objection, if only because it fundamentally misrepresents the facts.

On 3 January 2024, the undersigned emailed Defendant's counsel and stated that he would be filing a motion asking the Court "to unseal the information I asked DOD to release to me (namely, the declarations' portion markings and the components responsible for each redaction)." (Email from Newman to McClanahan of 1/3/24, attached as Ex. 1.) Defendant's counsel replied, "[W]e do not oppose a stay of the summary judgment deadlines pending resolution of your forthcoming motion to unseal" if Plaintiff was not satisfied with additional information Defendant had provided. (*Id.*) The undersigned then filed a motion "ask[ing] the Court to unseal the portion markings and other classification markings, as well as a table identifying which components applied which redactions, in the government's classified declarations." (Def.'s Opp'n at 4.) This is exactly the relief that the undersigned advised Defendant's counsel he would request, and Defendant has grossly mischaracterized it in an attempt to avoid meaningful judicial review of Plaintiff's motions. The Court should reject this gambit outright.

As described in Plaintiff's motion to stay, since the logic of staying the briefing while resolving one motion equally applies to staying the briefing while resolving both motions, there is no principled reason to only stay the briefing while

2

the Court considers one motion when it has been presented with two. The undersigned admits that he intended to file the second motion shortly after the first motion but failed to do so due to complicating factors beyond his control, but he will be filing that motion this week, if not contemporaneously with this reply. There will therefore exist no reason not to stay the summary judgment briefing until the Court has considered all of the intervening motions before it.

Date:  February 7, 2024

        Respectfully submitted,

        /s/ Kelly B. McClanahan
        Kelly B. McClanahan, Esq.
        N.D. Tex. Bar #984704DC
        National Security Counselors
        4702 Levada Terrace
        Rockville, MD 20853
        301-728-5908
        240-681-2189 fax
        Kel@NationalSecurityLaw.org

        *Counsel for Plaintiff*

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing filing contains 554 words.

        /s/ Kelly B. McClanahan
        Kelly B. McClanahan, Esq.