**Kel McClanahan, Esq.**

---

| | |
|---|---|
| **From:** | Newman, Lisa N. (CIV) <Lisa.N.Newman@usdoj.gov> |
| **Sent:** | Wednesday, January 3, 2024 11:39 AM |
| **To:** | Kel McClanahan, Esq.; Lewis III, John T. (CIV) |
| **Subject:** | RE: [EXTERNAL] RE: Combined Response for Change to Klaxon, 4 articles |

Hi Kel,

In regards to the October email that you reference, I can confirm that all of the paragraphs that have been redacted from the two declarations in the unclassified appendix, as well as the entire fully sealed declaration, are marked classified.  However, we do not oppose a stay of the summary judgment deadlines pending resolution of your forthcoming motion to unseal if this additional information does not resolve the issue.

Additionally, we emailed in early December about instructing the publisher to keep the books in a secure location and to refrain from further dissemination or disclosure of the manuscripts and asked that you relay the publisher's response as soon as possible.  We did not hear anything back from you, so please let us know what the publisher's response was.

All the best,
Lisa

---

**From:** Kel McClanahan, Esq. <kel@nationalsecuritylaw.org>
**Sent:** Monday, January 1, 2024 11:44 PM
**To:** Newman, Lisa N. (CIV) <Lisa.N.Newman@usdoj.gov>; Lewis III, John T. (CIV) <John.T.Lewis.III@usdoj.gov>
**Subject:** RE: [EXTERNAL] RE: Combined Response for Change to Klaxon, 4 articles

Actually, I just realized that I hadn't factored in the full briefing time necessary for the motion I *will* be filing this week to unseal the information I asked DOD to release to me (namely, the declarations' portion markings and the components responsible for each redaction). NDTex gives 21 days to oppose and 14 days to reply, which means that if I file my motion this Friday, your oppo wouldn't be due until 1/26 and my reply wouldn't be due until 2/9. Which would mean that even if I asked for a 5-week extension, my oppo would be due before the judge ever got a chance to rule on the motion to unseal. So if I do an extension motion I'm going to need to ask for slightly over 7 weeks (until 2/26) to give her approximately 2 weeks to consider and rule on the motion to unseal.

Or, alternatively (and my preference), I could simply file this motion to unseal on Friday along with a consent motion to stay the case until after she resolves that motion, and then we don't have to keep re-extending the deadline. I was so quick firing off that email to you on Friday that I completely forgot that this was something we still needed to do, primarily because I didn't even realize that Lisa would have today off until about 5:55 on Friday evening while driving to pick my daughter up from daycare, which make me quickly email you both without fully thinking it through. We'd discussed a stay before, but decided against it in October because there was still a chance that we could obviate the need for a motion to unseal by DOD just giving me the information I was asking for, but after John asked me why I needed the portion markings and I replied, nobody on your end responded. So now that we know a motion to unseal will be required, a motion to stay would make far more sense (and is generally how things proceed IME when a motion to unseal something is filed in the middle of SJ briefing).

1

Ex. 1