UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

Dallas Division

| | | |
|---|---|---|
| ROBERT HOPKINS, III, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 3:22-cv-00706 (E) |
| DEPARTMENT OF DEFENSE, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION
TO PARTIALLY UNSEAL CLASSIFIED APPENDIX**

Plaintiff Robert Hopkins, III ("Hopkins") filed a reasonable motion requesting specific, reasonable relief: unsealing a small amount of unclassified information from a lengthy *in camera*, *ex parte* appendix. Hopkins demonstrated through citations to specific, definitive authorities that the specific information was unlikely to be classified, and that because the presumption of openness in court records applies, the burden now shifts to Defendant Department of Defense ("DOD") to demonstrate that an overriding government interest in keeping *this specific information* secret exists.

Instead of offering *any* evidence—or even argument—that this particular information should be kept secret, DOD asks this Court to just deny Hopkins's

motion to unseal and let it "address the classified nature of . . . the appendix" in its summary judgment reply and unspecified further classified declarations. (Def.'s Comb. Opp'n Pl.'s Mot. Stay Summ. J. Briefing & Mot. Part. Unseal Class. App'x, Dkt. #39, at 2 (filed Jan. 24, 2024) [hereinafter DOD's Opp'n]; *see also id.* at 5 ("When it submits its summary judgment reply brief, the government will explain in classified declarations why the information that Hopkins moves to unseal is classified, an explanation that cannot be provided on the public record.").) In other words, DOD does not want to offer this alleged evidence *now* in the context of *Hopkins's* Motion because it prefers to offer it *later* in the context of *its* Motion. While DOD's true motivation for assigning a higher priority to its convenience than to the generally accepted rules of civil procedure remain a mystery, one can speculate that the fact that the Court disfavors sur-replies likely plays a role, since according to that rule it would be unlikely that Hopkins could then use any argument or evidence provided with DOD's reply to oppose summary judgment.

Whatever reasons DOD might have for attempting to dictate the conduct of this litigation, however, the fact remains that by not offering any evidence in response to *this* Motion, DOD has waived the argument as a matter of law, which this Court has recognized several times, most recently the same day that DOD filed its opposition. *See, e.g.*, *Cepeda v. City of Rockwall*, No. 23-2234, 2024 WL 264688, at *2 n.2 (N.D. Tex. Jan. 24, 2024) ("Generally, the failure to respond to

2

arguments constitutes abandonment or waiver of the issue.") (quoting *Kellam v. Metrocare Servs.*, No. 12-352, 2013 WL 12093753, at *3 (N.D. Tex. May 31, 2013), *aff'd*, 560 F. App'x 360 (5th Cir. 2014)). While this rule is typically applied in the context of a motion to dismiss or for summary judgment, the rule is not limited to those contexts. *See*, *e.g.*, *Baugh v. Voyager Indem. Ins. Co.*, No. 19-14275, 2020 WL 6163682, at *4 n.5 (E.D. La. Sept. 15, 2020) (finding waiver of arguments in a motion to compel); *Doe v. Coastal Carolina Univ.*, No. 18-268, 2021 WL 1654747, at *2 n.5 (D.S.C. Mar. 5, 2021) ("Plaintiff's failure to respond to Defendant's position [in a motion *in limine*] is arguably reason enough to grant Defendant's motion.") (citing *J.R. v. Walgreens Boots All., Inc.*, 470 F. Supp. 3d 534, 550 (D.S.C. 2020)). Therefore, since DOD has not offered any evidence that *the particular information in question* is properly classified, choosing instead to "promise to address it later," it has waived the argument.

Instead of offering particularized arguments and evidence, DOD instead reiterates its argument about the course it believes this case should take, in which the Court must first attempt to "assess the government's redactions based *solely* on the government's filings." (DOD's Opp'n at 6 (emphasis added).) Despite just having quoted a passage in which the D.C. Circuit advised that a court should "consider any pleadings and declarations by the Government, *as well as any materials filed by [the plaintiff]*" (*id.* (emphasis added) (quoting *Stillman v. CIA*,

319 F.3d 546, 548-49 (D.C. Cir. 2003))), DOD pivots to argue that the Court should not consider anything besides *its* filings, effectively arguing that there is no place in the Court's process for any input from Hopkins or his counsel. It makes this argument because it seeks to discourage the Court from questioning a core assumption: that the information in question *is classified*. The entire discussion of the allegedly "uniform" course of prepublication review is predicated on the Court accepting without question that the classification markings and the list of agencies *are classified*. (*See* DOD's Opp'n at 6 ("Only then should it decide whether to enter an order granting [plaintiff's counsel] access to the manuscript and, if similarly necessary, to the Government's *classified* pleadings and affidavits.") (emphasis added), 7 ("This approach avoids the need for the court to unnecessarily address constitutional questions concerning granting counsel access to *classified* information.") (emphasis added).)

However, despite DOD's entire argument resting on the Court's acceptance of its contention that these classification markings and agency names are classified, DOD does not actually offer any evidence to support such a finding. In fact, DOD's only mention of the specific arguments in Hopkins's motion to unseal is three sentences in the penultimate paragraph of its opposition:

> Hopkins baldly asserts that the information from the classified appendix that he seeks is "unclassified information," that "the classification level of redacted information cannot be considered a piece of classified information," and that "DOD is abusing the

4

> redactions simply to obtain a litigation advantage." Importantly, is it clear how portion markings and other classification markings are relevant to Hopkins' opposition to summary judgment. In any event, the government will explain why the information Hopkins moves to unseal is properly classified in the classified declarations it submits with its summary judgment reply brief.

(*Id.* at 9-10 (citations omitted).) Put simply, DOD first accurately presents Hopkins's arguments, then it appears to attempt to suggest that the information in question is not relevant (although the sentence does not make sense as written),[1] and then it finally promises to provide evidence later when it is more convenient.

However, it is "not enough to merely mention or allude to a legal theory," *United States v. Scroggins*, 599 F.3d 433, 446-47 (5th Cir. 2010), and "[t]his failure to develop the relevant argument effectively represents a waiver of the point." *U.S. ex rel. Wuestenhoefer v. Jefferson*, 105 F. Supp. 3d 641, 672 (N.D. Miss. 2015) (citing *United States v. Dominguez-Chavez*, 300 F. App'x 312, 313 (5th Cir. 2008)). "Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in [a] skeletal way, leaving the court to put flesh on its bones." *Nelson v. Landry*, No. 20-837. 2024 WL 409385, at *15 (M.D.

---

[1] With respect to the relevance of this information, Hopkins is willing to provide the Court with a full explanation *in camera* and *ex parte* if the Court desires such information, but he is uncomfortable providing sensitive information about his litigation strategy within the hearing of DOD, which may choose to act on that information to his detriment. In any case, even if the Court accepts DOD's implication that the information in question is not immediately relevant, lack of immediate relevance is not a recognized exception to the presumption of open court records.

5

La. Feb. 2, 2024) (quoting *El-Moussa v. Holder*, 569 F.3d 250, 257 (6th Cir. 2009)). DOD elides over the fundamental flaw in its argument: that it was required to oppose Hopkins's motion to unseal on the public record. It complains that it cannot explain why classification markings and agency names are classified on the public record, but it was always free to ask the Court to review such evidence *in camera* and *ex parte*. It did not do so *by choice*, and now it cannot be heard to complain about the logical consequences of that choice.

DOD's last remaining argument is its weakest. It argues, in effect, that the fact that an order unsealing the requested information would be grounds for an interlocutory appeal means that the Court should not issue such an order. (DOD's Opp'n at 6-7.) Hopkins does not dispute that "[i]f the court enters such an order, then Government [sic] may appeal." (*Id.* at 7 (quoting *Stillman*, 319 F.3d at 549).) However, this fact is meaningless. By DOD's logic, the Court should never issue any order which could be the subject of an interlocutory appeal because then the losing party might file such an appeal. The possibility that a decision might be appealed is not a factor the Court is allowed to consider.

In closing, it is important to recognize what Hopkins is *not* requesting with this Motion. He is not requesting that classified information be unsealed. He is not requesting that any part of his manuscripts be unsealed. He is only requesting that the Court not allow DOD to withhold evidence which is, from all the evidence in

6

the record, not classified. DOD, for its part, could have potentially provided evidence that the information in question is in fact classified. In order to obtain a litigation advantage—or simply because it found the prospect inconvenient—it did not do so. Therefore, the only evidence regarding the classification status of this information favors Hopkins, and DOD has completely waived its right to object. The Court should accordingly order DOD to file sanitized copies of the classified declarations and agency list on the public record, with all classification markings and the full agency list unredacted.

Date: February 7, 2024

                                                    Respectfully submitted,

/s/ Kelly B. McClanahan
Kelly B. McClanahan, Esq.
N.D. Tex. Bar #984704DC
National Security Counselors
4702 Levada Terrace
Rockville, MD 20853
301-728-5908
240-681-2189 fax
Kel@NationalSecurityLaw.org

*Counsel for Plaintiff*

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing filing contains 1679 words.

                                                 /s/ Kelly B. McClanahan
                                                Kelly B. McClanahan, Esq.