UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

Dallas Division

| | |
|---|---|
| ROBERT HOPKINS, III, | * |
| Plaintiff, | * |
| v. | * Civil Action No. 3:22-cv-00706 (E) |
| DEPARTMENT OF DEFENSE, | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S MOTION TO AUTHORIZE HIS
COUNSEL TO ACCESS HIS INTENDED EVIDENCE**

Plaintiff Robert Hopkins, III ("Hopkins") commenced this litigation against Defendant Department of Defense ("DOD") in 2022 in part to challenge the unconstitutional prior restraint imposed upon him with respect to documents that he properly submitted for prepublication review. In October 2023, DOD filed a motion to dismiss and for summary judgment, which it supported with a purportedly classified *ex parte, in camera* appendix. Knowing that DOD would contend that he must meet an extremely high burden to demonstrate with particularity that he had only relied on publicly available and previously officially disclosed information, Hopkins submitted a lengthy document ("the Draft Response") to the Defense Office of Prepublication and Security Review

("DOPSR") over two months before DOD filed its dispositive motion, which constituted "a mostly comprehensive response addressing almost all of DOD's redactions from the various manuscripts included in this case."

On 23 October 2023, two days before Hopkins's opposition to DOD's dispositive motion was due, DOPSR responded to Hopkins advising him that he was prohibited from providing any of the Draft Response to his undersigned counsel. Hopkins now respectfully asks the Court to authorize his undersigned counsel to access the Draft Response—or a reasonably sanitized version thereof—on the grounds that it consists virtually entirely of literal images of passages from other publicly available documents which have been either previously officially disclosed or are not otherwise classified, or both. As explained in the attached memorandum, the presumption of access to judicial records outweighs any interest DOD may have in the nondisclosure of this unclassified information, and in any case, DOD cannot meet its burden of proving that the unclassified, publicly available information in this document warrants the drastic consequence of being forcibly withheld from Hopkins's own counsel.

A district court's decision to seal or unseal a judicial record is reviewed on appeal for abuse of discretion. *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 418 (5th Cir. 2021). A decision to grant a plaintiff's counsel access to properly classified information was reviewed on appeal in the D.C. Circuit for abuse of

discretion. *Stillman v. CIA*, 319 F.3d 546, 547 (D.C. Cir. 2003). However, whether the information is properly classified or not is a question of law and thus subject to *de novo* review, albeit with deference afforded "to reasoned and detailed [agency] explanations of that classification decision." *McGehee v. Casey*, 718 F.2d 1137, 1148 (D.C. Cir. 1983). Hopkins therefore respectfully maintains that the appropriate appellate standard of review for this motion is *de novo*. DOD opposes this Motion. A proposed Order accompanies this Motion.

Date:  February 12, 2024

                                                             Respectfully submitted,

                                                             /s/ Kelly B. McClanahan  
                                                             Kelly B. McClanahan, Esq.  
                                                            N.D. Tex. Bar #984704DC  
                                                            National Security Counselors  
                                                            4702 Levada Terrace  
                                                            Rockville, MD 20853  
                                                            301-728-5908  
                                                            240-681-2189 fax  
                                                            Kel@NationalSecurityLaw.org

                                                            *Counsel for Plaintiff*