# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

## Dallas Division

| | | |
|---|---|---|
| ROBERT HOPKINS, III, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 3:22-cv-00706 (E) |
| DEPARTMENT OF DEFENSE, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## PLAINTIFF'S UNOPPOSED MOTION FOR RECONSIDERATION

NOW COMES Plaintiff Robert Hopkins, III ("Hopkins"), pursuant to Federal Rule of Civil Procedure ("FRCP") 60(b)(1), to respectfully request reconsideration of the Court's Judgment dated 25 March 2024. As explained in the following memorandum, which has been included in this Motion due to its short length, Hopkins's failure to file a timely opposition to Defendant Department of Defense's ("DOD") dispositive motion was the product of a mutual understanding shared by the parties that the briefing of that motion would be stayed, and that misunderstanding satisfies the test for excusable neglect, which is the standard by which FRCP 60(b)(1) motions are measured.

A district court's decision on an FRCP 60(b) motion is reviewed for abuse of discretion on appeal. *Roberts v. Wal-Mart La., LLC*, 54 F.4th 852, 854 (5th Cir.

2022). DOD takes no position on this Motion. A proposed Order accompanies this Motion.

## Memorandum of Points and Authorities

I.  HOPKINS DEMONSTRATED EXCUSABLE NEGLECT

The undersigned sincerely apologizes to the Court for his role in the sequence of events which led to its decision to grant DOD's dispositive motion as abandoned. Simply put, after he filed the partially unopposed motion to stay the briefing of DOD's dispositive motion on 3 January 2024, he incorrectly assumed that the motion would be granted—if only in part—due to the fact that DOD only opposed part of it.[1] Hopkins requested a stay of the briefing until the Court had ruled on two procedural motions, and DOD did not oppose a stay until the Court had ruled on one of them. To the undersigned's understanding, this meant that DOD had no objection to a stay of the briefing of its dispositive motion until the Court had ruled on the motion to unseal that he filed on 5 January. Accordingly, he wrongly assumed that the Court would not deny *that* relief in the absence of opposition from DOD, which meant that he did not expect any opposition to DOD's dispositive motion to be due until after the Court had ruled on the motion to unseal.

---

[1] To be exact, when the undersigned first filed the stay motion, he believed that it was fully unopposed, and only learned later that DOD opposed it in part. However, this distinction does not bear on this Motion, for the reasons explained herein.

2

While the undersigned's assumption was proven to be incorrect, it cannot be said to be unreasonable under the circumstances, especially when one considers that both parties then proceeded to brief the procedural motions in question and the Court even granted an extension of one of the deadlines for doing so without any mention of the dispositive motion deadline. Furthermore, it was not unreasonable for the undersigned to anticipate that the motion to stay would be granted since the intervening procedural motions directly implicated serious evidentiary issues involved in the briefing of DOD's dispositive motion, which had been generally accepted to be a valid reason to stay dispositive briefing in the undersigned's experience. *See*, *e.g.*, Min. Order (Aug. 25, 2022), *Moyar v. DOD*, No. 22-478 (D.D.C.) (staying dispositive briefing without objection pending plaintiff's motion to strike evidence); Min. Order (Feb. 17, 2021), *Escander v. McCarthy*, No. 20-589 (E.D.N.C.) (same). In the final analysis, it would be patently unfair to apply the ultimate litigation sanction—dismissal with prejudice—to a plaintiff in response to a reasonable, albeit wrong, assumption of his counsel's that a partially unopposed motion to stay briefing would be granted, if only to the extent that the defendant had consented. *Accord Johnese v. Jani-King, Inc.*, No. 06-533, 2008 WL 631237, at *3 (N.D. Tex. Mar. 3, 2008) ("[D]ismissal is a drastic step, normally to be taken only after unfruitful resort to lesser sanctions." (quoting *Shepherd v. Am. Broadcasting Cos., Inc.*, 62 F.3d 1469, 1478 (D.C. Cir. 1995))).

This case stands in stark contrast to *Smith v. Alumax Extrusions, Inc.*, a comparable case in which a plaintiff filed an FRCP 60(b)(1) motion regarding an order granting summary judgment to a defendant due to the plaintiff's failure to oppose summary judgment in a timely fashion. In that case, the plaintiff's counsel never sought an extension or stay of the opposition deadline, but simply did not file an opposition and then filed a motion to withdraw from the case six weeks after the opposition was due, which was understandably found not to constitute excusable neglect. 868 F.2d 1469, 1471-72 (5th Cir. 1989). In this case, not only did Hopkins file a timely motion to stay the briefing of the dispositive motion, but that motion was for all practical purposes unopposed, leading the undersigned to reasonably assume that it would be granted. Additionally, Hopkins had affirmatively requested leave to file his own motion for partial summary judgment three months before DOD filed its dispositive motion (*see* Dkt. #25 (filed June 24, 2023)) but had that request denied, which is inconsistent with a plaintiff who has abandoned his case.

In conclusion, while the undersigned again apologizes to the Court for presuming that Hopkins's stay motion would be granted, Hopkins maintains that dismissal of the case is a disproportionate response to this misunderstanding, and he respectfully requests that the Court reopen the case and adjudicate the procedural motions accordingly, so that the case can be decided on the merits. To the extent that the Court additionally grounded its decision in an assessment of the

evidence proffered by DOD, Hopkins maintains that that decision should also be vacated, since the Court's analysis was handicapped by the lack of informed opposition, even to the extent that it could not review Hopkins's own response document demonstrating the falsity of DOD's claims.

## II. CERTIFICATE OF CONFERENCE

The undersigned conferred with DOD's counsel Lisa Newman regarding the relief requested in this Motion on 30 April 2024. DOD's counsel responded, in pertinent part, "The government takes no position on the motion[.]" Accordingly, in the absence of opposition, this is being filed as an unopposed motion.

Date: May 7, 2024

Respectfully submitted,

/s/ Kelly B. McClanahan
Kelly B. McClanahan, Esq.
N.D. Tex. Bar #984704DC
National Security Counselors
4702 Levada Terrace
Rockville, MD 20853
301-728-5908
240-681-2189 fax
Kel@NationalSecurityLaw.org

*Counsel for Plaintiff*

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing filing contains 986 words.

/s/ Kelly B. McClanahan
Kelly B. McClanahan, Esq.