# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

## Dallas Division

| | | |
|---|---|---|
| ROBERT HOPKINS, III, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 3:22-cv-00706 (E) |
| DEPARTMENT OF DEFENSE, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## PLAINTIFF'S UNOPPOSED MOTION FOR ENLARGEMENT OF TIME WITHIN WHICH TO FILE NOTICE OF APPEAL

NOW COMES Plaintiff Robert Hopkins, III ("Hopkins"), pursuant to Federal Rule of Appellate Procedure 4(a)(5), to respectfully request a thirty-day extension, until 24 June 2024,[1] of the deadline for filing a Notice of Appeal. Hopkins's Notice is due 25 May 2024.

Hopkins has good cause to request this relief. Today he filed an unopposed Federal Rule of Civil Procedure ("FRCP") 60(b)(1) motion for reconsideration, which he was unable to file within the twenty-eight day period which would trigger an automatic stay of the appeal deadline, *see* Fed. R. App. P. 4(a)(4)(vi), because

---

[1] Hopkins alternatively asks for a longer extension under special circumstances, which will be explained below.

in this Circuit, any motion seeking a change in a judgment filed within twenty-eight days of the judgment is analyzed under FRCP 59(e), not FRCP 60(b). *See Mangieri v. Clifton*, 29 F.3d 1012, 1015 n.5 (5th Cir. 1994) ("A motion for reconsideration is 'deemed to arise under Rule 59 if filed within Rule 59's [then] ten-day time limit' regardless of the label applied to the motion.") (citation omitted). Hopkins's motion for reconsideration does not meet the criteria required for relief under FRCP 59(e), since it is not grounded in "(1) an intervening change in controlling law; (2) the availability of evidence not previously available; or (3) a manifest error of law or fact." *Schiller v. Physicians Resource Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). Accordingly, Hopkins could not avail himself of the automatic stay provision, since he based his motion for reconsideration on excusable neglect, which is a criterion for relief under FRCP 60(b)(1) but not FRCP 59(e).

As a result, he now asks this Court to extend his appeal deadline by the maximum amount of thirty days, to allow time for it to fully adjudicate his motion for reconsideration. Alternatively (and preferably), he asks the Court to defer ruling on this Motion until it rules on his motion for reconsideration, and that in that instance, it extend his appeal deadline by fourteen days of the date of the decision, as per FRAP 4(a)(5)(C).

Defendant Department of Defense ("DOD") takes no position on this Motion. A proposed Order accompanies this Motion.

**CERTIFICATE OF CONFERENCE**

The undersigned conferred with DOD's counsel Lisa Newman regarding the relief requested in this Motion on 30 April 2024. DOD's counsel responded, in pertinent part, "The government takes no position on the motion[.]" Accordingly, in the absence of opposition, this is being filed as an unopposed motion.

Date:  May 7, 2024

                                                  Respectfully submitted,

                                                  /s/ Kelly B. McClanahan
                                                  Kelly B. McClanahan, Esq.
                                                  N.D. Tex. Bar #984704DC
                                                  National Security Counselors
                                                  4702 Levada Terrace
                                                  Rockville, MD 20853
                                                  301-728-5908
                                                  240-681-2189 fax
                                                  Kel@NationalSecurityLaw.org

                                                  *Counsel for Plaintiff*

**CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing filing contains 410 words.

                                                  /s/ Kelly B. McClanahan
                                                  Kelly B. McClanahan, Esq.