UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

## Dallas Division

| | | |
|---|---|---|
| ROBERT HOPKINS, III, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 3:22-cv-00706 (E) |
| DEPARTMENT OF DEFENSE, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### PLAINTIFF'S CROSS-MOTION FOR CLARIFICATION

On 25 March 2024, the Court dismissed this case. As part of that order, the Court stated that it was also denying Plaintiff's motion to unseal (ECF No. 38) and motion to authorize (ECF No. 42) as moot, due to its dismissal of the case.

On 14 February 2025, the Fifth Circuit vacated the 25 March 2024 Final Judgment and remanded the case, prompting this Court to do the same. That same day, Plaintiff filed a notice with this Court advising it that, due to the Fifth Circuit's vacatur of the 25 March 2024 judgment, the motions to unseal and authorize are no longer moot and are ripe for adjudication.

On 8 April 2025, the Fifth Circuit issued its mandate. However, this Court has not yet indicated whether it intends to adjudicate the pending motions to unseal and authorize. Because Plaintiff will need to file a motion with the Fifth Circuit

pursuant to Fifth Circuit Rule 41.2 to recall and modify the mandate if this Court maintains that these motions are not pending, Plaintiff now respectfully asks the Court to clarify its position regarding the motions docketed as ECF No. 38 and ECF No. 42. Plaintiff does not wish to burden the Fifth Circuit with a motion to recall the mandate if this Court agrees that these motions are ripe for adjudication and that the Circuit's vacatur order necessarily included their denial as moot; however, if the Court disagrees with Plaintiff on this point, he needs to file that motion as soon as possible to avoid allegations of unreasonable delay.

Defendant's counsel advised the undersigned that Defendant opposes this Motion, but gave the reason: "The Department also opposes a motion to clarify, because no clarification is necessary: the motions at ECF Nos. 38 and 42 were not revived by the Fifth Circuit's mandate vacating the judgment at ECF No. 48, nor by the district court's own order at ECF No. 57." This is not a valid reason to oppose this Motion, which simply asks the Court to state its position without advocating for one or the other. Plaintiff maintains that the Court should decline Defendant's attempt to compel yet more briefing of a straightforward question and instead asks the Court to simply indicate its interpretation of the Circuit's order, so that the parties may properly debate the issue in the proper venue—before the Circuit in the context of a Rule 41.2 motion—if appropriate.

A proposed Order accompanies this Motion.

Date: April 11, 2025

        Respectfully submitted,

        /s/ Kelly B. McClanahan
        Kelly B. McClanahan, Esq.
        N.D. Tex. Bar #984704DC
        National Security Counselors
        1451 Rockville Pike
        Suite 250
        Rockville, MD 20852
        501-301-4672
        240-681-2189 fax
        Kel@NationalSecurityLaw.org

        *Counsel for Plaintiff*

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing filing contains 521 words.

        /s/ Kelly B. McClanahan
        Kelly B. McClanahan, Esq.