# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

## Dallas Division

| | | |
|---|---|---|
| ROBERT HOPKINS, III, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 3:22-cv-00706 (E) |
| | * | |
| DEPARTMENT OF DEFENSE, | * | |
| | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## PLAINTIFF'S CROSS-MOTION FOR
## LEAVE TO FILE AMENDED COMPLAINT

NOW COMES Plaintiff Robert Hopkins, III ("Hopkins") to respectfully request leave to file his First Amended Complaint attached hereto.

As explained in the following memorandum, which has been included in this Motion due to its short length, this amended complaint is warranted because it addresses the specific issues raised for the first time in Defendant's Motion to Dismiss and for Summary Judgment in violation of this Court's Standing Order, and because it allows the Court to properly adjudicate the merits of this case based on the current facts instead of the facts as they existed three years ago, when the posture of the parties was completely different.

Defendant opposes this Motion, as will be described in the Certificate of Conference. A proposed Order is attached to this Motion.

## Memorandum of Points and Authorities

In support of this Motion, Hopkins relies on Federal Rule of Civil Procedure 15(a)(2), which provides in relevant part that a party may amend its pleading with leave of the Court and that the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). *See also Foman v. Davis,* 371 U.S. 178 (1962).

Hopkins has good cause to request leave to amend, it is made in good faith and not for purpose of delay, and if leave is granted it will not unfairly prejudice Defendant. "[N]o unfair prejudice exists simply because a party has to defend against new or better pleaded claims." *See* Baicker-McKee, Janssen and Corr, *Federal Civil Rules Handbook 2011* 541 (Thomson/Reuters/West 2010) (citing *Popp Telecom v. American Sharecom, Inc.,* 210 F.3d 928, 943 (8th Cir. 2000) ("The inclusion of a claim based on facts already known or available to both sides does not prejudice the non-moving party."), and *Busam Motor Sales v. Ford Motor Co.,* 203 F.2d 469, 472 (6th Cir. 1953) (Rule 15 amendment is not barred simply because it raises new issue of law)). *See also Bowles v. Reade,* 198 F.3d 752, 758 (9th Cir. 1999) (undue delay justifies denial of leave to amend only when accompanied by unfair prejudice, bad faith or futility).

The decision whether to grant leave to amend a complaint is entrusted to the sound discretion of the Court, but leave should be freely given unless there is a good reason to the contrary. According to the Supreme Court:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman*, 371 U.S. at 182.

The amendments to this pleading consist virtually entirely of additional facts regarding what has transpired in this case since the original Complaint was filed and occasional elaborations on the nature of the harm suffered by Hopkins and the nature of the relief he is requesting. While Hopkins continues to maintain that his original Complaint remains sufficient, he concedes that some of the language may be ambiguous about his clear intent for this Court to enjoin Defendant from censoring unclassified information in his manuscripts, as opposed to, as Defendant reads it, merely ask the Court to make Defendant issue a determination without any judicial review. The amended complaint further elaborates on why he continues to be harmed by the policies he is challenging.

Similarly, there is no undue prejudice to Defendants. In fact, granting leave to amend is especially favored where the proposed changes do not radically reshape the action. *See Smith v. Café Asia*, 598 F. Supp. 2d 45, 48 (D.D.C. 2009). Hopkins's only significant additions are "based on essentially the same nucleus of facts supporting Plaintiff['s] other claims." *Council on Amer.-Islamic Relations Action Ntwk., Inc. v. Gaubatz*, 793 F. Supp. 2d 311, 328 (D.D.C. 2011). Similarly, Hopkins's "proposed amendments do not catch [Defendant] by surprise or radically reshape this action, let alone deprive them of an opportunity to mount a fair defense." *Id.* at 326. *See also Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980) ("Because defendant was from the outset made fully aware of the events giving rise to the action, an allowance of the amendment could not in any way prejudice the preparation of defendant's case."); *City of Moundbridge v. Exxon Mobil Co.*, 250 F.R.D. 1, 6 (D.D.C. 2008) ("Undue prejudice is not mere harm to the non-movant but a denial of the opportunity to present facts or evidence which would have been offered had the amendment been timely.").

Furthermore, granting this Motion would address a critical infirmity in Defendant's dispositive motion. According to this Court's Standing Order, a party may not file a motion to dismiss without "first confer[ring] with opposing counsel concerning the proposed deficiencies and the expected basis of the Motion." Procedures for Cases Assigned to Dist. J. Ada Brown & Standing Order § II(C)(1).

This allows a plaintiff to cure the perceived infirmities without burdening the Court with unnecessary briefing; in fact, according to the Order, "[t]he Court *will* strike any Federal Rule 12(b) Motion to Dismiss if it does not contain the required Certificate of Conference." *Id*. § II(C)(3). Defendant's counsel never conferred with the undersigned prior to filing its motion to dismiss, and its motion included no such Certificate of Conference. Accordingly, the appropriate remedy would be to allow Hopkins the opportunity to amend his Complaint now, when his opposition to that motion is due.

## CERTIFICATE OF CONFERENCE

The undersigned conferred with Defendant's counsel James Bickford regarding the relief requested in this Motion on 7 April 2025. Defendant's counsel responded on 9 April 2025 that Defendant opposed the Motion, stating: "Amending the complaint would moot the government's long-pending motion to dismiss, and we anticipate arguing that amendment would be futile here." Plaintiff maintains that the fact that a motion to amend would moot a motion to dismiss is not a valid reason to oppose it, and that had Defendant followed the Standing Order, this would not even be a question. Accordingly, the parties were unable to reach agreement.

5

Date: April 11, 2025

    Respectfully submitted,

    /s/ Kelly B. McClanahan
    Kelly B. McClanahan, Esq.
    N.D. Tex. Bar #984704DC
    National Security Counselors
    1451 Rockville Pike
    Suite 250
    Rockville, MD 20852
    501-301-4672
    240-681-2189 fax
    Kel@NationalSecurityLaw.org

    *Counsel for Plaintiff*

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing filing contains 1168 words.

    /s/ Kelly B. McClanahan
    Kelly B. McClanahan, Esq.