IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROBERT HOPKINS, III,  *Plaintiff*,  v.  DEPARTMENT OF DEFENSE,  *Defendant*. | No. 3:22-CV-00706-C |

**DEFENDANT'S BRIEF IN OPPOSITION TO
PLAINTIFF'S CROSS-MOTION FOR CLARIFICATION**

This case involves a challenge to the Department of Defense's ("the Department") prepublication review of a manuscript submitted by a retired servicemember who had access to highly sensitive and classified information. Courts in prepublication review cases "first inspect the manuscript and consider any pleadings and declarations filed by the Government, as well as any materials filed by [the plaintiff]" before determining whether they can "resolve the classification issue without the assistance of plaintiff's counsel." *Stillman v. CIA*, 319 F.3d 546, 548–49 (D.C. Cir. 2003). Only then do reviewing courts "decide whether to enter an order granting [plaintiff's counsel] access to the manuscript and, if similarly necessary, to the Government's classified pleadings and affidavits." *Id.* at 549. In accordance with the usual procedure in such cases, the Court ordered the Department

to "file its motion for summary judgment with an accompanying *ex parte*, *in camera* affidavit." ECF No. 24 at 2.  The Department has done so, ECF No. 32, and Plaintiff has filed his response, ECF No. 73.

Over the course of these proceedings, however, Plaintiff has filed three motions seeking to stay or otherwise delay summary-judgment briefing to resolve Plaintiff's claims that his counsel be granted access to classified information. Plaintiff's first such motion, in May 2023, sought to stay this case to adjudicate a forthcoming motion to compel the Department to grant Plaintiff's counsel access to classified information.  ECF No. 15.  The Department opposed that motion, explaining that resolving counsel's claim regarding access to classified information prior to summary judgment would be contrary to the well-established process for adjudicating prepublication review cases.  ECF No. 17 at 2–6.  The Court denied Plaintiff's motion and stayed all other case deadlines "pending the Court's adjudication of Defendant's forthcoming motion for summary judgment." ECF No. 24.

Plaintiff filed a second motion in June 2023, seeking leave to file a partial motion for summary judgment to advance an argument that certain information redacted from one of Hopkins' manuscripts had been improperly classified.  ECF No. 25 at 1–2. The Department opposed that motion, noting that this issue would be addressed in its summary judgment briefing and classified appendices.  ECF No. 26.

2

The Court denied Plaintiff's motion "having already concluded that the Court will consider Defendant's motion for summary judgment before determining how to proceed with this case." ECF No. 28.

Plaintiff's opposition to the Department's motion for summary judgment, ECF No. 32, was due on January 5, 2024, *see* Oct. 24, 2023 Min. Order. Plaintiff did not file an opposition. Instead, on January 3, 2024, Plaintiff filed another motion to stay, ECF Nos. 37, 38, this time seeking a stay pending resolution of two forthcoming motions again seeking access to classified information. Subsequently, on January 5 and February 12, 2024, Plaintiff filed motions to partially unseal the Department's classified *ex parte* appendix submitted with the Department's summary judgment motion, ECF No. 38, and to authorize Plaintiff's counsel access to classified information, ECF No. 42. As the Department explained at the time, the relief sought in these motions was directly contrary to both the Court's previous orders and the accepted procedure for litigating prepublication review cases. ECF Nos. 39 & 43.

On March 25, 2024, the Court dismissed this case with prejudice for failure to prosecute because Plaintiff had failed to file a response to the Department's motion for summary judgment. ECF No. 47 at 7 ("The Court gave Hopkins a lengthy extension to respond to the DOD's motion to dismiss and for summary judgment, and rather than file a response in this period of over two months, Hopkins waited

until two days before the deadline to file a motion to stay."). The Court simultaneously denied Plaintiff's pending motions to stay, ECF Nos. 35, 37, to unseal, ECF No. 38, and to authorize access, ECF No. 42, as moot, ECF No. 47.

On April 8, 2025, the Fifth Circuit vacated "the district court's judgment." ECF No. 66 at 3; *see* ECF No. 48 (vacated judgment). But the Fifth Circuit did not vacate the order denying Plaintiff's motions seeking to disrupt the orderly proceeding of this matter through premature access to classified information. *See generally* ECF No. 66. Plaintiff nonetheless filed a notice purporting to inform the Court that the denied motions were "ripe for adjudication," ECF No. 58 at 1, and now asks the Court to "clarify its position" as to the status of those motions, ECF No. 70 at 2.

There is no need for such clarification. As this Court has previously explained, the Court has "already concluded that the Court will consider Defendant's motion for summary judgment before determining how to proceed with this case." ECF No. 28. The Court has therefore already decided the issue on which Plaintiff now seeks clarification: whether the Court will grant Plaintiff or his counsel access to classified information at this stage of the proceeding such that Plaintiff may "incorporate any new information made available . . . into his Opposition [to the Department's motion for summary judgment]." ECF No. 58 at 2. The Court has already decided that question in the negative. *See* ECF No. 28 ("[T]he Court will

4

consider Defendant's motion for summary judgment before determining how to proceed with this case."). There is thus no need for clarification. Alternatively, should the Court choose to provide clarification, the Court should remind Plaintiff that it has already decided the issue on which Plaintiff seeks clarification and should deny the motions in question anew.

Accordingly, the Court should deny Plaintiff's motion to clarify; or, alternatively, clarify that the Court has already denied the motions in question.

Date: April 30, 2025          Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General

MARCIA BERMAN
Assistant Director

*/s/ Cassandra M. Snyder*
JAMES BICKFORD
  N.Y. Bar No. 5163498
CASSANDRA M. SNYDER
  D.C. BAR NO. 1671667
Trial Attorneys
United States Department of Justice
Civil Division
Federal Programs Branch
1100 L Street, NW
Washington, DC 20530
James.Bickford@usdoj.gov
Telephone: (202) 305-7632
Facsimile: (202) 616-8470

*Counsel for Defendant*

**Word Count: 931**