UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

## Dallas Division

| | | |
|---|---|---|
| ROBERT HOPKINS, III, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 3:22-cv-00706 (E) |
| DEPARTMENT OF DEFENSE, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S REPLY IN SUPPORT OF HIS
CROSS-MOTION FOR CLARIFICATION**

On 11 April 2025, Plaintiff Robert Hopkins ("Hopkins") asked this Court a simple question: does it agree with Hopkins that his motion to unseal (ECF No. 38) and motion to authorize (ECF No. 42) are ripe for adjudication, or does it agree with Defendant that the Fifth Circuit's order vacating this Court's 25 March 2024 Final Judgment and remanding the case left intact the dismissal of those motions as moot? While Hopkins obviously prefers for the Court to agree with his interpretation, he did not advocate for it; he simply asked the Court to state its position so he could petition the Circuit if necessary. In response, Defendant chose to improperly make a case not *against clarification*, but *for reconsideration*. In Defendant's eyes, the Court should refuse to entertain the two motions in question,

not because they are moot, but because of reasons the Court never gave. This objection is meritless.

The record in this case is clear. Hopkins filed two motions. Defendant opposed those motions. The Court denied those motions *as moot*. The Court did not deny them because it "decided [whether to grant Plaintiff or his counsel access to information] in the negative [because] [t]he Court will consider Defendant's motion for summary judgment before determining how to proceed with this case." (Def.'s Br. Opp'n Pl.'s Cross-Mot. Clarification, Dkt. #76, at 4-5 (filed Apr. 30, 2025).) Defendant even tacitly admits this by asking the Court to "deny the motions in question anew" (*id.* at 5), which is beyond the scope of the instant Motion.

Hopkins has made his arguments in support of the two motions in question. Defendant has made its arguments in opposition to the two motions in question. There are no more arguments to be made on either side regarding the two motions in question. Briefing closed on the two motions in question on 25 March 2024. All that Hopkins is now asking the Court to do is confirm if it intends to rule on the two motions in question. Since Defendant has made no arguments against such clarification—the only relief Hopkins actually requested—the Court should hold that Defendant waived any argument for why the Court should not grant Hopkins's

Motion and state for the record its interpretation of the current status of the two motions in question.

Date: May 7, 2025

>Respectfully submitted,
>
>/s/ Kelly B. McClanahan
>Kelly B. McClanahan, Esq.
>N.D. Tex. Bar #984704DC
>National Security Counselors
>1451 Rockville Pike
>Suite 250
>Rockville, MD 20852
>501-301-4672
>240-681-2189 fax
>Kel@NationalSecurityLaw.org
>
>*Counsel for Plaintiff*

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing filing contains 498 words.

>/s/ Kelly B. McClanahan
>Kelly B. McClanahan, Esq.