# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

| | |
|---|---|
| ROBERT HOPKINS, III, | \* |
| | \* |
| Appellant, | \* |
| | \* |
| v. | \* |
| | \* Case No. 24-10462 |
| DEPARTMENT OF DEFENSE, | \* |
| | \* |
| Appellee. | \* |
| | \* |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## APPELLANT'S MOTION TO RECALL AND MODIFY MANDATE

NOW COMES Appellant Robert Hopkins, III ("Hopkins") to respectfully move this Court to recall and modify the mandate issued on 8 April 2025 pursuant to the Court's Judgment dated 14 February 2025. The Government has taken the position that the two motions determined by the District Court to be moot because it dismissed the case were not revived by thus Court's order to vacate, which, if the District Court agrees, severely prejudices Hopkins by depriving him of material information he needs in order to meaningfully oppose the Government's dispositive motion and refute the information it provided to the District Court *ex parte* and *in camera*: information that he compellingly demonstrated a legal entitlement to in his motions but which the Government has prohibited him or his undersigned counsel to receive. Appellee opposes this Motion.

Hopkins has good cause to request this admittedly extraordinary relief. This Court has the "inherent power to recall [its] mandates." *Calderon v. Thompson*, 523 U.S. 538, 549 (1998); *United States v. Emeary*, 794 F.3d 526, 527-28 (5th Cir. 2015) (Dennis, J., in chambers). "[This Court's] authority to recall [its] own mandate is clear," *United States v. Tolliver*, 116 F.3d 120, 123 (5th Cir. 1997), but it is not unbounded. Fifth Circuit Rule 41.2 provides that "[o]nce issued a mandate will not be recalled except to prevent injustice." This rule reflects the general precept that recalling the mandate is appropriate "only in extraordinary circumstances," *Calderon*, 523 U.S. at 550, and "codifies the prevailing jurisprudence." *Nelson v. James*, 722 F.2d 207, 208 (5th Cir. 1984) (citing *Greater Boston Television Corp. v. FCC*, 463 F.2d 268, 279 (D.C. Cir. 1971), and *Dilley v. Alexander*, 627 F.2d 407, 410 (D.C. Cir. 1980)).[1]

One of the cases cited as "the prevailing jurisprudence" in *Nelson* further set forth multiple scenarios in which such relief would be appropriate to "prevent injustice." *Id.* at 277-80. The most directly applicable scenario to this case also cites directly to this Court's jurisprudence: "An appellate court likewise has continuing power to accept and pass upon a petition to clarify an outstanding mandate." *Id.* at 278 (citing, *inter alia*, *Meredith v. Fair*, 306 F.2d 374, 378 (5th

---

[1] *Greater Boston Television Corp.* actually relies on a Fifth Circuit case on this point. *See* 463 F.2d at 277 (quoting *Gradsky v. United States*, 376 F.2d 993, 995 (5th Cir. 1967)).

2

Cir. 1962)). *Meredith*, for its part, spells out exactly the relief Hopkins is requesting: "It is now ordered forthwith that the mandate and judgment of this Court be recalled and amended by making explicit the meaning that was implicit in this Court's conclusions as expressed throughout its opinion in this cause, dated June 25, 1962." 306 F.2d at 378.

Hopkins requests clarification of this Court's mandate, nothing more. He requests that this Court "make explicit the meaning that was implicit in this Court's conclusions as expressed throughout its opinion." He requests this extraordinary remedy because the Government insists that this Court did *not* intend to vacate two of the critical decisions of the District Court when it vacated and remanded the case, and because the District Court has failed to indicate whether it adopts the Government's narrow interpretation of the mandate despite multiple requests to do so, including a formal motion for clarification. This interpretation is irreconcilable legally with the nature of vacatur as a remedy, but, more importantly, it is fundamentally irreconcilable *factually* with the evidence that this Court was well aware of these two procedural motions when it issued its order, since both Hopkins and the Government had discussed them during merits briefing. (*See* Br. for Pl.-Appellant, Dkt. #18, at 20-23, 26, 30 (filed Aug. 10, 2024); Br. for Appellee, Dkt. #31, at 12, 15, 18, 25-30 (filed Oct. 16, 2024); Reply Br. for Pl.-Appellant, Dkt. #39, at 1-3, 6 (filed Dec. 3, 2024).)

In short, when the District Court dismissed the case on 25 March 2024, it also stated that it was denying Hopkins's motion to unseal (ECF No. 38) and motion to authorize (ECF No. 42) as moot, due to its denial of a stay motion and dismissal of the case. ROA.1012, 1021-1022. When this Court vacated the 25 March 2024 Final Judgment and remanded the case on 14 February 2025, Hopkins filed a notice (ECF No. 58) with the District Court advising it that, due to the vacatur, the motions to unseal and authorize were no longer moot and were ripe for adjudication. After almost two months, during which the District Court gave no indication of whether it would adjudicate these two motions, Hopkins filed a motion to clarify (ECF No. 70), citing to the need to file a Rule 41.2 motion with this Court if the District Court maintained that the motions were not pending. This motion did not include any argument but only "ask[ed] the Court to clarify its position regarding the motions docketed as ECF No. 38 and ECF No. 42."

When approached about the motion to clarify, the Government's counsel stated: "The Department also opposes a motion to clarify, because no clarification is necessary: the motions at ECF Nos. 38 and 42 were not revived by the Fifth Circuit's mandate vacating the judgment at ECF No. 48, nor by the district court's own order at ECF No. 57." The Government then filed an opposition brief (ECF No. 76), in which it attempted to characterize Hopkins's motion as seeking reconsideration of the denial of those motions rather than clarification of whether

4

they were vacated by this Court, and Hopkins replied saying as much (ECF No. 79).

However, despite the notice filed on 14 February and the motion for clarification which was fully briefed on 7 May, the District Court has still given no indication of its position on the scope of this Court's vacatur. Meanwhile, the parties are continuing to brief a renewed motion to dismiss, to which those two motions are critical. Given the extensive delays in this case and the ongoing harm to Hopkins's ability to publish his manuscripts with every litigation delay, Hopkins now respectfully requests that this Court recall its mandate and explicitly clarify that the denial of those two motions was vacated and that those motions must therefore be adjudicated by the District Court.

Date: July xx, 2025

Respectfully submitted,

/s/ Kelly B. McClanahan
Kelly B. McClanahan, Esq.
D.C. Bar #984704
National Security Counselors
1451 Rockville Pike
Suite 250
Rockville, MD  20852
501-301-4672
240-681-2189 fax
Kel@NationalSecurityLaw.org

*Counsel for Appellant*

5

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing filing contains 1157 words, and was prepared in 14-point Times New Roman font using Microsoft Word 2016.

        /s/ Kelly B. McClanahan
        Kelly B. McClanahan, Esq.