IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROBERT HOPKINS, III,<br><br>*Plaintiff*,<br><br>v.<br><br>DEPARTMENT OF DEFENSE,<br><br>*Defendant*. | No. 3:22-CV-00706-C |

**DEFENDANT'S NOTICE OF WITHDRAWAL OF OPPOSITION TO
PLAINTIFF'S CROSS-MOTION FOR CLARIFICATION**

This case involves a challenge to the Department of Defense's prepublication review of a manuscript submitted by a retired servicemember who had access to highly sensitive and classified information. Courts in prepublication review cases "first inspect the manuscript and consider any pleadings and declarations filed by the Government, as well as any materials filed by [the plaintiff]" before determining whether they can "resolve the classification issue without the assistance of plaintiff's counsel." *Stillman v. CIA*, 319 F.3d 546, 548–49 (D.C. Cir. 2003). Only then do reviewing courts "decide whether to enter an order granting [plaintiff's counsel] access to the manuscript and, if similarly necessary, to the Government's classified pleadings and affidavits." *Id.* at 549. In accordance with the usual procedure in such cases, the Court ordered the Department to "file its motion for summary judgment with an accompanying *ex parte*, *in camera* affidavit." ECF No. 24 at 2. The Department has done so, ECF No. 32, and Plaintiff has filed his response, ECF No. 73. The Department's reply is due August 8. ECF No. 83.

In the meantime, Plaintiff filed motions seeking to partially unseal the government's classified *ex parte* filing, ECF No. 38, and to allow his counsel to access classified information,

ECF No. 42. As the Department explained, the relief sought in these motions was directly contrary to the Court's previous orders and the accepted procedure for litigating prepublication review cases. ECF Nos. 39 & 43. The Court denied the procedural motions as moot in March 2024, when it dismissed the case with prejudice. ECF No. 47. The Fifth Circuit vacated "the district court's judgment," ECF No. 66 at 3; *see* ECF No. 48 (vacated judgment), without expressly addressing the order denying as moot Plaintiff's procedural motions seeking to disrupt the orderly proceeding of this matter through premature access to classified information. Plaintiff then filed a notice that the denied motions were "ripe for adjudication," ECF No. 58 at 1, and later asked the Court to "clarify its position" as to the status of those motions. ECF No. 70. The Department opposed the motion for clarification, on the grounds that the procedural motions were no longer pending. ECF No. 76.

Plaintiff has now filed a motion in the court of appeals, asking the Fifth Circuit to recall its mandate and vacate this Court's order denying the procedural motions as moot. ECF No. 84-1. Upon consideration of that motion, and in the interest of avoiding needless litigation of issues tangential to the main dispute in this case, the Department respectfully withdraws its opposition to Plaintiff's motion to clarify.

The Court denied Plaintiff's procedural motions as moot when it dismissed the case with prejudice. Now that the dismissal has been reversed, the Court should decide those motions, ECF Nos. 38 & 42. To be clear, the Court should deny those motions on their merits for the reasons previously set forth by the Department. ECF Nos. 39 & 43. But there is no reason for the parties to litigate the question of whether the procedural motions, which could easily be refiled, are ripe for decision.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Director

*/s/ James Bickford*
JAMES BICKFORD
Trial Attorney (N.Y. Bar No. 5163498)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20530
James.Bickford@usdoj.gov
Telephone: (202) 305-7632
Facsimile: (202) 616-8470

*Counsel for Defendant*

Date: July 29, 2025

3