UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

Dallas Division

| | | |
|---|---|---|
| ROBERT HOPKINS, III, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 3:22-cv-00706 (E) |
| | * | |
| DEPARTMENT OF DEFENSE, | * | |
| | * | |
| Defendant. | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**PLAINTIFF'S MOTION FOR LEAVE TO FILE
SUR-REPLY TO DEFENDANT'S MOTION TO
DISMISS AND FOR SUMMARY JUDGMENT**

NOW COMES Plaintiff to respectfully request leave of the Court to file a Sur-Reply to Defendant's Motion to Dismiss and for Summary Judgment (filed Oct. 4, 2023).

"In this judicial district, a sur-reply is 'appropriate only when the movant raises new legal theories or attempts to present new evidence at the reply stage, and only when a party seeks leave of court to file a surreply.'" *Nat'l Liab. & Fire Ins. Co. v. Young*, No. 19-131, 2020 WL 6119912, at \*1 (S.D. Tex. Apr. 24, 2020) (quoting *Brackens v. Dallas Indep. Sch. Dist.*, No. 09-642, 2010 WL 5464823, at \*5 (N.D. Tex. Sept. 20, 2010), *report and recommendation adopted*, No. 09-642, 2010 WL 5485886 (N.D. Tex. Dec. 30, 2010)). In addition to openly making new

arguments for the first time pertaining to Plaintiff's allegations that the redacted material was previously officially disclosed (Def.'s Comb. Reply Supp. Mot. Dismiss & Summ. J. & Opp'n Pl.'s Mot. Amend Compl., Dkt. #86, at 19 n.5 (filed Aug. 8, 2025) ("The Department thus properly declined to address official disclosure until after Dr. Hopkins first mounted his official-disclosure argument.") [hereinafter Def.'s Reply]), Defendant exacerbated the situation by lodging *three new documents* with its Reply, including "two classified memorandum [sic]" and "a second declaration from one of the components that redacted Dr. Hopkins's manuscripts." (Def.'s Not. Lodging *Ex Parte*, *In Camera* Classified Mem. & App'x, Dkt. #89, at 1 (filed Aug. 11, 2025).)[1]

"A surreply is most appropriate where the new matter introduced is factual." *United States ex rel. Pogue v. Diabetes Treatment Ctrs. of America, Inc.*, 238 F. Supp. 2d 270, 277 (D.D.C. 2002). Here, Defendant *announced* that it intentionally chose to raise new arguments and evidence for the first time in its Reply, which Plaintiff would not be given an opportunity to contest absent a sur-reply, and proactively *defended* that decision. Its objection to a sur-reply now is transparent gamesmanship and should not be tolerated by this Court.

---

[1] Plaintiff is disregarding the additional lodging of his "Rebuttal" document for the purposes of this Motion (*id.*), since that document cannot be reasonably described as evidence of which he was unfamiliar.

2

The Court should not be concerned that the new evidentiary offering was filed *in camera*, since the new legal theories were *not*, and those arguments specifically cite the *in camera* evidence. (*See*, *e.g.*, Def.'s Reply at 23). Defendant cannot therefore claim that a sur-reply is not appropriate because it took measures to conceal its evidence by not even filing a redacted version of the *in camera* materials, despite the clear legal requirement to do so.

Because Plaintiff is already filing a reply to his Cross-Motion for Leave to File an Amended Complaint, Dkt. #71, he proposes that he file his sur-reply on the same date.

For the foregoing reasons, the Court should grant Plaintiff's reasonable request. Defendant opposes this Motion.

## CERTIFICATE OF CONFERENCE

The undersigned conferred with Defendant's counsel Cassandra Snyder regarding the relief requested in this Motion on 9 August 2025. Defendant's counsel responded on 11 April 2025: "The Department opposes Plaintiff's motion to for leave to file a surreply. The Department intends to lodge four classified documents alongside the Department's reply in support of its motion to dismiss and for summary judgment for this Court's *ex parte*, *in camera* review, including two classified memorandum responding to Plaintiff's official-disclosure argument, one classified declaration in support of those memorandum, and the "Rebuttal"

document that Plaintiff himself submitted to the Department regarding *Klaxon!* and *Crowded Skies*. Plaintiff has no need to file a surreply responding to these materials given that they merely respond to Plaintiff's official-disclosure argument and given that, in any event, they are being lodged only for the Court's *ex parte*, *in camera* review." Plaintiff maintains that this is not a valid reason to oppose this Motion, since introducing evidence and arguments "respond[ing] to Plaintiff's official-disclosure argument" with for the first time in a Reply was an intentional choice despite the fact that, as Defendant admits, it knew the details of that argument from the "Rebuttal" document submitted to it well before it filed its initial brief. Accordingly, the parties were unable to reach agreement.

A proposed Order also accompanies this Motion.

Date:  August 20, 2025

Respectfully submitted,

 /s/ Kelly B. McClanahan
Kelly B. McClanahan, Esq.
D.C. Bar #984704
National Security Counselors
1451 Rockville Pike
Suite 250
Rockville, MD  20852
501-301-4672
240-681-2189 fax
Kel@NationalSecurityLaw.org

*Counsel for Plaintiff*

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing filing contains 819 words.

_/s/ Kelly B. McClanahan_
Kelly B. McClanahan, Esq.
