**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| ROBERT HOPKINS, III, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:22-CV-00706-E |
| | § | |
| DEPARTMENT OF DEFENSE, | § | |
| | § | |
| Defendant. | § | |
| | § | |
| | § | |

**ORDER**

On February 14, 2025, the United States Court of Appeals for the Fifth Circuit issued their opinion in this case, remanding the case back to this Court for further proceedings. *See Hopkins v. United States of America*, No. 24-10462 (5th Cir. Feb. 14, 2025). Accordingly, this Court vacated its March 25, 2024, Final Judgment, (ECF No. 48), and ordered briefing on Defendant's Motion to Dismiss, (ECF No. 32). *See* ECF No. 57. Since that time the following motions were filed: (i) Plaintiff's Motions for Clarification, (ECF Nos. 69; 70); (ii) Plaintiff's Motion to Amend Complaint, (ECF No. 71); and (iii) Plaintiff's Motion for Leave to File Sur-Reply, (ECF No. 90).

On July 20, 2025, Plaintiff filed his Notification of Pending Circuit Motion, (ECF No. 84), in which he notified the Court he had filed a motion with the United States Court of Appeals for the Fifth Circuit seeking recall and modification of the April 8, 2025, Mandate, (ECF No. 67).

In light of the above, the Court enters the following orders:

1) The Court hereby **STAYS** all proceedings in this case until the United States Court of Appeals for the Fifth Circuit has ruled on the motion pending before it.

2) **IT IS ORDERED THAT** the parties are permitted to complete briefing on all motions currently pending.

3) **IT IS ORDERED THAT** the parties are to notify the Court within seven (7) days of any ruling from the United States Court of Appeal for the Fifth Circuit.

4) Notwithstanding the above, **IT IS ORDERED THAT** the Parties may make further filings into this case only with express leave of court.

5) Furthermore- weighing the competing interest of the Parties and the Court—the Court concludes in its discretion that this action should be administratively closed during the pendency of the stay. Thus, the Court **ADMINISTRATIVELY CLOSES** this case during the pendency of the stay—pending ruling(s) from the United States Court of Appeals for the Fifth Circuit. The Court reserves reopening the case to set a hearing for oral argument, as necessary.

**This is not a final order.** The Clerk of Court is **DIRECTED** to **STAY** this action (3:22-cv-00706-E). The Clerk shall stay—but not terminate—all pending motions. (ECF Nos. 32; 69; 70; 71; 90).

**SO ORDERED:** this 22nd day of August, 2025.

_____

ADA BROWN
UNITED STATES DISTRICT JUDGE