UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

## Dallas Division

| | | |
|---|---|---|
| ROBERT HOPKINS, III, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 3:22-cv-00706 (E) |
| | * | |
| DEPARTMENT OF DEFENSE, | * | |
| | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S UNOPPOSED MOTION
TO TEMPORARILY STAY BRIEFING**

NOW COMES Plaintiff to respectfully request a temporary stay of all briefing pending resolution of Plaintiff's Motion for Leave to File Sur-Reply, Dkt. #90.

Plaintiff files this Motion in an attempt to clarify an ambiguity in the Court's 22 August 2025 Order, Dkt. #92. In that Order, the Court stayed "all proceedings in this case" pending resolution of a motion filed with the Fifth Circuit, and also stayed "all pending motions," including the Motion for Leave to File Sur-Reply, Dkt. #90. The Court, however, stated that "the parties are permitted to complete briefing on all motions currently pending." The next day, Plaintiff filed a Notice of Disposition of Circuit Motion, Dkt. #93, advising the Court that the relevant

motion was no longer pending with the Fifth Circuit and that there was no need to stay the case.

Having received no response from the Court to this notice, and facing a deadline for filing his reply brief, the undersigned called the Judicial Assistant for Civil Case Management on 21 September 2025, and left a voicemail message, stating that he had conferred with Defendant's counsel and was unclear on whether he was *required* to meet the 19 September 2025 filing deadline or merely "permitted" to do so, which was creating a problem in the absence of a ruling on the pending motion for leave to file a sur-reply. As stated in that motion, Plaintiff requested leave to file a combined reply and sur-reply in one document, which could not be done without leave of the Court. Having received no response from the Judicial Assistant and with the case still stayed pursuant to the Court's 22 August Order, Plaintiff now respectfully requests that the Court formally state that the deadline for filing the reply currently due on 19 September is stayed until the Court adjudicates the motion for leave to file a sur-reply (which is ripe for adjudication, since Defendant's counsel has confirmed that he will not be filing an opposition brief).

For the foregoing reasons, the Court should grant Plaintiff's reasonable request. Defendant does not oppose this Motion.

## CERTIFICATE OF CONFERENCE

The undersigned conferred with Defendant's counsel James Bickford regarding this Motion on 17 September 2025. Defendant's counsel stated that Defendant does not oppose this Motion.

As noted above, the undersigned attempted to discuss this issue with the Court's Judicial Assistant for Civil Case Management on 12 September 2025 and left a voicemail message, in an attempt to comply with the Court's order that "the Parties may make further filings into this case only with express leave of court."

A proposed Order also accompanies this Motion.

Date:  September 17, 2025

    Respectfully submitted,

    /s/ Kelly B. McClanahan
Kelly B. McClanahan, Esq.
D.C. Bar #984704
National Security Counselors
1451 Rockville Pike
Suite 250
Rockville, MD  20852
501-301-4672
240-681-2189 fax
Kel@NationalSecurityLaw.org

*Counsel for Plaintiff*

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing filing contains 546 words.

 /s/ Kelly B. McClanahan<br>
Kelly B. McClanahan, Esq.