**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**

**Dallas Division**

| | | |
|---|---|---|
| ROBERT HOPKINS, III, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 3:22-cv-00706 (E) |
| | * | |
| DEPARTMENT OF DEFENSE, | * | |
| | * | |
| Defendant. | * | |
| | * | |

* * * * * * * * * * * * *

**PLAINTIFF'S UNOPPOSED MOTION FOR**
**<u>EXPEDITED RESOLUTION OF PENDING MATTERS</u>**

NOW COMES Plaintiff Robert Hopkins ("Hopkins") to respectfully request that the Court expeditiously resolve the pending procedural motions and allow expedited briefing of any subsequent matters which remain at that point. Hopkins is concerned that any further delay in the resolution of this case will lead to the case being overtaken by events, which would cause him irreparable harm. Defendant does not oppose this Motion.

Hopkins has good cause to request this relief. This case was originally filed in March 2022, and it pertains in pertinent part to manuscripts submitted for prepublication review in December 2020 (Compl., Dkt. #1, ¶ 36 (filed Mar. 27, 2022)) and October 2021 (*id.* ¶ 60). Hopkins requested leave to file a motion for

partial summary judgment regarding the latter manuscript in June 2023, citing the need to publish it in a timely fashion (Dkt. #25), and the Court denied that motion, stating that "the Court will consider Defendant's motion for summary judgment before determining how to proceed with this case." (Dkt. #28.)

Defendant then filed a motion to dismiss and for summary judgment in October 2023 (Dkt. #32), which kicked off a series of procedural motions. In January 2024, Hopkins filed a motion to partially unseal Defendant's allegedly classified appendix (Dkt. #38), and in February 2024, he filed a motion seeking authorization for his undersigned counsel to review the evidence he had submitted to Defendant refuting its claims that the censored information was properly classified (Dkt. #42). The Court instead dismissed the case and denied Hopkins's motion for reconsideration, which was vacated and remanded in February 2025. (Dkt. #57.)

That same day, Hopkins notified the Court that his two procedural motions—Dkt. #s 32 and 38—were ripe for adjudication and requested "that the Court adjudicate them so that, if one or both are granted, he can incorporate any new information made available to his undersigned counsel as a result into his Opposition." (Not. of Pending Mots., Dkt. #58, at 1 (filed Feb. 14, 2025).) After initially objecting to Hopkins's notice—and the motion that succeeded it—Defendant withdrew its objection to the notice and agreed that these two motions

were ripe for adjudication in July 2025. (Def.'s Not. of Withdrawal of Opp'n to Pl.'s Cross-Mot. for Clarification, Dkt. #85, at 2 (filed July 29, 2025).)

In the meantime, Hopkins filed a motion for leave to file an amended complaint (Dkt. #71) and his opposition to Defendant's original motion to dismiss (Dkt. #73) in April 2025. Defendant filed its reply supporting dismissal—and opposing amendment—in August 2025. (Dkt. #86.) Hopkins filed a motion for leave to file a sur-reply a few weeks later. (Dkt. #90.) He then requested a stay of his deadline for filing a reply in support of amendment until the Court had ruled on his motion for a sur-reply. (Dkt. #95.) That was the last activity in this case until Magistrate Judge Toliver filed a notice advising the parties that they could consent to the involvement of a Magistrate Judge (Dkt. #96) this past May, which the parties were unable to reach agreement on.

As of this writing, Hopkins has been waiting for almost five years for permission to publish the two primary manuscripts at issue in this case. He has filed four procedural motions (Dkt. #s 32, 38, 71, and 90) in his efforts to litigate this case on a level playing field, the oldest of which was filed over 2.5 years ago. Defendant's motion to dismiss has been almost completely briefed (with the exception of the sur-reply Hopkins requested) for over a year. And despite his best efforts, his publishers and co-authors have lost patience, and they have indicated

their intentions to remove his name from the books and publish them without him if there is not movement in this case.

*Klaxon!*, the manuscript submitted in 2020, was co-authored by Hopkins, Lindsay Peacock, and Brian Rogers. On 25 August 2026, Mr. Peacock, a citizen of the United Kingdom who has no relationship with Defendant, wrote the undersigned a letter, attached as Ex. A, indicating his intention to "instruct Helion & Company to go ahead with publication in January 2027" without the involvement of Hopkins or Mr. Rogers.

*Crowded Skies*, the manuscript submitted in 2021, was co-authored by Hopkins and Lennart Andersson. On 2 September 2026, Mr. Andersson, a citizen of Sweden who has no relationship with Defendant, wrote the undersigned a similar letter, attached as Ex. B, stating, "If there is no decision by the District Court by 1 January 2027, . . . I will be forced to find an alternate publisher or self-publish the book as is for immediate sale."

Hopkins has exhausted all of his options for resolving this case on his own, but without action by this Court, he will be deprived of the fruits of his hard work on these manuscripts by third parties beyond his control. He therefore respectfully requests that the Court adjudicate the four pending procedural motions—Dkt. #s 32, 38, 71, and 90—as soon as possible, and he correspondingly requests that the Court order expedited briefing and adjudication of any subsequent matters (should

he prevail in any of the procedural motions), so that it can fully adjudicate Defendant's motion to dismiss (Dkt. #32) by the end of the year.

## CERTIFICATE OF CONFERENCE

The undersigned conferred with Defendant's counsel James Bickford regarding a previous iteration of this Motion on 17 June 2025.[1] Defendant's counsel stated that Defendant does not oppose this Motion.

The undersigned attempted to discuss this issue with the Court's Judicial Assistant for Civil Case Management on 10 September 2026 and left a voicemail message, in an attempt to comply with the Court's order that "the Parties may make further filings into this case only with express leave of court." His voicemail has not been returned, and he reluctantly files this Motion without a response due to the extreme time sensitivity of this issue.

A proposed Order also accompanies this Motion.

[1] To elaborate, Mr. Peacock had sent a similar letter to the undersigned in May 2026, which he promptly forwarded to Defendant's counsel to confer about the relief requested in this Motion. The undersigned was able to convince Mr. Peacock to delay any action for a few more months and received a new letter in August memorializing the new timeline.

Date: September 10, 2026

Respectfully submitted,

/s/ Kelly B. McClanahan
Kelly B. McClanahan, Esq.
D.C. Bar #984704
National Security Counselors
1451 Rockville Pike
Suite 250
Rockville, MD 20852
501-301-4672
240-681-2189 fax
Kel@NationalSecurityLaw.org

*Counsel for Plaintiff*

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing filing contains 1108 words.

/s/ Kelly B. McClanahan
Kelly B. McClanahan, Esq.