UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

Fort Worth Division

| | | |
|---|---|---|
| ROBERT HOPKINS, III, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 3:22-cv-00706 (O) |
| | * | |
| DEPARTMENT OF DEFENSE, | * | |
| | * | |
| Defendant. | * | |
| | * | |

* * * * * * * * * * * * *

**PLAINTIFF'S MOTION FOR PARTIAL RECONSIDERATION**

NOW COMES Plaintiff Robert Hopkins, III ("Hopkins"), pursuant to Federal Rule of Civil Procedure ("FRCP") 60(b)(1), to respectfully request partial reconsideration of the Court's Order dated 15 October 2026. Specifically, Hopkins requests that the Court exclude the motions docketed as Dkt. #'s 32 and 38 from the list of motions denied as moot, because they are not moot and still apply to this case. Instead, Hopkins requests that the Court adjudicate those two motions as filed on the merits. Defendant Department of Defense ("DOD") opposes this Motion.[1]

Hopkins has good cause to request this relief. Requiring Hopkins to refile them will only add more delay to this case. Because DOD will insist on taking the full amount of time to file new opposition briefs, even if the motions themselves are unchanged, Hopkins will need to devote time to redrafting replies, which will push back resolution of these preliminary procedural

[1] Because DOD opposes this Motion, Hopkins respectfully requests that the Court order it to file its opposition brief within 7 days, in recognition of the fact that the Court granted Hopkins's motion for expedited resolution, which requested in part that "the Court order expedited briefing and adjudication of any subsequent matters." (Pl.'s Unopposed Mot. Exped. Resolution of Pending Matters, Dkt. #97, at 4 (filed Sept. 10, 2026).)

matters at least several weeks. This will greatly increase the likelihood that Hopkins will suffer irreparable harm. As stated in Hopkins's motion for expedited resolution, his co-authors Lindsay Peacock and Lennart Andersson have advised him of their intents to publish his manuscripts without his involvement after January 2027 if this matter remains unresolved. (*Id.*)

Moreover, as a question of law and fact, these motions are not moot. Dkt. #38 is a motion to unseal portions of documents filed *ex parte* and *in camera* with DOD's motion to dismiss and for summary judgment, Dkt. #32. Those documents remain part of the record, and they remain improperly sealed. As explained in Hopkins's briefs on the matter, he needs the improperly sealed information to demonstrate the numerous ways in which the federal government has attempted to censor his manuscripts to remove unclassified information, which it is not allowed to do under the First Amendment to the U.S. Constitution. Hopkins's need for this information does not disappear until this Court has fully adjudicated this case and entered a final Judgment.

Similarly, Dkt. #42 is a motion to grant Hopkins's undersigned counsel access to the primary evidence that proves Hopkins's case,[2] which Hopkins submitted to DOD without *any* access to classified information and which demonstrably shows, with pinpoint citations to unclassified publicly available sources and photographic evidence, that DOD is unlawfully censoring unclassified information in this case. Every piece of information in this response is by its very nature unclassified, and yet DOD insists that the undersigned cannot view it because it would specify the information in the manuscripts that *it has unlawfully censored*. DOD filed a

[2] To be clear, the motion for access does not ask that the entire rebuttal document be unsealed and placed on the public record. It only asks the Court to authorize Hopkins's undersigned counsel to review the document, so that he can address it in his opposition to summary judgment. The federal Government has a standard process, called an LSA (for Limited Security Access or Limited Security Approval), by which a private attorney is allowed to discuss allegedly classified information with his client for the purposes of the representation; Hopkins is merely asking the Court in that motion to make DOD *use it*.

copy of Hopkins's response (which, to be clear, was written without the assistance of his lawyer at DOD's command) *ex parte* and *in camera* with its reply brief in support of its original dispositive motion. (*See* Def.'s Not. of Lodging of *Ex Parte*, *In Camera* Classified Mem. & App'x, Dkt. #89, at 1 (filed Aug. 11, 2025).) As with the first set of improperly sealed documents, this rebuttal document remains part of the record, and Hopkins still needs his undersigned counsel to be able to access it to oppose DOD's next dispositive motion. Without this relief, Hopkins is unable to meaningfully oppose sworn declarations from federal Government officials whose response to detailed refutations of their claims boils down to "there is no need to question our judgment because we are the federal Government and you must defer to us." Again, Hopkins's need for this information does not disappear until this Court has fully adjudicated this case and entered a final Judgment.

For the foregoing reasons, this Court should amend its 15 October Order and begin the adjudication of the procedural motions docketed as Dkt. #'s 38 and 42 as soon as practicable. DOD opposes this Motion. A proposed Order accompanies this Motion.

## II. CERTIFICATE OF CONFERENCE

The undersigned conferred with DOD's counsel James Bickford regarding the relief requested in this Motion on 15 October 2026. DOD's counsel responded that the Government opposes the motion without any further specificity.

Date: October 15, 2026

Respectfully submitted,

/s/ Kelly B. McClanahan

Kelly B. McClanahan, Esq.
N.D. Tex. Bar #984704DC
National Security Counselors
1451 Rockville Pike
Suite 250
Rockville, MD 20852
501-301-4672
240-681-2189 fax
Kel@NationalSecurityLaw.org

*Counsel for Plaintiff*