**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| ROBERT HOPKINS, III,<br><br>*Plaintiff*,<br><br>v.<br><br>DEPARTMENT OF DEFENSE,<br><br>*Defendant*. | No. 3:22-CV-00706-O |

# ANSWER TO AMENDED COMPLAINT

Defendant, by and through undersigned counsel, hereby answers the numbered paragraphs of Plaintiff's Amended Complaint as follows:

1. This paragraph consists of a legal conclusion to which no response is required, but to the extent a response is deemed necessary, denied.

2. This paragraph consists of a legal conclusion to which no response is required, but to the extent a response is deemed necessary, denied.

3. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

4. This paragraph consists of a legal conclusion to which no response is required, but to the extent a response is deemed necessary, denied.

5. Defendant admits that the United States Air Force is one of its components. Defendant further admits that the Defense Office of Prepublication and Security Review (DOPSR) is an entity within the Washington Headquarters Services, which is a component of Defendant per Instruction 5230.29, Security and Policy Review of DoD Information for Public Release, sec. 2 ("DoDI 5230.29"), attached to Defendant's Answer as Exhibit A, ECF No. 11-1.

6. Admitted.

7. Admitted.

8. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

9. Defendant admits that each of its components is responsible for ensuring that prepublication submissions containing component-specific information are reviewed internally and that information not specified in Enclosure 3 of DoDI 5230.29 is reviewed for operations security and information security before public release. *See* DoDI 5230.29, Security and Policy Review of DoD Information for Public Release, at 5 ¶ 3. Defendant denies the remainder of allegations in this paragraph.

10. Defendant admits that the prepublication review system is "governed by DOD Instruction ('DODI') 5230.09, Clearance of DoD Information for Public Release," attached to Defendant's Answer as Exhibit B, ECF No. 11-2, and "DODI 5230.29, Security and Policy Review of DoD Information for Public Release." Defendant further admits that DOPSR is responsible for coordinating prepublication review throughout the Department. Defendant denies the remainder of allegations in this paragraph.

11. Defendant admits the allegations in the first sentence of this paragraph. Defendant further admits that the Air Force conducts prepublication review pursuant to AFI 35-101 chapter 9, attached to Defendant's Answer as Exhibit C, ECF No. 11-3, and AFMAN 35-101 chapter 8, attached to Defendant's Answer as Exhibit D, ECF No. 11-4. Defendant denies the remainder of allegations in this paragraph.

12. Denied.

13. Admitted.

14. Defendant admits that Enclosure 3 of DoDI 5230.29 applies to the submission of information for prepublication review. Defendant denies the remainder of allegations in this paragraph.

15. Defendant admits the allegations in this paragraph except that it denies that "DOPSR will not complete its prepublication review in fewer than sixty days."

16. Admitted.

17. Defendant denies that manuscript submissions to SAF/PA must be accompanied by a standardized form, but admits that AFMAN 35-101 requires documents submitted to SAF/PA to be submitted electronically and request for review of such documents must include, among other things, a memorandum indicating the submitter's name, office symbol (if applicable), type of document, date required, and brief description. Defendant further denies that a cover letter must accompany all manuscript submissions to DOPSR.

18. Defendant admits that SAF/PA and DOPSR review all submitted manuscripts pursuant to DoDI 5230.29 to ensure that no information prohibited from disclosure is improperly released. Defendant denies the remainder of allegations in this paragraph.

19. Admitted.

20. Defendant admits that SAF/PA reviews manuscripts consistently with AFI 35-101, and denies the remainder of allegations in this paragraph.

21. Admitted.

22. Defendant admits that DOPSR reviews all submitted manuscripts pursuant to DoDI 5230.29 to ensure that no information prohibited from disclosure is improperly released. Defendant denies the remainder of allegations in this paragraph.

23. Defendant lacks knowledge or information sufficient to form a belief about the truth of any allegations concerning other executive agencies or the "common" practices of counsel. Defendant admits that an author's counsel may communicate with the Department on behalf of a client regarding prepublication review process, but denies that counsel would be authorized to have any access to classified information that may be contained in any manuscript being submitted for review simply by virtue of counsel's representation, or that counsel are authorized to participate in substantive communications concerning the manuscript between DoD and the author who has signed a non-disclosure agreement. Defendants denies remainder of allegations in this paragraph.

24. Defendant lacks knowledge or information sufficient to form a belief about the truth of allegations in this paragraph related to agencies that are not Defendant, and to submissions made by "other private attorneys." Defendant admits

that Kelly McClanahan purported to submit at least one manuscript to the Air Force on behalf of Plaintiff. Defendant denies the remainder of allegations in this paragraph.

25. Defendant lacks knowledge or information sufficient to form a belief about the truth of allegations in this paragraph.

26. Defendant lacks knowledge or information sufficient to form a belief about the truth of allegations in this paragraph.

27. Defendant lacks knowledge or information sufficient to form a belief about the truth of allegations in this paragraph.

28. Defendant admits that SAF/PA did not receive this manuscript for prepublication review, but denies the remainder of allegations in this paragraph.

29. Denied.

30. Defendant lacks knowledge or information sufficient to form a belief about the truth of allegations in this paragraph.

31. Defendant lacks knowledge or information sufficient to form a belief about the truth of allegations in this paragraph.

32. Defendant admits that SAF/PA received the manuscript referred to by Plaintiff as "SAC in the UK" and that Oredugba corresponded with Plaintiff's attorney, Kel McClanahan, concerning the submission. Defendant denies the remainder of allegations in this paragraph.

33. Defendant lacks knowledge or information sufficient to form a belief about the truth of allegations in this paragraph.

34. Defendant admits that Oredugba's email contains the quoted text.

35. Defendant lacks knowledge or information sufficient to form a belief about the truth of allegations in this paragraph.

36. Denied.

37. Denied.

38. Defendant lacks knowledge or information sufficient to form a belief about the truth of allegations in this paragraph.

39. Denied.

40. Admitted.

41. Admitted.

42. Defendant admits the allegations contained in the first sentence of this paragraph. Defendant further admits that Oredugba's email contained the quoted text, that Oredugba communicated that she would not reconsider her determination that a referral to DOPSR was appropriate, and that she did not explicitly object to corresponding with Plaintiff's attorney. Defendant denies the remainder of allegations in this paragraph.

43. Admitted.

44. Defendant admits that Kelly McClanahan emailed a senior Department attorney on July 29, 2021 attempting to gain special treatment for his client outside of the normal prepublication review process.

45. Defendant admits the allegations contained in this paragraph except that it denies that the DoD attorney "stated that DOPSR would expedite the process."

46. Admitted.

47. Admitted.

48. Admitted.

49. Admitted.

50. Admitted.

51. Admitted.

52. Defendant denies the allegations in this paragraph except that it admits that it informed Plaintiff on March 4, 2022, "The material was assigned a clearance of WITHDRAWN on 04 Mar 2022."

53. Defendant admits that it admits that it administratively closed the prepublication review of "*Klaxon!*" after attempting for more than six months to communicate with its author and Plaintiff because counsel did not provide Plaintiff's contact information. Defendant denies the remainder of allegations in this paragraph.

54. Defendant admits that "[o]n 6 January 2022, Hopkins submitted, through undersigned counsel, a six-page blog article entitled "*Searching for Mobile ICBMs*" to SAF/PA for prepublication review." Defendant lacks knowledge or information sufficient to form a belief about the truth of whether the manuscript "*Searching for Mobile ICBMs*" was exclusively sourced from publicly released and declassified records.

55. Denied.

56. Admitted.

57. Admitted.

58. Defendant admits that prepublication review of "*Searching for Mobile ICBMs*" was administratively closed. Defendant denies the remainder of allegations in this paragraph.

59. Defendant admits that "[o]n 6 October 2021, Hopkins submitted, through [his attorney], the manuscript for his fifth book, *Crowded Skies: Cold War Reconnaissance Over the Baltic* ('*Crowded Skies*'), to DOPSR for prepublication review." Defendant lacks knowledge or information sufficient to form a belief about the truth of whether the manuscript "*Crowded Skies*" was exclusively sourced from publicly released and declassified records.

60. Defendant lacks knowledge or information sufficient to form a belief about the truth of allegations in this paragraph.

61. Defendant admits that Kelly McClanahan sent an email including the text, "[n]ormally these are submitted directly to the USAF, but since we already know that it contains US Navy equities, we are submitting it directly to DOPSR for coordination between the different offices." Defendant further admits that no cover letter was included with that email. Defendant lacks knowledge or information sufficient to form a belief about the remainder of allegations in this paragraph.

62. Admitted.

63. Admitted.

64. Admitted.

65. Admitted.

66. Admitted.

67. Admitted.

68. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

69. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

70. Defendant admits that Mr. Sturgis sent an email to Plaintiff's counsel on February 28, 2022 containing the language quoted in this paragraph.

71. Defendant admits that Mr. Sturgis sent an email to Plaintiff's counsel on February 28, 2022 containing the language quoted in this paragraph.

72. Defendant admits that Mr. Sturgis sent an email to Plaintiff's counsel on February 28, 2022 containing the language quoted in this paragraph.

73. This paragraph contains Plaintiff's characterization of the February 28, 2022 email from Mr. Sturgis to plaintiff's counsel, to which the Court is referred for a full and accurate statement of its contents. Defendant also avers that, as Mr. Sturgis stated, "DoD's relationship is with the author, not his legal representative. Failure of the author to correspond with the DoD evades the intent of the prepublication review process to not disclose non-public DoD information." Defendant denies all other allegations in this paragraph.

74. Defendant admits that an article entitled "Bring Back the Looking Glass? Do We Need 24/7 Airborne Command Posts?" was submitted to DOPSR by Kelly McClanahan on January 14, 2022. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remainder of allegations in this paragraph.

75. Defendant lacks knowledge or information sufficient to form a belief about the truth of allegations contained in this paragraph.

76. Admitted.

77. Defendant admits that an article entitled "Effectiveness of the Alert Force" was submitted to DOPSR by Kelly McClanahan on January 14, 2022.

Defendant lacks knowledge or information sufficient to form a belief about the truth of the remainder of allegations in this paragraph.

78. Defendant lacks knowledge or information sufficient to form a belief about the truth of allegations in this paragraph.

79. Admitted.

80. Defendant admits that an article entitled "Why 15 Minutes Is Irrelevant" was submitted to DOPSR by Kelly McClanahan on January 14, 2022. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remainder of allegations in this paragraph.

81. Defendant lacks knowledge or information sufficient to form a belief about the truth of allegations in this paragraph.

82. Admitted.

83. Defendant admits that an article entitled "DoD Prepublication Review: A Broken, Arbitrary System Predisposed to Rejection" was submitted to DOPSR by Kelly McClanahan on January 14, 2022. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remainder of allegations in this paragraph.

84. Admitted.

85. Defendant lacks knowledge or information sufficient to form a belief about the truth of allegations in this paragraph.

86. Admitted.

87. Admitted.

88. Admitted.

89. Denied.

90. Admitted, as qualified below.

91. Defendant admits that DOPSR completed its processing of the text of the *Klaxon!* manuscript. The remainder of the paragraph contains Plaintiff's characterization of the manuscript as processed by DOPSR, to which the Court is referred for a full and accurate statement of its contents.

92. Defendant admits that Kelly McClanahan submitted photographs and captions for the *Klaxon!* manuscript to Defendant's counsel, for review by DOPSR.

93. Defendant admits that Plaintiff submitted to DOPSR for prepublication review a document discussing the material redacted from the *Klaxon!* manuscript. The Court is referred to the July 21, 2023 letter for a full and accurate statement of its contents.

94. Defendant admits that DOPSR completed its processing of the photographs and captions for the *Klaxon!* manuscript. The remainder of the paragraph contains Plaintiff's characterization of the photographs and captions as processed by DOPSR, to which the Court is referred for a full and accurate statement of its contents.

95. Defendant admits that DOPSR reprocessed the *Klaxon!* manuscript and lifted certain redactions. The remainder of the paragraph contains Plaintiff's characterization of the manuscript as reprocessed by DOPSR, to which the Court is referred for a full and accurate statement of its contents.

96. Defendant admits that DOPSR reprocessed the *Klaxon!* manuscript and lifted certain redactions. The remainder of the paragraph contains Plaintiff's characterization of the manuscript as reprocessed by DOPSR, to which the Court is referred for a full and accurate statement of its contents.

97. Defendant admits that DOPSR completed its processing of the text of the *Searching for Mobile ICBMs* manuscript. The remainder of the paragraph contains Plaintiff's characterization of the manuscript as processed by DOPSR, to which the Court is referred for a full and accurate statement of its contents.

98. Defendant admits that DOPSR reprocessed the *Searching for Mobile ICBMs* manuscript and lifted certain redactions. The remainder of the paragraph contains Plaintiff's characterization of the manuscript as reprocessed by DOPSR, to which the Court is referred for a full and accurate statement of its contents.

99. Defendant admits that Kelly McClanahan submitted photographs and captions for the *Crowded Skies* manuscript to Defendant's counsel, for review by DOPSR.

100. Defendant admits that DOPSR completed its processing of the text of the *Crowded Skies* manuscript. The remainder of the paragraph contains Plaintiff's characterization of the manuscript as processed by DOPSR, to which the Court is referred for a full and accurate statement of its contents.

101. Defendant admits that Kelly McClanahan submitted a document disputing certain redactions from the *Crowded Skies* manuscript. The remainder of the paragraph contains Plaintiff's characterization of that document, to which the Court is referred for a full and accurate statement of its contents.

102. Defendant admits that DOPSR did not lift any redactions in response to the document discussed in the paragraph above. Defendant admits that DOPSR cleared the photographs and captions for the *Crowded Skies* manuscript for publication.

103. Defendant admits that Plaintiff submitted to DOPSR for prepublication review a document discussing material redacted from the *Crowded Skies* manuscript.

104. Defendant admits that DOPSR subsequently reopened its review of the *Crowded Skies* manuscript.

105. Defendant admits that DOPSR then completed its reprocessing of the *Crowded Skies* manuscript. The remainder of the paragraph contains Plaintiff's characterization of the manuscript as reprocessed by DOPSR, to which the Court is referred for a full and accurate statement of its contents.

106. Defendant admits that DOPSR completed its processing of the *Bring Back the Looking Glass?* manuscript. The remainder of the paragraph contains Plaintiff's characterization of the manuscript as processed by DOPSR, to which the Court is referred for a full and accurate statement of its contents.

107. Defendant admits that DOPSR reprocessed the *Bring Back the Looking Glass?* manuscript and lifted certain redactions. The remainder of the paragraph contains Plaintiff's characterization of the manuscript as reprocessed by DOPSR, to which the Court is referred for a full and accurate statement of its contents.

108. Defendant admits that DOPSR completed its processing of the *Effectiveness of the Alert Force* manuscript. The remainder of the paragraph contains Plaintiff's characterization of the manuscript as processed by DOPSR, to which the Court is referred for a full and accurate statement of its contents.

109. Defendant admits that DOPSR reprocessed the *Effectiveness of the Alert Force* manuscript and lifted certain redactions. The remainder of the paragraph contains Plaintiff's characterization of the manuscript as reprocessed by DOPSR, to which the Court is referred for a full and accurate statement of its contents.

110. Defendant admits that DOPSR completed its processing of the *Why 15 Minutes Is Irrelevant* manuscript. The remainder of the paragraph contains Plaintiff's characterization of the manuscript as processed by DOPSR, to which the Court is referred for a full and accurate statement of its contents.

111. Defendant admits that DOPSR reprocessed the *Why 15 Minutes Is Irrelevant* manuscript and lifted certain redactions. The remainder of the paragraph contains Plaintiff's characterization of the manuscript as reprocessed by DOPSR, to which the Court is referred for a full and accurate statement of its contents.

112. Defendant admits that DOPSR completed its processing of the *DoD Prepublication Review* manuscript and cleared the manuscript for publication.

113. This paragraph does not contain any relevant allegations. To the extent that Plaintiff intends to incorporate by reference the allegations in paragraphs 93 and 103 of the Amended Complaint, Defendant incorporates by reference its responses to those paragraphs as if fully set forth herein.

114. This paragraph contains Plaintiff's characterization of a document submitted to DOPSR, to which the Court is referred for a full and accurate statement of its contents.

115. This paragraph contains Plaintiff's characterization of a document submitted to DOPSR, to which the Court is referred for a full and accurate statement of its contents.

116. This paragraph contains Plaintiff's characterization of a document submitted to DOPSR, to which the Court is referred for a full and accurate statement of its contents.

117. This paragraph contains Plaintiff's characterization of a document submitted to DOPSR, to which the Court is referred for a full and accurate statement of its contents.

118. This paragraph contains Plaintiff's characterization of a document submitted to DOPSR, to which the Court is referred for a full and accurate statement of its contents.

119. Defendant admits that DOPSR did not clear the document discussed in this paragraph for release to Kelly McClanahan.

120. Defendant incorporates by reference its response to the foregoing paragraphs as if fully set forth herein.

121. Denied.

122. Admitted.

123. Defendant denies the allegations in the first sentence of this paragraph. The remainder of the allegations consist of legal conclusions to which no response is required, but to the extent a response is deemed necessary, denied.

124. Defendant admits that DOPSR terminated review of the manuscript referred to by Plaintiff as "Klaxon!" Defendant denies the remainder of allegations in this paragraph.

125. The Department of Defense admits that AFMAN 35-101 states that SAF/PA must "[u]se all reasonable measures to expedite staffing at all levels to make

sure publication deadlines, speaking dates, and other valid deadlines are met." The Department of Defense also admits that an email written by Paul Jacobsmeyer dated October 18, 2021 stated that "DOPSR does not work with, or accommodate, publishers' timelines." The remainder of the allegations consist of a legal conclusion to which no response is required, but to the extent a response is deemed necessary, denied.

126. This paragraph consists of a legal conclusion to which no response is required, but to the extent a response is deemed necessary, denied.

127. This paragraph consists of a legal conclusion to which no response is required, but to the extent a response is deemed necessary, denied.

128. This paragraph consists of a legal conclusion to which no response is required, but to the extent a response is deemed necessary, denied.

129. Defendant incorporates by reference its response to the foregoing paragraphs as if fully set forth herein.

130. Denied.

131. Defendant denies that prepublication review of the draft article Plaintiff refers to as "Searching for Mobile ICBMs" did not require coordination with other DoD components. Defendant further denies that "Searching for Mobile ICBMs" did not meet any of the criteria set forth in Enclosure 3 of DoDI 5230.09. The remainder

of this paragraph consists of legal conclusions to which no response is required, but to the extent a response is deemed necessary, denied.

132. Defendant admits that DOPSR terminated review of the draft article referred to by Plaintiff as "Searching for Mobile ICBMs." Defendant denies the remainder of allegations in this paragraph.

133. This paragraph consists of a legal conclusion to which no response is required, but to the extent a response is deemed necessary, denied.

134. This paragraph consists of a legal conclusion to which no response is required, but to the extent a response is deemed necessary, denied.

135. Denied.

136. This paragraph consists of a legal conclusion to which no response is required, but to the extent a response is deemed necessary, denied.

137. This paragraph consists of a legal conclusion to which no response is required, but to the extent a response is deemed necessary, denied.

138. Defendant incorporates by reference its response to the foregoing paragraphs as if fully set forth herein.

139. Defendant admits that SAF/PA advised Plaintiff's attorney to submit all future manuscripts to DOPSR directly. Defendant denies the remainder of allegations contained in this paragraph.

140. Denied.

141. Denied.

142. This paragraph consists of a legal conclusion to which no response is required, but to the extent a response is deemed necessary, denied.

143. This paragraph consists of a legal conclusion to which no response is required, but to the extent a response is deemed necessary, denied.

144. This paragraph consists of a legal conclusion to which no response is required, but to the extent a response is deemed necessary, denied.

145. Defendant admits that Plaintiff has submitted manuscripts directly to DOPSR since he filed his initial complaint. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation that Plaintiff has specific plans to continue to do so. Defendant denies the remainder of the allegations in this paragraph.

146. This paragraph consists of a legal conclusion to which no response is required, but to the extent a response is deemed necessary, denied.

147. Defendant incorporates by reference its response to the foregoing paragraphs as if fully set forth herein.

148. Denied.

149. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

150. This paragraph consists of a legal conclusion to which no response is required, but to the extent a response is deemed necessary, denied.

151. This paragraph consists of a legal conclusion to which no response is required, but to the extent a response is deemed necessary, denied.

152. This paragraph consists of a legal conclusion to which no response is required, but to the extent a response is deemed necessary, denied.

153. This paragraph consists of a legal conclusion to which no response is required, but to the extent a response is deemed necessary, denied.

154. This paragraph consists of a legal conclusion to which no response is required, but to the extent a response is deemed necessary, denied.

155. This paragraph consists of a legal conclusion to which no response is required, but to the extent a response is deemed necessary, denied.

156. Denied.

157. This paragraph consists of a legal conclusion to which no response is required, but to the extent a response is deemed necessary, denied.

158. This paragraph consists of a legal conclusion to which no response is required, but to the extent a response is deemed necessary, denied.

159. This paragraph consists of a legal conclusion to which no response is required, but to the extent a response is deemed necessary, denied.

160. Defendant incorporates by reference its response to the foregoing paragraphs as if fully set forth herein.

161. Denied.

162. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

163. This paragraph consists of a legal conclusion to which no response is required, but to the extent a response is deemed necessary, denied.

164. This paragraph consists of a legal conclusion to which no response is required, but to the extent a response is deemed necessary, denied.

165. This paragraph consists of a legal conclusion to which no response is required, but to the extent a response is deemed necessary, denied.

166. This paragraph consists of a legal conclusion to which no response is required, but to the extent a response is deemed necessary, denied.

167. This paragraph consists of a legal conclusion to which no response is required, but to the extent a response is deemed necessary, denied.

168. This paragraph consists of a legal conclusion to which no response is required, but to the extent a response is deemed necessary, denied.

169. Denied.

170. This paragraph consists of a legal conclusion to which no response is required, but to the extent a response is deemed necessary, denied.

171. This paragraph consists of a legal conclusion to which no response is required, but to the extent a response is deemed necessary, denied.

172. This paragraph consists of a legal conclusion to which no response is required, but to the extent a response is deemed necessary, denied.

173. Defendant incorporates by reference its response to the foregoing paragraphs as if fully set forth herein.

174. Denied.

175. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

176. This paragraph consists of a legal conclusion to which no response is required, but to the extent a response is deemed necessary, denied.

177. This paragraph consists of a legal conclusion to which no response is required, but to the extent a response is deemed necessary, denied.

178. This paragraph consists of a legal conclusion to which no response is required, but to the extent a response is deemed necessary, denied.

179. This paragraph consists of a legal conclusion to which no response is required, but to the extent a response is deemed necessary, denied.

180. This paragraph consists of a legal conclusion to which no response is required, but to the extent a response is deemed necessary, denied.

181. This paragraph consists of a legal conclusion to which no response is required, but to the extent a response is deemed necessary, denied.

182. Denied.

183. This paragraph consists of a legal conclusion to which no response is required, but to the extent a response is deemed necessary, denied.

184. This paragraph consists of a legal conclusion to which no response is required, but to the extent a response is deemed necessary, denied.

185. This paragraph consists of a legal conclusion to which no response is required, but to the extent a response is deemed necessary, denied.

186. Defendant incorporates by reference its response to the foregoing paragraphs as if fully set forth herein.

187. Denied.

188. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

189. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

190. This paragraph consists of a legal conclusion to which no response is required, but to the extent a response is deemed necessary, denied.

191. This paragraph consists of a legal conclusion to which no response is required, but to the extent a response is deemed necessary, denied.

192. This paragraph consists of a legal conclusion to which no response is required, but to the extent a response is deemed necessary, denied.

193. This paragraph consists of a legal conclusion to which no response is required, but to the extent a response is deemed necessary, denied.

194. This paragraph consists of a legal conclusion to which no response is required, but to the extent a response is deemed necessary, denied.

195. Denied.

196. This paragraph consists of a legal conclusion to which no response is required, but to the extent a response is deemed necessary, denied.

197. This paragraph consists of a legal conclusion to which no response is required, but to the extent a response is deemed necessary, denied.

198. This paragraph consists of a legal conclusion to which no response is required, but to the extent a response is deemed necessary, denied.

199. This paragraph does not contain any allegations.

200. Defendant incorporates by reference its response to the foregoing paragraphs as if fully set forth herein.

201. Denied.

202. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

203. This paragraph consists of a legal conclusion to which no response is required, but to the extent a response is deemed necessary, denied.

204. This paragraph consists of a legal conclusion to which no response is required, but to the extent a response is deemed necessary, denied.

205. This paragraph consists of a legal conclusion to which no response is required, but to the extent a response is deemed necessary, denied.

206. This paragraph consists of a legal conclusion to which no response is required, but to the extent a response is deemed necessary, denied.

207. This paragraph consists of a legal conclusion to which no response is required, but to the extent a response is deemed necessary, denied.

208. This paragraph consists of a legal conclusion to which no response is required, but to the extent a response is deemed necessary, denied.

209. Denied.

210. This paragraph consists of a legal conclusion to which no response is required, but to the extent a response is deemed necessary, denied.

211. This paragraph consists of a legal conclusion to which no response is required, but to the extent a response is deemed necessary, denied.

212. This paragraph consists of a legal conclusion to which no response is required, but to the extent a response is deemed necessary, denied.

213. Defendant incorporates by reference its response to the foregoing paragraphs as if fully set forth herein.

214. Denied.

215. Admitted.

216. This paragraph consists of a legal conclusion to which no response is required, but to the extent a response is deemed necessary, denied.

217. This paragraph consists of a legal conclusion to which no response is required, but to the extent a response is deemed necessary, denied.

218. This paragraph consists of a legal conclusion to which no response is required, but to the extent a response is deemed necessary, denied.

219. This paragraph consists of a legal conclusion to which no response is required, but to the extent a response is deemed necessary, denied.

220. This paragraph consists of a legal conclusion to which no response is required, but to the extent a response is deemed necessary, denied.

221. This paragraph consists of a legal conclusion to which no response is required, but to the extent a response is deemed necessary, denied.

222. Denied.

223. This paragraph consists of a legal conclusion to which no response is required, but to the extent a response is deemed necessary, denied.

224. This paragraph consists of a legal conclusion to which no response is required, but to the extent a response is deemed necessary, denied.

225. Defendant incorporates by reference its response to the foregoing paragraphs as if fully set forth herein.

226. Denied.

227. This paragraph consists of a legal conclusion to which no response is required, but to the extent a response is deemed necessary, denied.

228. This paragraph consists of a legal conclusion to which no response is required, but to the extent a response is deemed necessary, denied.

229. This paragraph consists of a legal conclusion to which no response is required, but to the extent a response is deemed necessary, denied.

230. This paragraph consists of a legal conclusion to which no response is required, but to the extent a response is deemed necessary, denied.

231. This paragraph consists of a legal conclusion to which no response is required, but to the extent a response is deemed necessary, denied.

232. This paragraph consists of a legal conclusion to which no response is required, but to the extent a response is deemed necessary, denied.

233. This paragraph consists of a legal conclusion to which no response is required, but to the extent a response is deemed necessary, denied.

234. This paragraph consists of a legal conclusion to which no response is required, but to the extent a response is deemed necessary, denied.

235. Defendant admits that Plaintiff has submitted manuscripts directly to DOPSR since he filed his initial complaint. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation that Plaintiff has specific plans to continue to do so. Defendant denies the remainder of the allegations in this paragraph.

236. This paragraph consists of a legal conclusion to which no response is required, but to the extent a response is deemed necessary, denied.

The remaining subparagraphs, numbered (1) through (9), constitute a prayer for relief to which no answer is required. To the extent a response is deemed necessary, Defendant denies that Plaintiff is entitled to the relief request or to any relief whatsoever.

Defendant hereby deny all allegations in Plaintiff's Amended Complaint not expressly admitted or denied.

**DEFENSE**

1. Plaintiff fails to state a claim upon which relief may be granted.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ELIZABETH J. SHAPIRO
Deputy Director
Federal Programs Branch

*/s/ James Bickford*
JAMES BICKFORD
Trial Attorney (N.Y. Bar No. 5163498)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20530
James.Bickford@usdoj.gov
Telephone: (202) 305-7632
Facsimile: (202) 616-8470

*Counsel for Defendant*

Date: October 29, 2026