**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| ROBERT HOPKINS, III,<br>*Plaintiff*,<br>v.<br>DEPARTMENT OF DEFENSE,<br>*Defendant*. | No. 3:22-CV-00706-O |

**JOINT STATUS REPORT**

The parties respectfully submit this joint status report in accordance with the Court's order of November 2, 2026. ECF No. 105.

Because Plaintiff Robert Hopkins, III, held a security clearance when he served in the United States Air Force, he signed a non-disclosure agreement requiring him to submit certain manuscripts for prepublication review. His amended complaint discusses seven manuscripts, five of which Defendant has determined cannot be published in unredacted form. Plaintiff challenges that determination as to each of the five manuscripts, and also raises procedural challenges to the

prepublication review process. To resolve Plaintiff's claims will therefore require the Court to review information that Defendant contends is properly classified.[1]

Before the parties begin briefing on the merits of Plaintiff's claims, they intend to file procedural cross-motions. Earlier in this litigation, after Defendant filed its dispositive motion and lodged a classified appendix, ECF No. 32, Plaintiff moved to unseal certain portions of that appendix, ECF No. 38, and then moved to have his counsel granted access to certain documents, ECF No. 42. Those motions were denied as moot when the Court granted Plaintiff leave to amend his complaint. ECF No. 100. The parties now agree that it would be most efficient to resolve their procedural disputes in advance of merits briefing.

Under the parties' jointly proposed schedule, Plaintiff will therefore file a motion to have his counsel granted access to certain documents, which Defendant will oppose. At the same time, Defendant will seek leave to make an *ex parte* submission of an appendix containing the manuscripts at issue, as well as declarations and briefing explaining Defendant's determination that those manuscripts cannot be published in unredacted form. Plaintiff will partially oppose that motion and will file a brief explaining the opposition.

[1] To be clear, Plaintiff intends to challenge Defendant's classification determinations, and also to argue that Defendant has prohibited the publication of some information that Defendant does not even contend is properly classified.

The parties have agreed on a schedule for these procedural motions. Each party would file its procedural motion on November 20, its opposition to the other party's motion on December 4, and its reply on December 11. A proposed order to establish that schedule is attached.

As to merits briefing, the parties agree that it should proceed on a four-brief schedule after the procedural motions have been decided, with Defendant's dispositive motion followed by Plaintiff's combined cross-motion and opposition, and Defendant's combined opposition and reply followed by Plaintiff's reply. The parties do not agree on other aspects of the schedule for merits briefing, and therefore submit the following separate statements.

**Plaintiff's Statement**

As the Court is aware, this case has been approved for expedited resolution, in recognition of the long delays the parties faced previously and the statements of Plaintiff's co-authors that they intend to proceed to publication without him in a few months' time. ECF No. 97. Accordingly, Plaintiff asks the Court to go ahead and set a merits briefing schedule to begin on December 28 and follow the standard time for oppositions and replies. This will not cause any prejudice to Defendant because, as noted above, Plaintiff will only object *in part* to its motion for leave to file documents *ex parte* and *in camera*. Specifically, Plaintiff will not oppose the *ex parte* filing of *currently and properly classified information*; he will only argue that

the Court prohibit Defendant from filing any *unclassified* information *ex parte*. Plaintiff's previous objection was because he alleged that Defendant had filed unclassified information *ex parte*, and he will not change his position at this late stage of the litigation.[2]

For this reason, Defendant should have little trouble completing its dispositive motion by the end of December, since it will face no opposition to the filing of classified declarations. Moreover, since it has already written its motion and supporting declarations once before, it will not be creating the arguments from whole cloth. If the Court does decide to deny Defendant's motion for leave to file *ex parte* materials, Defendant can always request an extension at that time. However, the chance of the Court denying a mostly-unopposed motion is not a compelling reason to not even establish a schedule.[3]

Additionally, Plaintiff has submitted an additional rebuttal document to Defendant (without his counsel's assistance, due to Defendant's rules on such matters) in support of his petition for publication approval. In the previous briefing,

---

[2] Plaintiff will also insist that sanitized versions of any *ex parte* declarations—with only currently and properly classified information redacted—must be filed on the public record. However, he does not anticipate that Defendant will object to the filing of sanitized declarations; the expected argument will solely be over the requirement that only classified information may be redacted.

[3] Plaintiff recognizes that his proposal requires this Court to adjudicate the parties' competing procedural motions in approximately one week's time, and he apologizes for the sense of urgency. He does still make the request though, for the reasons set forth in his motion to expedite.

Defendant did not reach a final determination on publication until the middle of the summary judgment briefing (and in fact purported to reach a final determination before filing its motion, before then changing its position). This contributed significantly to the disjointed nature of that briefing. To avoid a recurrence of this issue, Plaintiff respectfully asks the Court to order Defendant to issue a final determination—regarding whether or not to reconsider its censorship decisions—by December 1, so that he may adjust his procedural briefing accordingly.[4]

**Defendant's Statement**

Defendant believes that, before establishing a schedule for merits briefing, the Court should rule on the parties' forthcoming procedural motions. Defendant suggests that the Court order the parties to meet and confer and submit a proposed schedule for merits briefing seven days after the Court issues its ruling on the forthcoming procedural motions.

Plaintiff, in turn, asks the Court to order Defendant to file its summary judgment motion on December 28, ten business days after the parties complete briefing on their procedural motions, whether or not the Court has ruled on those motions. Plaintiff presumes that the Court will "adjudicate the parties' competing procedural motions in approximately one week's time," *supra* at 4 n.3, and suggests

[4] Additionally, since this second rebuttal document will be the subject of Plaintiff's procedural motion, Plaintiff maintains that he has a right to have Defendant conclude whether it contains classified information before he must file his reply brief arguing that it is not.

that Defendant can safely prepare its summary judgment motion ahead of time because Plaintiff "will not oppose the *ex parte* filing of *currently and properly classified information*." *Id.* at 3.

Defendant respectfully expects that the parties will disagree over whether certain information is currently and properly classified, and may therefore be submitted *ex parte*, as they have repeatedly done in this litigation. Having the Court resolve the parties' procedural disagreements before merits briefing should ensure that the remainder of this litigation can proceed without the interruptions and false starts that have previously plagued it. The best way to achieve that goal is for the Court to resolve the procedural issues first, and then establish a schedule for merits briefing.

If, however, the Court prefers to establish a schedule for merits briefing now, Defendant respectfully requests a deadline for its dispositive motion that is no less than two months from the date of the Court's ruling on the forthcoming procedural motions, and a deadline for its combined opposition and reply that is no less than six weeks from the deadline for Plaintiff's combined cross-motion and opposition. Defendant's briefs and declarations will need to be carefully reviewed to ensure that no classified information is accidentally disclosed to the public, and this schedule would provide the minimum time required to prepare the filings and conduct that review. In any event, the Court should not require a complex filing with a classified

component on December 28, the first business day after Christmas, when many government personnel are likely to be out of the office.

In the last paragraph of his separate statement, Plaintiff discusses a document that he submitted to the Defense Office of Prepublication and Security Review two weeks ago, on November 2. In that document, Plaintiff apparently sought reconsideration of some aspects of the prepublication review decisions that he challenges here, which were made more than three years ago. Although Plaintiff has not alleged an unreasonable delay in the consideration of his recent submission—and with good reason—he nonetheless asks the Court to order Defendant to issue a reconsideration decision less than a month after receiving that submission, on the basis of four sentences that Plaintiffs offers in a joint status report. If Plaintiff wishes to seek relief on this issue, he should raise it properly in his forthcoming procedural motion, which Defendant will oppose.

Respectfully submitted,

JONATHAN D. GUYNN
Acting Assistant Attorney General
Civil Division

ELIZABETH J. SHAPIRO
Deputy Director
Federal Programs Branch

*/s/ James Bickford*
JAMES BICKFORD
Trial Attorney (N.Y. Bar No. 5163498)

United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20530
James.Bickford@usdoj.gov
Telephone: (202) 305-7632
Facsimile: (202) 616-8470

*Counsel for Defendant*

and

s/Kelly B. McClanahan___

KELLY B. MCCLANAHAN
D.C. Bar No. 984704
National Security Counselors
1451 Rockville Pike
Suite 250
Rockville, MD 20852
Tel.: (501) 301-4672
Fax: 240-681-2189
E-mail: kel@nationalsecuritylaw.org

*Attorney for Plaintiff*

Date: November 16, 2026