**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| ROBERT HOPKINS, III,<br><br>*Plaintiff*,<br><br>v.<br><br>DEPARTMENT OF DEFENSE,<br><br>*Defendant*. | No. 3:22-CV-00706-O |

**DEFENDANT'S MOTION FOR**
**LEAVE TO MAKE *EX PARTE* SUBMISSIONS**

## INTRODUCTION

Because Plaintiff Robert Hopkins, III, held a security clearance when he served in the United States Air Force, he signed a non-disclosure agreement requiring him to submit certain manuscripts for prepublication review. Am. Compl. ¶¶ 6, 25. His amended complaint discusses seven manuscripts, five of which Defendant has determined contain classified information. *Id.* ¶¶ 91–112. Plaintiff challenges that classification determination as to each of the five manuscripts. To resolve Plaintiff's claims will therefore require the Court to review classified information *in camera*.

## ARGUMENT

Defendant respectfully requests leave to make *ex parte* submissions of classified material for the Court's *in camera* review, in support of Defendant's forthcoming motion for summary judgment.

The authority to protect classified information from unauthorized persons "falls on the President as head of the Executive Branch and as Commander in Chief." *Dep't of the Navy v. Egan*, 484 U.S. 518, 527 (1988). Courts have "emphasized the primacy of the Executive in controlling and exercising responsibility over access to classified information, and the Executive's compelling interest in withholding national security information from unauthorized persons." *Holy Land Foundation v. Ashcroft*, 333 F.3d 156, 164 (D.C. Cir. 2003) (quotation marks omitted). Under

Executive Order 13,526, classified information may not be disclosed except to individuals who have been cleared for access to the information by the head of a federal agency or his designee; who have signed a nondisclosure agreement; and who have a need to know the information.

Critically, the granting of a security clearance, by itself, is not sufficient to permit a person (such as cleared counsel) to obtain access to classified information. Rather, even if a person is found to be suitable to receive access to classified information after an investigation of their background and is granted a security clearance, the agency that originates the information at issue must make a separate "need-to-know" determination that actually grants access to classified information. Executive Order 13,526 defines a "need to know" as "a determination within the executive branch . . . that a prospective recipient requires access to specific classified information in order to perform or assist in a lawful and authorized governmental function." Exec. Order No. 13,526, § 6.1(dd), 75 Fed. Reg. at 729.

The government's interests in national security would be harmed by the compelled disclosure of classified information to private counsel, even if counsel held a security clearance at the requisite level. Courts have therefore rejected the argument "that any concerns about disclosure" are "dissolved by defense counsel's security clearances . . . as if disclosing state secrets to cleared lawyers could not harm

national security. Not true." *United States v. Daoud*, 755 F.3d 479, 484 (7th Cir. 2014).

For that reason, courts regularly review classified information *in camera* and *ex parte*, without providing opposing counsel access to the information or requiring the government to provide unclassified summaries of the classified information. Federal courts have "inherent authority to review classified material *ex parte*, *in camera* as part of [their] judicial review function." *Olivares v. TSA*, 819 F.3d 454, 462 (D.C. Cir. 2016) (quoting *Jifry v. FAA*, 370 F.3d 1174, 1182 (D.C. Cir. 2004)).

The standard procedure for judicial review of classification decisions, which was set out in *Stillman v. CIA*, 319 F.3d 546 (D.C. Cir. 2003), reflects that authority. *Stillman* instructed "the district court to determine first whether it can resolve the classification [challenge] ex parte." *Id.* at 548. Under *Stillman*, a "district court should first inspect the manuscript and consider any pleadings and declarations filed by the Government, as well as any materials filed by [the plaintiff]," without granting Plaintiff's counsel "access to the manuscript" or "the Government's classified pleadings and affidavits." *Id.* at 548–49; *accord Beck v. NSA*, 2023 WL 7117112, at *4–5, *7–9 (D. Md. Oct. 16, 2023); *see also Twitter, Inc. v. Holder*, 183 F. Supp. 3d 1007, 1014 (N.D. Cal. 2016) (citing *Stillman* for "procedures for challenge to classification decision"). *Stillman* then instructed that a district court should:

> . . . determine whether it can, consistent with the protection of [plaintiff's] first amendment rights to speak and to publish, and with

> the appropriate degree of deference owed to the Executive Branch concerning classification decisions, resolve the classification issue without the assistance of plaintiff's counsel. If not, then the court should consider whether its need for such assistance outweighs the concomitant intrusion upon the Government's interest in national security. Only then should it decide whether to enter an order granting [plaintiff's counsel] access to the manuscript and, if similarly necessary, to the Government's classified pleadings and affidavits. If the court enters such an order, then the Government may appeal . . . .

319 F.3d at 549.

The Court has previously followed the *Stillman* procedure in this case, directing Defendant to "file its motion for summary judgment with an accompanying *ex parte*, *in camera* affidavit." ECF No. 24 at 2. Defendant complied with that order, filing its summary judgment brief on the public docket, along with an unclassified appendix containing two redacted declarations. ECF No. 32. Defendant also lodged a classified appendix containing unredacted copies of those declarations and a third, fully-classified declaration, as well as copies of the manuscripts in question with transparent redactions. *Id.* On reply, Defendant filed a public brief and lodged another classified appendix, containing a classified brief, another classified declaration, and a document related to one of the classified manuscripts. ECF Nos. 86 & 89.

Those summary judgment filings are now moot, *see* ECF No. 100, and the parties will therefore need to submit renewed cross-motions to resolve this dispute. Defendant respectfully requests leave to make *ex parte* submissions for the Court's

*in camera* review, in support of Defendant's motion for summary judgment on the classification challenges and in accordance with the *Stillman* procedure, as Defendant has previously done in this case.

Because an order to disclose classified information would be appealable, *see Stillman*, 319 F.3d at 549, Defendant also respectfully requests that any order to disclose classified information to Plaintiff's counsel—whether as a condition of relying on it in summary judgment briefing, or otherwise—afford at least 21 days for compliance, to allow the Solicitor General to consider whether to authorize an appeal from any such order and for counsel to seek a stay pending appeal.

A proposed order is attached. Defendant understands that Plaintiff partially opposes this motion, and will explain the extent of his opposition in his forthcoming response.

Respectfully submitted,

JONATHAN D. GUYNN
Acting Assistant Attorney General
Civil Division

ELIZABETH J. SHAPIRO
Deputy Director
Federal Programs Branch

*/s/ James Bickford*
JAMES BICKFORD
Trial Attorney (N.Y. Bar No. 5163498)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW

Washington, DC 20530
James.Bickford@usdoj.gov
Telephone: (202) 305-7632
Facsimile: (202) 616-8470

*Counsel for Defendant*

Date: November 24, 2026