EXHIBIT
4

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 81-2233

01cv1342

FILED
OCT 19 2001
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

RALPH W. MC GEHEE, et al.,

Plaintiffs-Appellants,

v.

WILLIAM CASEY,

Defendant-Appellee.

ON APPEAL FROM THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF COLUMBIA

# BRIEF FOR APPELLANTS

Mark H. Lynch
Susan W. Shaffer

American Civil Liberties Union
Foundation
122 Maryland Avenue, N.E.
Washington, D.C. 20002
(202) 544-5388

Thomas R. Kline
Wilma A. Lewis

1250 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 862-2000

Attorneys for Appellants

(1) Place a person's life in jeopardy.
(2) Adversely affect the public health and safety.
(3) Impede legitimate law enforcement functions.
(4) Impede the investigative or oversight functions of Congress.
(5) Obstruct the fair administration of justice.
(6) Deprive the public of information indispensable to public decisions on issues of critical national importance (effective for declassification reviews conducted on or after 1 February 1980).

45 Fed. Reg. 64174-64175 (Sept. 29, 1980).

C. Proceedings in the District Court.

McGehee and *The Nation* filed their complaint on March 27, 1981, seeking an order that would permit them to publish the censored portions of McGehee's article. In response to plaintiffs' motion for expedited proceedings (Record Entry 3, hereinafter "R.E.___"), the district court ordered the CIA to file a motion for summary judgment by April 8, 1981. This motion (R.E.5) was supported by an *in camera* affidavit executed by a CIA official who explained why he had determined that the censored information was properly classified pursuant to Executive Order 12065.*/

Under a protective order to which the parties stipulated (J.A. 20-22), McGehee and one of his attorneys were permitted access to this affidavit in order that McGehee could prepare an *in camera* counter-affidavit which takes issue with the factual assertions in the CIA affidavit. Relying on McGehee's affidavit

*/The official, whose identity is classified, is the Chief of the Information Management Staff of the Directorate of Operations at the CIA. (J.A. 23.)

and other supporting materials, plaintiffs opposed the CIA's motion for summary judgment and filed their own cross-motion for summary judgment. (R.E. 4.) The CIA official prepared a second *in camera* affidavit replying to McGehee's first affidavit, and McGehee then filed a second *in camera* affidavit. The case was fully submitted to the district judge by April 24, 1981.*/

The CIA contends that the deleted portions of the article are properly classified because their publication would reveal CIA foreign intelligence operations, foreign intelligence sources, an intelligence method, and CIA intelligence capabilities. (J.A. 24, ¶ 5.) The CIA further contends that such disclosure would impair foreign intelligence sources, methods, and operations and would adversely affect the foreign relations of the United States. (*Id.*, ¶ 6.)

McGehee agrees that he is duty and honor bound not to reveal genuinely secret intelligence sources and methods. (Second *In Camera* Affidavit, ¶ 41.) However, in his *in camera* affidavits, he demonstrates that as a textual matter his article does not disclose intelligence sources, methods, and operations or information that would adversely affect foreign relations to any greater extent than information which the CIA has approved for publication. Therefore McGehee contends that

*/All of the *in camera* affidavits are stored at the Department of Justice and were made available to the district judge upon request. The *in camera* affidavits are similarly available to this court.